IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVIA NANTONGO on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>NATIONWIDE MORTGAGE BANKERS INC<br><br>          Defendant. | Case No. 22-cv-04974<br><br>COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Olivia Nantongo ("Plaintiff" or "Nantongo"), on behalf of herself and all others similarly situated, by and through her attorney Fred Charles, Esq, brings this action for damages, other legal and equitable relief against Nationwide Mortgage Bankers Inc ("Defendant" or "Nationwide") for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq.; for violations of the New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); and any other cause(s) of action that can be inferred from the facts set forth herein.

<u>NATURE OF ACTION</u>

1.      Plaintiff contends that Defendant violated the FLSA by knowingly requiring, suffering, or permitting Plaintiff to be misclassified as independent contractor and theft of wages.

2.      As described below, Defendant has engaged in, and continues to engage in, illegal wage and employment practices that deprived Plaintiff, and all others similarly situated, of wages, compensation, and benefits. These practices include: (a) failing to pay

any compensation to employees recruited to market their mortgage products; (b) failing to pay minimum wages under federal, state, and local laws to employees recruited to market Defendant's mortgage products to the general public; (c) mis-categorizing employees as independent contractors; and (d) failing to provide to employees' wage statements and notices required by state and local laws. For these reasons, Plaintiff brings this action on behalf of herself and all other similarly situated employees against Defendant for recovery of unpaid wages, compensation, benefits, damages, injunctive and other equitable relief, reasonable attorneys' fees, and costs under the Fair Labor Standards Act (the "FLSA") Section 201 et seq., and under New York Labor Law (the "NYLL") Sections 190 et seq., Sections 650 et seq., and 12 NYCRR 142-2.2.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers federal question jurisdiction upon this Court for actions that arise under federal statute.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers diversity jurisdiction upon this Court for actions where the amount in controversy exceeds the sum value of $75,000, and it is between citizens of different states.

5.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and (c), given Defendant maintains facilities, conduct business, and reside in this district.

## THE PARTIES

6.      Plaintiff is a resident of the State of New York in the County of Kings.

7.      Nationwide is a company that provides financing options for customers buying homes, investment properties or refinancing current mortgages.

8.     Defendant is headquartered at 68 S Service Rd Suite #400, Melville, NY 11747 and operates many local offices across the country with an estimated 514 employees led by Chief Executive Officer Richard Steinberg ("CEO Steinberg").

9.     At all relevant times, Plaintiff was a non-exempt employee of Nationwide and worked in Nationwide's local office ("Queens Office") located 106-06 Jamaica Ave, Jamaica, NY 11418.

10.    Defendant has at all relevant times been an "employer" covered by the FLSA, NYLL, and the NYCRR.

11.    Youssef Youssef ("Youssef") is a non-producing branch manager with the power to hire, fire and control the terms of employment for all employees in the Queens Office.

12.    Trevor Johnny ("Johnny") is a manager and Youssef's business partner in the Queens Office.

13.    Harry Voltaire ("Voltaire") is a manager and business associate to Youssef and Johnny in the Queens Office.

FACTUAL ALLEGATIONS

14.    On or about February 1, 2022, Plaintiff filed a charge of discrimination based on sex against Defendant at the U.S. Equal Employment Opportunity Commission ("EEOC") (see Exhibit A).

15.    CEO Steinberg, on behalf of Defendant, filed a Position Statement, which is the Defendant's official response to the allegations in Plaintiff's EEOC charge of discrimination (see Exhibit B).

16.    The Position Statement was drawn from facts gained through an internal investigation conducted by Defendant into the circumstances of Plaintiff's employment with Defendant.

17. Any material misrepresentations made by a party before the EEOC, including declarations made in a position statement, could be considered a violation of law under 18 U.S.C. Section 1001.

18. Youssef hired the Plaintiff as a business development employee on December 8, 2020, after being introduced by Johnny (see Exhibit A, ¶18).

19. Plaintiff was employed in the Queens Office by Youssef from December 8, 2020, to May 11, 2021. "…there were approximately seven (7) employees (including Claimant) working at that location," as noted by Defendant in its Position Statement (see Exhibit B, ¶2).

