# N·G LAW GROUP, P.C.
### COUNSELORS AT LAW

---

#### 4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

NEIL H. GREENBERG, ESQ.

JUSTIN M. REILLY, ESQ.
KEITH E. WILLIAMS, ESQ.
VICTORIA SPAGNOLO, ESQ.

PARALEGALS

ROSA COSCIA
CATALINA ROMAN

November 7, 2023

VIA: ECF filing

Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Nantongo v. Nationwide Mortgage Bankers, Inc.; 22-CV-04974 (MKB)(VMS)

Dear Honorable Judge Scanlon:

My office represents Defendant, Nationwide Mortgage Bankers, Inc. ("Nationwide") in the above referenced matter. Kindly accept this correspondence as Nationwide's application for an Order pursuant to Local Civil Rule 37.3 and Fed. R. Civ. P. 37(a)(3) compelling Plaintiffs to provide supplemental responses to Nationwide's discovery demands as detailed herein.

Nationwide is a mortgage lending institution with a principal place of business located in Melville, New York. For a short period of time, Defendant had a small branch office located at 106-06 Jamaica Avenue, 1st Floor, Jamaica, New York ("Jamaica branch").

Plaintiff, Olivia Nantongo ("Nantongo") filed this matter as a collective action alleging that she worked at the Jamaica branch and that Nationwide violated the Fair Labor Standards Act ("FLSA") in failing to pay her minimum wages [D.E. 1]. On April 21, 2023, Opt-In Plaintiff Sharon Graham ("Graham") filed a consent to join this action [D.E. 14]. *See Marichal v. Attending Home Care Services, LLC*, 432 F.Supp.3d 271, 278 (E.D.N.Y. Jan. 13, 2020) [Opt-In plaintiffs have party status and become party plaintiffs upon filing a consent to join]. Sharon Graham also claims to have worked at the Jamaica branch.

This case is different than the routine FLSA matter in that Nationwide has no records at all showing that either Nantongo or Graham were employees of the bank. Plaintiffs did not fill out employment applications, W-4 forms, I-9 forms, undergo background checks, or sign handbook acknowledgments. Nationwide has no onboarding documents for Plaintiffs, no pay records for them, and no employment agreement setting forth any compensation package.

---

PHONE: 516.228.5100     FAX: 516.228.5106     INFO@NHGLAW.COM
WWW.NHGLAW.COM     WWW.NEWYORKOVERTIMELAW.COM

On July 21, 2023, Nationwide served document demands and interrogatory requests on Nantongo and Graham (**Ex. 1, Ex. 2**). On September 29, 2023, Plaintiffs served responses to Nationwide's demands (**Ex. 3**). Given that Plaintiffs' document responses and interrogatories were deficient, I sent Plaintiff's counsel an email on October 2, 2023 detailing the deficiencies (**Ex. 4**).

On October 31, 2023, after many requests by Nationwide's counsel, the parties had a meet and confer by telephone and went over the issues raised in the October 2, 2023 email. Although Plaintiffs' counsel represented that supplemental responses for most of the issues raised in the email would be provided by Friday, November 3, 2023, Plaintiffs have yet to provide such responses. Given the amount of time it took Nationwide to procure discovery responses from Plaintiffs, Nationwide has no reason to believe that Plaintiffs will be supplementing their discovery responses and therefore respectfully requests the Court to compel responses.

In particular, Plaintiffs only produced 15 documents but responded "See responsive documents attached" to request #s 1, 2, 3, 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 17, 22, 24, 25, 32, 33, 34, 36, 39, 40, 41, and 45. Under Fed. R. Civ. P. 34, a responding party must organize and label the documents produced to correspond to the categories requested. Therefore, Nationwide respectfully requests that the Court compel Plaintiffs to supplement their responses in accordance with Fed. R. Civ. P. 34.

Additionally, Plaintiffs did not provide any responses to document request #s 10, 20, 21, and 44. Nationwide respectfully requests that the Court compel Plaintiffs to provide responses.

Nationwide's document demand #s 23 and 31 seek copies of passports and/or documents showing whether Plaintiffs left the United States or New York during the time of their alleged employment only. Plaintiffs only objected to these demands based on relevance. However, if Plaintiffs were traveling during their alleged dates of employment, then they would not have been working during times that they have claimed to be working. These requests are relevant and are limited in scope to the dates of their alleged employment.

Plaintiffs did not provide responses for Graham to interrogatory #s 5, 6, 7, and 8. Additionally, interrogatory #s 7 and 8 refer to a document production, dated August 25, 2023, that does not exist. Nationwide respectfully requests that the Court compel Plaintiffs to provide responses to these interrogatories.

Interrogatory #s 12 and 13 simply ask Plaintiffs to identify if they traveled outside the state of New York during their alleged dates of employment and, if so, to identify the dates and places they went. Plaintiffs again object on the basis of relevance only. As stated herein, if Plaintiffs were traveling during their alleged dates of employment, then they would not have been working during times that they have claimed to be working. These requests are again limited in scope to the dates of their alleged employment. Nationwide respectfully requests that the Court compel Plaintiffs to provide responses to these interrogatories.

Thank you for your time and attention to this matter.

2

3

Yours truly,

Justin M. Reilly

cc: Fred Charles, Esq.

.

3