UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

OLIVIA NANTONGO, *on behalf of herself and all others similarly situated*,

                              Plaintiff,

            v.

NATIONWIDE MORTGAGE BANKERS INC.,

                              Defendant.

------------------------------------------------------------------

**MEMORANDUM & ORDER**
22-CV-4974 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Olivia Nantongo commenced the above-captioned putative collective action against Defendant Nationwide Mortgage Bankers Inc. ("Nationwide") on August 23, 2022, asserting a claim for unpaid minimum wages under the Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and claims for unpaid wages, failure to make timely wage payments, and failure to provide wage statements under the New York Labor Law § 190 *et seq.* ("NYLL"). (Compl., Docket Entry No. 1.)  On September 19, 2022, Nationwide answered the Complaint. (Answer, Docket Entry No. 11.)  On July 5, 2023, Magistrate Judge Vera M. Scanlon entered a scheduling order setting a deadline of July 28, 2023, to join parties or amend the pleadings (the "July 2023 Order").  (*See* July 2023 Order.)  On April 12, 2024, Plaintiff moved to amend the Complaint based on her third proposed amended complaint,[1] which proposes adding Richard Steinberg, the chairman and CEO of Nationwide, as a defendant, and adding a common law claim of unjust enrichment against Nationwide and Steinberg (the "Proposed Third Amended

---

[1] As discussed below, *infra* section I.b, Plaintiff submitted two proposed amended complaints to the Court before she moved to amend the Complaint based on the Proposed Third Amended Compliant.

Complaint").[2]  (Pl.'s Mot. to Amend ("Pl.'s Mot."), Docket Entry No. 30; Pl.'s Mem. in Supp. of

Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 33; Proposed Third Am. Compl., annexed to Decl.

of Fred V. Charles ("Charles Decl.") as Ex. A, Docket Entry No. 32–1.)  Nationwide opposes

Plaintiff's motion.  (Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n"), Docket Entry No. 34.)

For the reasons set forth below, the Court denies Plaintiff's motion to amend the

Complaint.

## I.  Background

### a.  Factual background

Plaintiff is a resident of the Kings County, New York.[3]  (Proposed Third Am. Compl.

¶ 6.)  Nationwide is a mortgage company headquartered at 68 S. Service Road Suite #400,

Melville, New York 11747.  (*Id.* ¶¶ 8–9.)  Nationwide provides financing options for customers

purchasing homes, investing in properties, or refinancing current mortgages.  (*Id.* ¶ 8.)  At all

relevant times, Plaintiff worked in Nationwide's Queens, New York office located at 106-06

Jamaica Avenue, Jamaica, New York 11418 (the "Queens Office").  (*Id.* ¶ 14.)

On December 8, 2020, the Branch Manager of the Queens Office, Youssef Youssef, hired

Plaintiff to work as a business development employee in the Queens Office.[4]  (Proposed Third

Am. Compl. ¶¶ 16, 23.)  Plaintiff's responsibilities included making unsolicited calls to potential

---

[2]  The Proposed Third Amended Complaint also adds two factual allegations on behalf of Sharon Graham, who consented to join Plaintiff's collective action on April 20, 2023.  (*See* Consent to Join Collective Action, Docket Entry No. 14; *see also* Proposed Third Am. Compl. ¶¶ 7, 29.)

[3]  For purposes of this Memorandum and Order, the Court assumes the truth of the facts as alleged in the Proposed Third Amended Complaint.

[4]  (*See also* Def.'s Resp. to Pl.'s First Set of Interrogatories & Requests for Production ("Nationwide Discovery Responses") ¶¶ 8–9, annexed to Charles Decl. as Ex. C, Docket Entry No. 32-3.)

clients using a script and call list provided by Nationwide, coordinating recorded Zoom meetings with the public, and setting meetings with professionals affiliated with the real estate industry such as accountants and real estate brokers. (*Id.* ¶ 34.) Youssef and supervisor Trevor Johnny promised to pay Plaintiff an hourly wage for all hours worked, plus a commission ranging from one percent to five percent "for each mortgage loan file that she assisted by her marketing efforts." (*Id.* ¶ 35.) Plaintiff worked full time in the Queens Office and incurred travel expenses commuting to and from the Queens Office and traveling to meetings with potential clients. (*Id.* ¶¶ 37–39.) Nationwide earned thousands of dollars in fees from processing loans that were procured through Plaintiff's business development and marketing work at the Queens Office. (*Id.* ¶ 42.) Nationwide failed to pay Plaintiff any wages, compensation, or other remunerative benefit for the work she performed for Nationwide, and did not provide Plaintiff with wage statements outlining the terms of her compensation. (*Id.* ¶¶ 45–46.)

