**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
OLIVIA NANTONGO on behalf of herself
and all others similarly situated,

                 Plaintiff,                        **22-cv-04974 (MKB)(VMS)**

    -against-

NATIONWIDE   MORTGAGE   BANKERS,
INC.,

                 Defendant.
-----------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION PURSUANT TO FED. R. CIV. P. 60(b)(3) VACATING THE JUDGMENT
ENTERED ON DECEMBER 9, 2024**

Dated: February 6, 2026
        Massapequa, New York

                                      Respectfully submitted,

                                      THE NHG LAW GROUP, P.C.

                                      *Justin Reilly*
                                    _____
                                    By: Justin M. Reilly, Esq.
                                    *Attorneys for the Defendant*
                                    4242 Merrick Road
                                    Massapequa, New York 11756
                                    Tel: 516-228-5100
                                    justin@nhglaw.com

## I.      PRELIMINARY STATEMENT

Plaintiff, Olivia Nantongo ("Nantongo"), filed a Complaint against Defendant, Nationwide Mortgage Bankers Inc. ("Nationwide"), on August 23, 2022 alleging wage and hour violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") [D.E. 1]. Even though Nantongo's Complaint only alleged wage and hour violations, she attached a Charge of Discrimination that was filed with the Equal Employment Opportunity Commission ("EEOC") as an Exhibit to the Complaint [D.E. 1]. The EEOC charge made allegations of sexual harassment under Title VII [D.E. 1]. Nantongo was represented in this case by both Fred Charles, Esq. and Tyrone Anthony Blackburn, Esq. Fred Charles, Esq. filed the Complaint and Tyrone Anthony Blackburn, Esq. filed a Notice of Appearance on January 9, 2023 [D.E. 12]. From January 9, 2023 going forward, Tyrone Anthony Blackburn, Esq. received all bounces in this case.

Nantongo's FLSA and NYLL claims were resolved by Fed. R. Civ. P. 68 Offer of Judgment [D.E. 42-45].[1] On December 9, 2024, the Clerk of the Court entered judgment in favor of Nantongo and against Nationwide [D.E. 44]. On December 17, 2024, Nantongo, through her attorney, filed a Satisfaction of Judgment [D.E. 46]. On January 22, 2026, more than a year after the Judgment was entered, Nantongo filed a motion to vacate the Judgment pursuant to Fed. R. Civ. P. 60(b)(3). Nantongo's motion must be dismissed because it is untimely and does not make any allegations of fraud, misrepresentation, or misconduct against Nationwide, but instead makes those allegations against her own attorney.

## II.      RELEVANT PROCEDURAL HISTORY

On August 23, 2022, Nantongo, through her attorney, filed a Complaint that only contained

---

[1] Opt-in Plaintiff Sharon Graham also resolved her wage and hour claims through Fed. R. Civ. P. 68. Sharon Graham has not made a motion to vacate the Judgment entered in her favor and against Nationwide.

claims under the FLSA and NYLL for alleged wage and hour violations [D.E. 1]. Nantongo never filed an action alleging violations of Title VII for alleged sexual harassment in the Eastern District of New York or any state court in New York. On December 3, 2024, Nationwide served a Rule 68 Offer of Judgment on Nantongo, through her attorney, to resolve Nantongo's FLSA and NYLL claims [D.E. 42]. On December 6, 2024, Nantongo, through her attorney, filed her acceptance of Nationwide's Rule 68 Offer of Judgment [D.E. 42]. On December 9, 2024, the Clerk of the Court entered Judgment against Nationwide and in favor of Nantongo in the amount of $20,000.00 [D.E. 44]. On December 13, 2024, Nationwide issued a check to Nantongo in the amount of $28,000.00.[2] On December 23, 2024, Nantongo deposited the check, endorsed the back of it, and received the funds (Exhibit 1). On January 22, 2026, more than a year after the Judgment was entered, Nantongo filed a motion to vacate the Judgment pursuant to Fed. R. Civ. P. 60(b)(3) [D.E. 48-50].

### III.    LEGAL ARGUMENT

**A. Nantongo's Motion is Untimely and She Has Not Made Any Allegations of Fraud, Misrepresentation, or Misconduct by Nationwide**

A motion under Fed. R. Civ. P. 60(b)(3) has a strict one-year statute of limitations. Fed. R. Civ. P. 60(c)(1); *Mills v. Noonan*, 2019 WL 2361483, at *1 (W.D.N.Y. 2019); *United States v. Key*, 2019 WL 2314693, at *9 (S.D.N.Y. 2019); *Stephanopoulos v. City of New York*, 2007 WL 160819, at *3 (E.D.N.Y. 2007); *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (the one-year limitations period for claims that are properly encompassed by Rule 60(b)(3) is absolute). Here, Nantongo's motion is untimely. Nantongo admits in paragraph 6 of her Affidavit that she learned that her case had settled when Ralph Charles called her and told her the case had settled and later mailed her a check for $28,000.00 [D.E. 49]. Nantongo endorsed and deposited this check on December 23,

---

[2] Nantongo's FLSA and NYLL claims were resolved through a Fed. R. Civ. P. 68 Offer of Judgment and her non-filed sexual harassment claims were resolved through a settlement agreement. Since the Second Circuit's decision in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019), it is common to resolve FLSA/NYLL claims through a Fed. R. Civ. P. 68 Offer of Judgment and non-FLSA claims through a settlement agreement.

2024 (Exhibit 1), more than one year ago. Nantongo undoubtedly used this money for her benefit. Nantongo alleges that she believed that only her wage and hour case settled in December 2024 and not her sexual harassment claims [D.E. 48, p. 2, par. 3]. Even if this is true, the case before this Court only alleged FLSA/NYLL claims. Nantongo never filed Title VII claims in this Court or any other court. The dispute at hand is between Nantongo and her attorneys.[3]

Moreover, Fed. R. Civ. P. 60(b)(3) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding due to fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). In her motion, Nantongo does not make any allegations of fraud whatsoever against Nationwide. Nantongo does not allege that Nationwide made any misrepresentations at all or committed any type of misconduct. All of Nantongo's allegations are against her own attorney, Fred Charles, Esq., and his brother, a non-lawyer. Clearly, Nantongo is not entitled to any relief pursuant to Fed. R. Civ. P. 60(b)(3).

Additionally, in *Mei Xing Yu v. Hasaka Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019), the Court held that judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims. *Id.* Here, Nantongo, through her attorney, settled her FLSA/NYLL claims for $20,000.00. Nantongo also, through her attorney, settled her Title VII claims for an additional amount of money through a settlement agreement. Since the Second Circuit's decision in *Mei Xing Yu v. Hasaka Rest., Inc.*, supra, this has been a common way to resolve FLSA and non-FLSA claims. This is clearly not fraud upon the court as Mr. Blackburn, without citing any case law, would like this Court to believe.

---

[3] Nantongo's attorneys, including Tyrone A. Blackburn, Esq., received email notifications when the Acceptance with Offer of Judgment was filed [D.E. 42], when the Clerk's Judgment was entered [D.E. 44], and when the Satisfaction of Judgment was filed [D.E. 46]. Tyrone A. Blackburn, Esq. waited more than a year to file the subject motion pursuant to Fed. R. Civ. P. 60(b)(3).

## IV.    CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court deny Nantongo's motion in its entirety and dismiss it with prejudice.