# CHARLES LAW, P.C.
### Attorneys at Law

_____

Member of the New York Bar

February 6, 2026

Via ECF

Hon. Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Nantongo et al. v. Nationwide Mortgage Bankers*, 1:22-cv-4974 (MKB)(VMS)

Dear Judge Brodie:

I respectfully respond to the absolutely baseless motion of Olivia Nantongo, dated January 22, 2026. Ms. Nantongo, and her attorney Tyrone Blackburn, bring this motion pursuant to Fed. R. Civ. P. 60(b)(3) for fraud, misconduct or misrepresentation. As will be shown below, Ms. Nantongo's "motion" is not only untimely, but it is. brought for the sole improper purpose of furthering an unhinged harassment campaign against me and Ralph Charles by Tyrone Blackburn. Mr. Blackburn, showing a lack of candor, has failed to disclose to this Court his actions prior to this "motion," which I will describe below. As for Ms. Nantongo, her motion is untimely, and is based on the false premise that she had a pending "sexual harassment case."

Ms. Nantongo's Motion Is Time Barred

The Court should deny Ms. Nantongo's motion with prejudice because it is time barred. Fed. R. Civ. P. 600(b) motions based on fraud, misconduct or misrepresentation must be brought within a reasonable time, and no later than one year, pursuant to Fed. R. Civ. P. 60(c)(1): "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Ms. Nantongo brings this motion pursuant to Fed. R. Civ. P. 60(b)(3), which has an absolute one year limit. *Colucci v. Beth Israel Med. Ctr.*, 531 Fed Appx. 118, 119 (2d Cir. 2013)("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding….**This one-year limitations period is 'absolute.'**" (*quoting Warren v. Garvin,* 219 F.3d 111, 118 (2d Cir. 2000)(emphasis added); *see Mpala v. Segarra*, 715 Fed. Appx. 84, 85 (2d Cir. 2018)(holding that plaintiff failed to bring a Rule 60(b)(1) motion within a reasonable time even though it was brought within one year.).

Here, Ms. Nantongo filed her Rule 60(b)(3) motion on January 22, 2026. (ECF No. 48). As noted by Mr. Blackburn, this action was terminated on December 9, 2024. Therefore, Ms. Nantongo had, at the latest, until December 9, 2025 to file the instant motion. She failed to do so. Further, Mr. Blackburn, as he noted, filed a Notice of Appearance in this action on January 9, 2023. (ECF No. 12). Therefore, Mr. Blackburn received notice via ECF of all filings in this action. Ms. Nantongo received proceeds for her wage and hour claims of $28,000 also in December 2024. Further, as noted by Mr. Blackburn, Ms. Nantongo has since moved her residence to outside of the United States. There is simply no excuse for Ms. Nantongo's untimeliness, and the Court must deny her motion in its entirety with prejudice.

However, the foregoing does not matter to Tyrone Blackburn. This motion is brought for the sole improper purpose of continued harassment, and is an outrageous abuse of the judicial process. I and Ralph Charles have been the target of Mr. Blackburn's bizarre, disturbing and threatening behavior for several months now. Neither of us know the exact nature of Mr. Blackburn's personal gripes, but it is now, frankly, very unsettling.

For context, I know Mr. Blackburn through my brother Ralph Charles, who for several years had been a mentor and friend to Mr. Blackburn after they met through a political organization. However, Ralph Charles and Mr. Blackburn have not spoken since April 2025. Mr. Blackburn has assisted me on several cases for in-court appearance purposes, and I assisted him in cases where he was not familiar with the subject matter. Even though Mr. Blackburn attempts to mock my disability, I am very proud that I was able to bounce back from a devastating injury and still be able to work as an attorney. Last year, I began to separate myself from the handful of matters where we were co-counsel.

On December 20, 2025, Mr. Blackburn sent me a bizarre text message regarding Ralph Charles that on its face was divorced from reality. The text message read:

> Fred,
>
> I tried calling you a few times to advise you of something that several people have brought to my attention, but for some reason, you have decided not to take my calls. In any event, you need to tell Ralph to stop telling people that he is a licensed attorney. He has said this on several occasions to several people, and he is representing your license as his own.
>
> For starters, it is a felony in New York and New Jersey for him to lie to people and claim to be a licensed attorney when he is not. Secondly, I know he helps you with your work and files documents on your behalf. He cannot use that as an example of his legal licensing.

