**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVIA NANTONGO on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>V.<br><br>NATIONWIDE MORTGAGE BANKERS INC.<br>        Defendant. | CASE NO. 22-cv-04974<br>Civil Action<br><br>Affidavit of Tyrone A. Blackburn, Esq. in Support of Plaintiff's Supplemental Submission and in Support of Motion to Vacate Clerk's Judgment and For Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) And 60(d)(3) |

I, TYRONE A. BLACKBURN, being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice law in the State of New York and before this Court. I am the principal of T.A. Blackburn Law, PLLC, counsel of record for Plaintiff Olivia Nantongo in the above-captioned action. I submit this affidavit in support of Plaintiff's Supplemental Submission in Support of Motion to Vacate Clerk's Judgment and for Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). The facts set forth herein are based upon my personal knowledge, my review of the documents filed in this action, and my investigation of the matters described below.

A. RETENTION AND ENGAGEMENT

2. I was retained by Plaintiff Olivia Nantongo in or around early 2026, after she became aware that a Clerk's Judgment had been entered against her in this action based upon an Acceptance of Rule 68 Offer of Judgment filed by her former counsel, Fred V. Charles, Esq. of Charles Law, P.C. Ms. Nantongo informed me that she had not authorized any settlement of her claims, had never signed any settlement documents, and had no knowledge that any judgment had been entered against her in this Court.

3. Upon my retention, I pulled the docket in this matter and reviewed all filed documents, including the Notice of Acceptance of Rule 68 Offer of Judgment filed by former counsel on December 6, 2024, which purports to bear the signature of Olivia Nantongo, and the Acceptance of Defendant's Rule 68 Offer of Judgment filed on behalf of opt-in Plaintiff Sharon Graham on the same date, which purports to bear the signature of Sharon Graham.

B. RETENTION OF FORENSIC EXPERT

4. Based upon my review of the questioned documents, and in consultation with Ms. Nantongo, I retained Kathy S. Carlson, C.F.D.E., C.Q.D.E., of Western Forensic Document Examiner,

LLC, as a forensic document examiner pursuant to a written agreement for expert services executed on March 14, 2026. Ms. Carlson is a Certified Forensic Document Examiner and Certified Questioned Document Examiner with over fifteen years of experience and currently serves as President of the International Association of Document Examiners (IADE).

5.  I provided Ms. Carlson with the following four questioned documents for examination (collectively, the "Questioned Documents"):

- Q1 — Charge of Discrimination purportedly signed by Olivia Nantongo, dated December 23, 2021, notarized by Fred V. Charles, Esq. (Notary Public No. 02CH6423718, Qualified in Queens County), a true copy of which is annexed hereto as **Exhibit A.**
- Q2 — EEOC Charge purportedly signed by Olivia Nantongo, dated January 20, 2022, a true copy of which is annexed hereto as **Exhibit B**.
- Q3 — Settlement Agreement purportedly signed by Olivia Nantongo, dated November 21, 2024, a true copy of which is annexed hereto as **Exhibit C**; and
- Q4 — Notice of Acceptance of Rule 68 Offer of Judgment purportedly signed by Olivia Nantongo, dated December 6, 2024, a true copy of which is annexed hereto as **Exhibit D**.

6.  Ms. Carlson completed her examination and issued a written forensic report dated March 17, 2026, annexed hereto as **Exhibit E** and to the Supplemental Submission as Exhibit A. Ms. Carlson's findings and conclusions are set forth in detail in the Supplemental Submission and incorporated herein by reference. In summary, Ms. Carlson determined that the signatures purporting to be those of Olivia Nantongo on all four Questioned Documents are forensically identical — a scientific impossibility for genuine signatures executed over a span of three years — and concluded that the signatures were electronically manipulated and cut-and-pasted onto the documents without Ms. Nantongo's knowledge or participation.

C.  <u>OBSERVATIONS REGARDING OPT-IN PLAINTIFF SHARON GRAHAM</u>

7.  I bring to the Court's attention the following observations regarding opt-in Plaintiff Sharon Graham, for informational purposes only. I do not represent Ms. Graham. Ms. Graham is not currently represented by counsel in this action. I am not in a position to confirm whether Ms. Graham views the circumstances surrounding her settlement as fraudulent, unauthorized, or otherwise improper, and I make no representations on her behalf.

8.  Upon my review of the docket and the documents produced by former counsel Fred V. Charles, Esq. pursuant to the Court's scheduling order issued at the February 18, 2026, conference, I observed the following documents bearing purported signatures of Sharon Graham:

- Graham Document 1 — EEOC Charge of Discrimination purportedly signed by Sharon Graham, dated May 23, 2022, notarized by Fred V. Charles, Esq. (Notary Public No. 02CH6423718, Qualified in Queens County), certifying under oath that Ms. Graham

2

personally appeared before him and signed the document in his presence, a true copy of which is annexed hereto as **Exhibit F**.