20. Johnny and Voltaire managed and supervised approximately five (5) business development employees in Queens office.

21. Plaintiff started her tenure working directly with Youssef as a trainee and later transitioned to working in a marketing team with other potential members of this collective action class managed by Johnny and Voltaire.

22. Plaintiff has never been a licensed mortgage loan officer with the ability to market mortgage products independently of Nationwide. Youssef and Johnny promised Plaintiff training under their tutelage as a prerequisite to eventually attaining a mortgage loan officer license.

23. On behalf of Defendant, Plaintiff's duties included, but were not limited to, making unsolicited calls to potential clients using a script (see Exhibit C) and call list provided by Defendant (for which Defendant admits, see Exhibit B, Response to ¶¶21 & 22), coordinating recorded ZOOM meetings with the public, and setting meetings with professionals affiliated with the real estate industry like accountants and real estate brokers.

24. Johnny and Youssef promised Plaintiff an hourly wage for all hours worked plus a commission ranging from 1% to 5% for each mortgage loan file that she assisted by her marketing efforts.

25. Plaintiff worked full-time in the Queens office and at times from home with the approval from Youssef and Johnny.

26. Nationwide admits it did not keep records of Plaintiff's phone calls on its behalf and does not know the amount of time Plaintiff spent working on Defendant's behalf (see Exhibit B, Response to ¶21).

27. Nationwide never provided Plaintiff with the legally required wage statements and notices outlining the terms of her compensation.

28. At all relevant times, Plaintiff received no wages, compensation, or other remunerative benefit for work performed on behalf of Defendant.

29. Nationwide hired several other business development employees who were similarly to Plaintiff not provided proper wages and wage notices required by law.

30. Nantongo made several demands to Youssef verbally and via text for compensation of worked hours plus the promised commissions on closed mortgage loan files.

31. Youssef repeatedly informed Nantongo that she would need to discuss unpaid compensation issues with Johnny and Voltaire.

32. Nantongo made repeated unsuccessful demands to her supervisor Johnny for unpaid compensation (wages and commissions) due to her for her business development work on Defendant's behalf.

33. After Plaintiff filed a EEOC charge of discrimination based on sex against Defendant, Defendant mailed directly to Plaintiff a payment via a check in the amount of

$4,560.00, even though Defendant knew Plaintiff was represented by counsel (see attached Exhibit C).

34. Defendant's payment to Plaintiff was not accompanied by any wage statement, notice, or tax treatment explaining the nature of the payment.

35. Defendant's payment to Plaintiff was solely to influence the ongoing EEOC investigation into Defendant's employment practices and not to resolve the issues of non-payment of earned compensation and sex discrimination.

36. Plaintiff finally resigned from her employment with Defendant after working for six months with no compensation, even after making repeated demands to her manager and supervisor for payment.


COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs bring this collective action for herself, and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages, unpaid minimum wages, and other damages related to Defendant's violation of the FLSA.

38. Plaintiff pursues the requested relief on behalf of the following Collective:

> All individuals who currently work or have worked for Defendant as non-exempt hourly-paid business development/marketing employees who were classified by Nationwide as contractors during the applicable statute of limitations and perform or performed work without receiving all wages for such work.

39. Plaintiff is a member of the Collective she seeks to represent because she was misclassified as an independent contractor during the relevant time period, and was routinely required, suffered, or permitted to work forty (40) hours per week for less than the statutory minimum wage.

40. Defendant engaged in a common scheme, requiring suffering, or permitting Plaintiff and the Collective Members to work for Nationwide without paying minimum wages.

41. This action may be properly maintained as a collective action because Plaintiff and the Collective Members were similarly situated:

a) Plaintiffs and Collective Members were hired by Nationwide;

b) Plaintiffs and Collective Members were misclassified as non-exempt independent contractors;

c) Defendants required, suffered, or permitted Plaintiffs and Collective Members to work without paying the statutory minimum wage; and

d) Defendant failed to record all the time actually worked by Plaintiff and the Collective Members.