Plaintiff made several demands to Youssef verbally and via text for compensation for the hours she worked plus the promised commissions. (*Id.* ¶ 48.) Youssef instructed Plaintiff to discuss compensation issues with Johnny and supervisor Harry Voltaire. (*Id.* ¶ 49.) Plaintiff made repeated unsuccessful demands to Johnny for unpaid compensation. (*Id.* ¶ 50.) On May 11, 2021, after she had worked for Nationwide for approximately six months without compensation, Plaintiff resigned from her employment. (*Id.* ¶¶ 24, 57.)

On or about January 21, 2022,[5] Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Nationwide discriminated and retaliated against her on the basis of sex. (*Id.* ¶¶ 19, 51; *see also* EEOC Charge.) On March 10,

---

[5] Plaintiff alleges that she filed the charge on February 1, 2022, (Proposed Third Am. Compl. ¶ 19), but the charge is dated January 21, 2022, (*see* Charge of Discrimination ("EEOC Charge"), annexed to Compl. as Ex. A, Docket Entry No. 1-1).

2022, Nationwide responded to Plaintiff's charge of discrimination in a statement signed by Steinberg (the "Nationwide Statement"). (*See* Nationwide Statement, annexed to Charles Decl. as Ex. B, Docket Entry No. 32-2.) The Nationwide Statement provides that the statements were made "by and on behalf of [Nationwide] and [were] based on an internal investigation conducted, witness statements and documents." (*Id.* at 7; *see also* Proposed Third Am. Compl. ¶¶ 20–21.) On March 9, 2022, Nationwide mailed a check for $4,560.00 to Plaintiff (the "March 2022 Check"). (Proposed Third Am. Compl. ¶¶ 51–52; *see also* Image of Check No. 16471, dated Mar. 9, 2022 ("Mar. 2022 Check"), annexed to Charles Decl. as Ex. D, Docket Entry No. 32-4.) Plaintiff alleges that Steinberg authorized this payment to her and signed the March 2022 Check. (Proposed Third Am. Compl. ¶¶ 53–54.) The March 2022 Check was not accompanied by any wage statement, notice, or tax treatment explaining the nature of the payment to Plaintiff. (*Id.* ¶ 55.)

### b. Procedural background

Plaintiff commenced the above-captioned putative collective action against Nationwide on August 23, 2022. (Compl.) On September 19, 2022, Nationwide answered the Complaint. (Answer.) On June 28, 2023, Nationwide filed a proposed a scheduling order for discovery, which provided in relevant part that "[m]otions to join new parties or amend the pleadings" would be filed by "July 28, 2023." (Proposed Scheduling Order, Docket Entry No. 15.) On July 5, 2023, Judge Scanlon approved the proposed schedule and ordered that "[a]ny joinder and/or amendments of the pleadings must be made by" July 28, 2023. (*See* July 2023 Order.)

On August 4, 2023, Plaintiff filed a letter requesting a pre-motion conference to address her request for leave to file an amended complaint adding Steinberg as a defendant and adding claims for common law unjust enrichment and violation of New York's equal pay statute

4

("Plaintiff's PMC Request").  (Pl.'s PMC Request, Docket Entry No. 16.)  Plaintiff's PMC

Request included a proposed amended complaint (the "First Proposed Amended Complaint").

(*See* First Proposed Am. Compl., annexed to Pl.'s PMC Request as Ex. A, Docket Entry No. 16-

1.)  On August 8, 2023, Nationwide opposed the request.  (Def.'s Resp. in Opp'n to PMC

Request, Docket Entry No. 17.)