> I honestly was not going to say anything and was going to let these people report him as they plan to, but I am attached to multiple cases with you. I do not want to be caught up in any investigation concerning Ralph and his disturbing actions.

See text message attached hereto as **Exhibit A**. Mr. Blackburn declined to identify any of these "people" after I asked him who he was referring to. Ralph Charles is a non-attorney mediator and a fifteen-year federal employee, and has never presented himself as a licensed attorney or presented my license as his, whatever that means. Mr. Blackburn did not stop there. In a group text with clients where I am co-counsel with Mr. Blackburn in an unrelated matter, Mr. Blackburn wrote:

> Fred, I have given you all the grace I am going to extend. You need to submit your final notice of withdrawal today. You have Ralph pretending to be a lawyer, using your license and forging your signature (and presumably others') on notarized documents, and filing these forged instruments on court dockets. I do not want to expose these clients to that. So you need to withdraw your representation NOW!

See text message attached hereto as **Exhibit B.** There were other messages of the same nature sent by Mr. Blackburn, but I will spare the Court of a full catalogue of Mr. Blackburn's disturbing missive for the sake of brevity. The final text message I received from Blackburn before I was forced to block his phone number was chilling, and only read: "Laugh today, cry tomorrow." See text message attached hereto as **Exhibit C**. Again, I do not know the nature of Mr. Blackburn's personal gripes, therefore I could only interpret this message as a direct threat. Even worse, Blackburn is using this motion to contact my co-counsel in other actions accusing me of fraud and forgery. See email to Alban Dunisha, Esq. attached hereto as **Exhibit D**. Mr. Blackburn has now also contacted Ralph Charles' employer, including the EEOC Chair and several Commissioners and co-workers of Ralph Charles to promote his same imaginary theories. Mr. Blackburn's actions are now beyond just simple harassment.

<u>Mr. Blackburn's History of Misconduct</u>

Making false and salacious claims is not new for Mr. Blackburn. Mr. Blackburn has been admonished or sanctioned by at least five (5) different courts for bringing salacious or false claims, falsifying case law, and at least two of his clients have been sued for defamation after making extortionate demands on high-profile celebrities. Mr. Blackburn has been personally sued for defamation and infliction of emotional distress by a celebrity for publicly falsifying claims. U. S. District Judge Denise Cote of the Southern District of New York referred Mr. Blackburn to the SDNY Grievance Committee for his pattern of making meritless and salacious claims against celebrities in hopes of a big payday. *See Zunzorowski v. Fisher,* No. 23-cv-10881, 2024 U.S. Dist. LEXIS 62568, at *14 (S.D.N.Y. April 3,2024)("[Mr.

Blackburn] improperly files cases in federal court to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly.").

In *Jakes v. Youngblood,* U.S. District Judge William Stickman of the Western District of Pennsylvania described Mr. Blackburn's misconduct: "Youngblood, through attorney Blackburn, submitted a brief replete with non-existent quotations and repeated misrepresentations of actual case law. Even more outrageously, a review of Youngblood's reply brief demonstrates that it too includes fabricated quotes and misrepresents case law. In other words, when accused of a serious ethical violation, attorney Blackburn chose to double down." *See Jakes v. Youngblood,* No. 24-cv-1608 (WS), 2025 U.S. Dist. LEXIS 160856, at *2-3 (W.D. Pa. June 26, 2025).  In that action, Mr. Blackburn was sanctioned $5,000 for using artificial intelligence to falsify case law, and fired by his client for making an unauthorized demand on his intended target Rev. T.D. Jakes.  In *Jones v. Combs*, No. 24-cv-1457, 2025 U.S. Dist. LEXIS 54277, at *10 (S.D.N.Y. Mar. 24, 2025),  U.S. District Judge J. Paul Oetken of the Southern District of New York took the rare step of dedicating a section in an opinion as a "*Warning to Counsel Tyrone Blackburn*."   In his opinion, Judge Oetken was flabbergasted by Mr. Blackburn's statements of law. "That any licensed member of the bar would espouse such an absurd understanding of the law is not only disturbing, but shocking."  In *Facey v. Fisher*, a case Mr. Blackburn filed in New York State Supreme Court, New York County, Justice Mary Rosado imposed sanctions on Blackburn noting that "[T]he Court finds the Complaint to be malicious and aimed at embarrassing and harassing defendants."). *Facey v. Fisher,* 2025 N.Y. Misc. LEXIS 7630, at *4-5 (N.Y. County Sup. Ct. Sept. 15, 2025).  The Court sanctioned Mr. Blackburn for his malicious conduct towards the defendant.  I write the foregoing only to show that this motion is a continuing pattern of false, malicious and unprofessional conduct by Mr. Blackburn that this Court should take into account.