- Graham Document 2 — Consent to Join Collective Action purportedly signed by Sharon Graham, dated April 20, 2023, filed by Charles Law, P.C. on Ms. Graham's behalf, a true copy of which is annexed hereto as **Exhibit G**; and

- Graham Document 3 — Acceptance of Rule 68 Offer of Judgment purportedly signed by Sharon Graham, dated December 6, 2024, a true copy of which is annexed hereto as **Exhibit H**.

9. During the course of my investigation, I provided Ms. Carlson with the Graham Documents described in paragraph 8 above, in addition to the Nantongo Questioned Documents, and requested a verbal preliminary assessment. Ms. Carlson verbally advised me that her preliminary review of the signatures purporting to be those of Sharon Graham — across the EEOC Charge (Exhibit F), the Consent to Join (Exhibit G), and the Acceptance of Rule 68 Offer of Judgment (Exhibit H) — revealed that those signatures appear to be identical to one another across a span of over two years (2022–2024). Ms. Carlson has not yet completed a written report with respect to Ms. Graham's documents. I am not submitting Ms. Carlson's verbal assessment as expert testimony or as evidence in this proceeding at this time. I report it solely to bring these observations to the Court's attention so that the Court may consider whether further inquiry is warranted.

10. I respectfully submit that the Court may wish to make its own inquiry as to the circumstances of Ms. Graham's settlement, including whether she was consulted, whether she consented, and whether she received any proceeds. I take no position on Ms. Graham's claims or rights, which are hers alone to assert or waive.

### D.  THE DOCUMENTS PRODUCED BY FORMER COUNSEL

11. Pursuant to the Court's direction at the February 18, 2026 telephone conference, former counsel Fred V. Charles, Esq. was directed to produce the original settlement documents — including the Rule 68 acceptance, satisfaction of judgment, the check, and the separate settlement agreement — to undersigned counsel by February 25, 2026, via mail with return receipt or FedEx. I received the documents from former counsel and provided them to Ms. Carlson for examination.

12. I note for the record that Fred V. Charles, Esq. served as the notary public on the Nantongo EEOC Charge of Discrimination (Q1, Exhibit A), as well as the Graham EEOC Charge of Discrimination (Graham Document 1, Exhibit F), affixing his notary commission stamp (No. 02CH6423718, Qualified in Queens County) to both documents. By executing a notarial

3

acknowledgment on those documents, Mr. Charles did not merely sign as a witness — he certified, under penalty of law, each of the following: (1) that the named signer personally appeared before him at the time and place of execution; (2) that he personally witnessed the signer execute the document; (3) that he verified the identity of the signer through valid, government-issued identification presented to him at the time of signing; and (4) that the signature on the document was the genuine, voluntary act of the named individual. *See* N.Y. Exec. Law § 135; *see also* N.Y. Real Prop. Law § 303 (requiring that a notary personally know or have satisfactory evidence of the identity of the person appearing before him). These are not ministerial formalities — they are affirmative certifications made under oath, the truth of which Mr. Charles personally attested. If, as Ms. Carlson's forensic examination of the Nantongo documents establishes, the signatures on those documents are electronically duplicated images rather than genuine wet ink signatures executed in Mr. Charles's presence, then every element of Mr. Charles's notarial certification was false: no one appeared before him, no identification was presented, and no signature was witnessed. The notarial acknowledgment was itself a fraud — a sworn false certification affixed to a court-filed document by an officer of this Court.

WHEREFORE, undersigned counsel respectfully requests that this Court grant the relief set forth in the Supplemental Submission filed contemporaneously herewith and grant such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 17, 2026

Respectfully submitted,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
(347) 342-7432
tblackburn@tablackburnlaw.com
*Attorney for Plaintiff Olivia Nantongo*

4

## UPDATED EXHIBIT LIST

| Exhibit | Document | Date |
|---|---|---|
| A | Charge of Discrimination (Q1) — Olivia Nantongo, notarized by Fred V. Charles | Dec. 23, 2021 |
| B | EEOC Charge (Q2) — Olivia Nantongo | Jan. 20, 2022 |
| C | Settlement Agreement (Q3) — Olivia Nantongo | Nov. 21, 2024 |
| D | Notice of Acceptance of Rule 68 Offer of Judgment (Q4) — Olivia Nantongo (Dkt. 42) | Dec. 6, 2024 |
| E | Forensic Report of Kathy S. Carlson, C.F.D.E., C.Q.D.E. | Mar. 17, 2026 |
| F | EEOC Charge of Discrimination — Sharon Graham, notarized by Fred V. Charles | May 23, 2022 |
| G | Consent to Join Collective Action — Sharon Graham | Apr. 20, 2023 |
| H | Acceptance of Rule 68 Offer of Judgment — Sharon Graham (Dkt. 43) | Dec. 6, 2024 |
| I | Full Text of Cases Cited in Plaintiff's Supplemental Submission (Westlaw, 21 cases) | Mar. 17, 2026 |