42. Plaintiffs estimate that the Collective, including both current and former employees over the relevant period, will include at least five members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling, time records, email history, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

43. Defendant's unlawful conduct has been widespread, repeated, and consistent.

CAUSES OF ACTION

AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
The Fair Labor Standards Act, 29 U.S.C. § 206, Made by Plaintiff on Behalf of All FLSA
Minimum Wage Plaintiffs
(Failure to Pay Minimum Wage)

7

44. Plaintiff and the Collective Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

45. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Minimum Wage Plaintiffs the statutorily required federal minimum wage for all hours worked per workweek.

46. Plaintiffs and the FLSA Minimum Wage Plaintiffs are entitled to payment at the statutory federal minimum wage for all hours worked per workweek, including hours worked while training.

47. Defendant's conduct was willful and lasted for the duration of the relevant time period.

48. Defendant's conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. §206.

AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
New York Labor Law § 652 and the New York Codes, Rules, and Regulations § 146-2.7
(Failure to Pay Minimum Wage)

49. Plaintiff and the Collective Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

50. Throughout the relevant time period, Defendant knowingly failed to pay Plaintiff and the Collective Members the statutorily required New York State minimum wage for all hours worked per workweek.

51. Plaintiff and the Collective Members are entitled to payment at the statutory New York State minimum wage for all hours worked per workweek, including hours worked while training.

52. Defendant's conduct was willful and lasted for the duration of the relevant time period.

53. Defendant's conduct was in violation of the New York Labor Law § 652 and New York Codes, Rules, and Regulations § 146-2.7.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 191
(Failure to Timely Pay Wages)

54. Plaintiffs and the Collective Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

55. Throughout the period covered by the applicable statute of limitations, every week Defendant was required to pay Plaintiff and other Collective Members all earned and due wages.

56. Throughout the period covered by the applicable statute of limitations, Defendant did not pay Plaintiff and other Collective Members all earned and due wages every pay period.

57. Additionally, throughout the relevant time period, Defendant required Plaintiff and the Collective Members to engage in training after their employment began.

58. Throughout the relevant time period, however, Defendant never compensated Plaintiff and the Collective Members anything for their time spent training.

59. Defendant's conduct was willful and lasted for the duration of the relevant time period.

60. Defendant's conduct was in violation of the New York Labor Law § 191.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 195
(Failure to Provide Proper Wage Statements and Notices)

61. Plaintiffs and the Collective Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

62. Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, an accurate wage, accurate, number of hours worked, and the employer's phone number.

63. Also Pursuant to the NYLL, employers are required to provide employees with a notice at the time of hiring that includes, among other things, tip credits and the employer's telephone number.

64. Throughout the relevant time period, Defendant's knowingly failed to provide Plaintiff and the Collective Members with the required wage statements and notices pursuant to NYLL.

65. Defendant's conduct was willful and lasted for the duration of the relevant time period.

66. Defendants' conduct was in violation of New York Labor Law § 195.


PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all Collective Members demand judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

C. Demand a jury trial on these issues to determine liability and damages;

D. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the New York Labor Law, and the New York Codes, Rules and Regulations;

E. Declaring that Defendant's violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Collective;

F.  An award for all damages which Plaintiff and all Collective Members have sustained as a result of Defendant's conduct, including: (i) back pay for unpaid federal/New York State minimum wages, (ii) liquidated damages, (iii) penalties, and (iv) general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

G.  Declaring that Defendant violated the notice and record keeping requirements of the NYLL with respect to Plaintiff and Collective Members' compensation, hours, wages and any deductions of credits taken against wages;

H.  Awarding Plaintiff and Collective Members damages for Defendant's violation of the NYLL notice provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

I.  An award to Plaintiff and all Collective Members of pre-judgment interest at the highest rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J.  An award to Plaintiff and all Collective Members representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.  An award to Plaintiff and all Collective Members for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

L.  Awarding Plaintiff and all Collective Members their costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees, and other costs;

M.  Pre-judgment and post-judgment interest, as provided by law; and

N.  Granting Plaintiff and all Collective Members other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:     August 23, 2022
           Far Rockaway, New York

                                   Respectfully submitted,

                                   Fred V. Charles, Esq.
                                   Attorney for Plaintiffs
                                   1612 Central Avenue
                                   Far Rockaway, NY 11691
                                   Telephone: (646) 494-2662