The Court held a pre-motion conference on November 30, 2023, to address Plaintiff's

request to amend the Complaint.  (*See* Min. Entry dated Nov. 30, 2023.)  At the pre-motion

conference, the Court directed the parties to confer regarding Nationwide's concerns about the

First Proposed Amended Complaint and directed Plaintiff to file a revised proposed amended

complaint addressing the concerns that Nationwide raised on the record.  (*Id.*)  The Court further

directed Nationwide to inform the Court as to how it intended to proceed regarding the revised

proposed amended complaint.  (*Id.*)

On January 5, 2024, Plaintiff filed a revised proposed amended complaint, which

proposed adding Steinberg as a defendant and adding claims for common law unjust enrichment

and violation of New York's Equal Pay Act (the "Second Proposed Amended Complaint").  (*See*

Second Proposed Am. Compl., Docket Entry No. 25.)  On January 12, 2024, Nationwide filed a

letter informing the Court that it intended to oppose Plaintiff's motion to amend and proposing a

briefing schedule.  (Letter dated Jan. 12, 2024, Docket Entry No. 26.)

On April 12, 2024, Plaintiff moved to amend the Complaint based on the Proposed Third

Amended Complaint, and Nationwide opposed the motion.  (*See* Pl.'s Mot.; Pl.'s Mem.;

Proposed Third Am. Compl.; Def.'s Opp'n.)

## II.  Discussion

### a.  Standard of review

"Although 'a court should freely give leave to amend where justice so requires,' this 'must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'"  *Manuel v. Pepsi-Cola Co.*, 763 F. App'x 108, 109 (2d Cir. 2019) (alterations adopted) (first quoting Fed. R. Civ. P. 15(a)(2); and then quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Callahan v. County of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) ("Although a plaintiff may amend a complaint after a scheduling order deadline, under Rule 16(b)(4), the plaintiff may do so only upon a showing of good cause.").  "District courts wishing to evaluate motions for leave to amend under Rule 16 after a particular date need only write their scheduling orders consistent with that intent, and state that no amendment will be permitted after that date in order to trigger the Rule 16 standard."  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021); *see also Hossain v. Unilever U.S., Inc.*, No. 21-CV-2833, 2023 WL 4405654, at *3 (E.D.N.Y. July 7, 2023) (same).  Whether good cause exists turns on the diligence of the moving party and whether the moving party's amendment would significantly prejudice the non-moving party.  *See Callahan*, 96 F.4th at 370 ("Whether good cause exists turns on the 'diligence of the moving party.'" (quoting *Holmes*, 568 F.3d at 335)); *see also Emengo v. Stark*, No. 18-1942, 2019 WL 2206250, at *2 (2d Cir. May 22, 2019) ("The 'primary consideration' in assessing good cause is the 'diligence' of the moving party." (quoting *Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 244 (2d Cir. 2007))); *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) ("We will find 'good cause' where the moving party has demonstrated 'diligence' . . . and the amendment would not

6

significantly prejudice the nonmoving party." (first quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); and then citing *Kassner*, 496 F.3d at 244)); *Holmes*, 568 F.3d at 334–35 ("[T]he lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' . . . Whether good cause exists turns on the 'diligence of the moving party.'" (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003))).

> **b. The Court denies Plaintiff's motion for leave to amend the Complaint**

For the reasons explained below, the Court finds that Plaintiff's motion is governed by Rule 16's good cause standard and Plaintiff has failed to show good cause.

> **i. Plaintiff's motion is governed by Rule 16(b)'s good cause standard**

Nationwide argues that "[b]ecause Plaintiff moved to amend the complaint on August 4, 2023, after the July 28, 2023 deadline, the Court must analyze [her] motion under Rule 16's good cause standard." (Def.'s Opp'n 6.) Plaintiff does not address whether her motion is subject to Rule 16(b)'s good cause standard.