Ms. Nantongo's Action

I know Ms. Nantongo through Ralph Charles.  Ms. Nantongo was my brother's close friend for several years.  They met through their mutual interest in Africa development issues. In the Fall of 2021, Ms. Nantongo claimed to have a sexual harassment and wage and hour issue with Defendant Nationwide Mortgage Bankers ("NMB").  More specifically, she claimed to have gone through an informal training program through NMB's Queens branch office, and was not paid for her work.  She also claimed to have a sexual harassment claim against an NMB employee.  On August 10, 2021, I sent Ms. Nantongo via email my retainer agreement.  She did not respond, so I resent the retainer agreement to her on August 12, 2021.  See August emails attached hereto as **Exhibit E & F.**  I filed the Charge of Discrimination against NMB on February 21, 2022. See attached hereto as **Exhibit G.**  I filed this instant wage and hour case against NMB on Ms. Nantongo's behalf on August 16, 2022. (ECF No.1).  I decided not to move forward with Nantongo's sexual harassment claim because I did not believe that her claims met the standard to be filed as claims in federal court.  Ms. Nantongo and Mr. Blackburn are fully aware of this fact.  On April 6, 2023, the parties held a three (3) hour court-ordered

FLSA mediation session with Ms. Nantongo present, where we discussed her wage and hour claims. (ECF No. ). The idea that Ms. Nantongo was unaware of which claims were discussed at the mediation is, on its face, absolutely false. Ms. Nantongo agreed to accept the offer of $28,000 to settle this action. This is not in dispute. Ms. Nantongo now claims she was defrauded out of sexual harassment claims that accrued over four (4) years ago.

On January 14, 2026, I received an email from Ms. Nantongo requesting an update on her "sexual harassment case." This was a very odd email considering that I had not heard from Ms. Nantongo in over one year, that she had no "sexual harassment case," and that she and Ralph Charles no longer communicated. I also recognized that her email read "I tried calling you," which was a phrase Mr. Blackburn used in his bizarre messages to me and Ralph Charles. I immediately recognized what this was, more bizarre harassment from Tyrone Blackburn. Ms. Nantongo then added me to a WhatsApp chat group with Mr. Blackburn. At that time, I had already blocked Mr. Blackburn's phone number because of his threatening messages, so I immediately exited the WhatsApp chat group in order to avoid confrontation with Mr. Blackburn. And, I informed Ms. Nantongo that it was not advisable that I have any direct contact with Mr. Blackburn. What followed was this "motion" by Ms. Nantongo to "salvage" claims in this action that weren't filed. Ms. Nantongo signed or authorized all documents in this matter, and, in any event, any claims that she could bring on now, time bar.

I respectfully request that the Court deny Ms. Nantongo's motion in its entirety with prejudice for untimeliness, and grant all such other and further relief as this Court deems just and proper.

Thank you for your consideration of this matter.

Respectfully submitted,

CHARLES LAW, P.C.

Fred V. Charles, Esq.
244 Fifth Ave., Suite #2717
New York, New York 10001-7604
Phone: (646) 494-2662
Fax:    (800) 757-9630
Email: fcharles@charleslawpc.com