The parties' Proposed Scheduling Order provided that "[m]otions to join new parties or amend the pleadings" would be filed "by . . . July 28, 2023," (Proposed Scheduling Order), and Judge Scanlon approved the proposed schedule and directed that "[a]ny joinder and/or amendments of the pleadings must be made by [July 28, 2023]," (July 2023 Order). Thus, the deadline for filing motions to amend the Complaint or join new parties was July 28, 2023. (*See* Proposed Scheduling Order; July 2023 Order.) Because Plaintiff sought to leave to amend the Complaint one week after the deadline to do so, the Court applies the Rule 16 standard. *See Lee v. Delta Airlines, Inc.*, No. 20-CV-1705, 2023 WL 9184679, at *4 (E.D.N.Y. Mar. 14, 2023) (noting that "Rule 16 applie[d]" where the court's scheduling order set a "deadline for motions to

7

join new parties or amend pleadings"), *report and recommendation adopted*, 2024 WL 1230263 (Mar. 22, 2024); *Tescher v. Experian Info. Sols.*, No. 21-CV-2266, 2022 WL 18107432, at *1 (S.D.N.Y. Dec. 15, 2022) (applying Rule 16 where the scheduling order provided that "any motion to amend or join additional parties shall be filed" by a certain date (emphasis and citation omitted)); *cf. Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (requiring a showing of good cause where the plaintiff missed a deadline for "any motions to amend the pleadings or for joinder of any parties" (alteration omitted)).

> **ii.   Plaintiff has not demonstrated good cause to amend the Complaint**

Nationwide argues that Plaintiff cannot demonstrate good cause because she "offers no explanation for failing to comply with the Court's scheduling order" and because the proposed amendments "rely on information Plaintiff already knew, or . . . should have known[] well in advance of the applicable deadline." (Def.'s Opp'n 6–7.)  In support, Nationwide asserts that (1) the Nationwide Statement, which was filed "four . . . months before the deadline," put Plaintiff on notice of Steinberg's position in the company; (2) Plaintiff could have discovered Steinberg's role as CEO of Nationwide upon a "quick search via the Department of State, Division of Corporations' Entity Information page"; and (3) the facts underlying Plaintiff's unjust enrichment claim were known to Plaintiff at the time she filed her initial complaint. (*Id.* at 7–8.)

Plaintiff argues that her proposed amendments would "further the interests of justice," because her addition of Steinberg as a defendant is based on recently discovered evidence "that Steinberg is the sole owner, director, and officer of the employer" and therefore "had true authority to alter the terms and conditions of employment." (Pl.'s Mem. 5.)  In support, Plaintiff relies on (1) the March 2022 Check; (2) the Nationwide Statement, in which Steinberg attested to facts pertaining to Plaintiff's employment; and (3) Nationwide's Discovery Responses, which

8

identify Steinberg as "the sole officer, director[,] and shareholder" of Nationwide.  (*Id.* at 7; *see also* Mar. 2022 Check; Nationwide Statement; Nationwide Discovery Responses.)  Plaintiff also states that she should be permitted to add a claim for unjust enrichment because "Nationwide was enriched through Plaintiff's efforts of mortgage loan marketing at her own expense [and] she never received compensation . . . during the six months that she worked."  (Pl.'s Mem. 2.)

Whether good cause exists turns on the diligence of the moving party and whether the moving party's amendment would significantly prejudice the non-moving party.  *See Callahan*, 96 F.4th at 370 ("Whether good cause exists turns on the 'diligence of the moving party.'" (quoting *Holmes*, 568 F.3d at 335)); *see also Emengo*, 2019 WL 2206250, at *2 ("The 'primary consideration' in assessing good cause is the 'diligence' of the moving party." (quoting *Kassner*, 496 F.3d at 244)); *Werking*, 526 F. App'x at 96 ("We will find 'good cause' where the moving party has demonstrated 'diligence' . . . and the amendment would not significantly prejudice the nonmoving party." (first quoting *Parker*, 204 F.3d at 340; and then citing *Kassner*, 496 F.3d at 244)).  Rule 16's good cause requirement is satisfied when a party demonstrates that, despite having exercised diligence, the applicable deadline could not reasonably have been met.  *See Parker*, 204 F.3d at 340 (noting that Rule 16 "provides . . . that in certain cases the court may determine that the deadline cannot reasonably be met despite the diligence of the party seeking the extension" (citation and alterations omitted)).  Courts have found that a party fails to act diligently where "the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline."  *Hurtado v. Hudson Fulton Corp.*, No. 20-CV-9133, 2023 WL 2945846, at *4 (S.D.N.Y. Apr. 14, 2023) (quoting *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, No. 13-CV-275, 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2014)); *S. Beach Skin Care, Inc. v. Event Fashion Footwear, Inc.*, No. 21-CV-3135, 2023 WL

9

382431, at *3 (E.D.N.Y. Jan. 24, 2023) ("[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." (citation omitted)).  A party's lack of diligence "is . . . reason alone to deny leave to amend."  *See Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021) (first citing *Pasternack v. Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017); and then citing *Parker*, 204 F.3d at 340)); *see also Callahan*, 96 F.4th at 370–71 (affirming the district court's denial of leave to amend where the plaintiffs "did not move with the diligence needed to satisfy the good cause standard of Rule 16(b)"); *S. Beach Skin Care*, 2023 WL 382431, at *5 ("[T]he absence of prejudice to the [defendants] is not sufficient to establish good cause; the lack of diligence and failure to follow the [c]ourt's deadlines is sufficient to deny amendment." (citation and internal quotation marks omitted)).  Diligence "is not, however, the only consideration." *Kassner*, 496 F.3d at 244.  District courts, "in the exercise of [their] discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.*

Plaintiff has not shown that she acted diligently in seeking leave to amend, and therefore has not demonstrated good cause to amend the Complaint.  Plaintiff knew or should have known of the facts underlying the proposed amendments in advance of the July 28, 2023 deadline.  The March 2022 Check and Nationwide Statements were each prepared in March of 2022, and both documents are referenced in the Complaint filed on August 23, 2022, thus, Plaintiff was aware of these documents.[6]  (*See* Compl. ¶ 33 (alleging that Nationwide "mailed directly to Plaintiff a payment via a check in the amount of $4,560.00"); *id.* ¶ 15 (alleging that Steinberg, "on behalf of

---

[6]  In addition, Plaintiff included the Nationwide Statement as an exhibit to the Complaint. (*See* Nationwide Statement, annexed to Compl. as Ex. B, Docket Entry No. 1-2.)

[Nationwide], filed a Position Statement"); *see also* Mar. 2022 Check; Nationwide Statement.) Moreover, the Nationwide Discovery Responses are dated August 21, 2023, over two weeks *after* Plaintiff first sought leave to add Steinberg as a defendant, and therefore could not be the basis for Plaintiff's request. (*See* Nationwide Discovery Responses 8; Pl.'s PMC Request.) Plaintiff's request was therefore based on facts that were known to her as early as August 23, 2022, almost a year prior to the July 28, 2023 deadline to amend the pleadings. Further, Plaintiff's addition of a claim for unjust enrichment appears to be based on the allegation that Nationwide benefitted from her marketing efforts but failed to compensate her for those efforts,[7] but these facts pertain to Plaintiff's employment with Nationwide, and were known to Plaintiff at the time she filed her original Complaint in August of 2022. (*See* Def.'s Opp'n 8.)

Because Plaintiff's proposed amendments are based solely on information that was known or should have been known to her months before the July 28, 2023 deadline to amend pleadings or join parties, and Plaintiff does not offer any explanation as to why she did not include these claims in her original Complaint, or why she did not seek to leave to amend until one week after the deadline passed, Plaintiff has failed to demonstrate that she acted diligently in amending the Complaint. *See Stanley v. Phelon*, No. 23-731, 2024 WL 1453872, at *7 (2d Cir. Apr. 4, 2024) (concluding that the plaintiff could not have met "the more onerous 'good cause' standard under the applicable Rule 16(b)" where, among other things, he "knew about the proposed, additional facts well before the deadline for amended pleadings"); *Gullo*, 540 F. App'x at 47 (concluding that the "district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for an amendment after learning the [proposed

---

[7] (Proposed Third Am. Compl. ¶¶ 88–93; *see also* Pl.'s Mem. 7–8 (arguing that "Plaintiff expended her own resources in order to further Nationwide's business interests and Nationwide did, in fact, profit from Plaintiff's efforts.").)

defendants'] names failed to demonstrate the diligence necessary to satisfy Rule 16"). Plaintiff's lack of diligence "is . . . reason alone to deny leave to amend." *Int'l Techs. Mktg.*, 850 F. App'x at 43 (first citing *Pasternack*, 863 F.3d at 174 n.10; then citing *Parker*, 203 F.3d at 340); *see also Callahan*, 96 F.4th at 370 (affirming the district court's conclusion that the "plaintiffs did not act with sufficient diligence to satisfy Rule 16(b)(4) because they could have included [the proposed new claim] . . . at the time the complaint was filed" (internal quotation marks and citation omitted)); *Gullo*, 540 F. App'x at 47 ("The district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning [the information underlying the amendments] failed to demonstrate the diligence necessary to satisfy Rule 16."); *Abbott v. City of New York*, No. 23-CV-5152, 2024 WL 3356990, at *2 (S.D.N.Y. July 10, 2024) (denying leave to amend where the plaintiff "did not file their motion seeking leave to amend the complaint until . . . more than five months after learning the information" and did "not provide any justification for their failure to exercise diligence in seeking to . . . move to amend the complaint"); *cf. Marc J. Elkowitz, M.D., P.C. v. UnitedHealthcare of N.Y., Inc.*, No. 17-CV-4663, 2023 WL 2969999, at *4 (E.D.N.Y. Mar. 29, 2023) (noting that the plaintiff "delayed almost 17 months before filing" its motion to amend and that "[c]ourts in this [c]ircuit have denied motions to amend made after similar and lesser delays from the time the moving party learned of the information supporting the proposed amendments" (citations omitted)), *report and recommendation adopted*, 2023 WL 6140183 (Sept. 20, 2023).

Accordingly, the Court denies Plaintiffs' motion for leave to amend the Complaint.[8]

---

[8] Plaintiff's proposed amendments also appear to be futile. First, the Proposed Third Amended Complaint fails to state a claim against Steinberg as an "employer" under the FLSA and NYLL because it does not allege specific facts demonstrating that he had the power to hire and fire employees at the Queens Office, supervised or controlled Plaintiff's conditions of

### III. Conclusion

For the reasons stated above, the Court denies Plaintiff's motion to amend the Complaint.

Dated: September 13, 2024
       Brooklyn, New York

                                    SO ORDERED:


                                         _____s/MKB_____
                                         MARGO K. BRODIE
                                         United States District Judge

---

employment, or maintained records concerning Plaintiff's hours worked. *See Ocampo v. Brown & Appel, LLC,* No. 21-2579, 2022 WL 17684587, at *2 (2d Cir. Dec. 15, 2022) (finding that individuals were not "employers" under the FLSA where the plaintiffs did "not claim that any of these managerial employees, . . . themselves qualify as supervisors who were 'in charge of' them"); *Chen v. Lilis 200 West 57th Corp.*, No. 19-CV-7654, 2023 WL 2388728, at *5 (S.D.N.Y. Mar. 7, 2023) ("Absent other evidence of control, occasionally signing paychecks is not enough to trigger individual liability.").

Second, Plaintiff's proposed unjust enrichment claim alleges only that Nationwide has been unjustly enriched because it "benefitted from the marketing and business development services of Plaintiff . . . with zero and/or insufficient compensation paid to [her]," (Proposed Third Am. Compl. ¶ 90), and therefore seeks relief that is already available to Plaintiff through her FLSA and NYLL claims. *See Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010) ("Unjust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists." (citing *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 262 (2d Cir. 2002))); *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 188–89 (E.D.N.Y. 2004) (dismissing unjust enrichment claim alleging that the defendant had "been unjustly enriched by failing to pay wages and overtime compensation for services rendered by plaintiffs to defendant" because their "FLSA claim and any viable claim for breach of contract would provide an adequate remedy at law").