**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
OLIVIA NANTONGO on behalf of herself
and all others similarly situated,

                    Plaintiff,                        **22-cv-04974 (OEM)(VMS)**

       -against-

NATIONWIDE   MORTGAGE   BANKERS,
INC.,

                    Defendant.
-----------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION SEEKING TO VACATE THE JUDGMENT ENTERED ON DECEMBER 9, 2024

Dated: April 17, 2026
      Massapequa, New York                    Respectfully submitted,

                                           THE NHG LAW GROUP, P.C.

                                      *Justin Reilly*
                                    _____
                                    By: Justin M. Reilly, Esq.
                                    *Attorneys for the Defendant*
                                    4242 Merrick Road
                                    Massapequa, New York 11756
                                    Tel: 516-228-5100
                                    justin@nhglaw.com

1

## PRELIMINARY STATEMENT

In her supplemental submission, Plaintiff, Olivia Nantongo ("Nantongo"), pivots away from her Fed. R. Civ. P. 60(b)(3) argument because that claim is untimely and not applicable here as Nantongo does not make any allegations of fraud, misrepresentation, or misconduct against Defendant, Nationwide Mortgage Bankers Inc. ("Nationwide").[1] Instead, Nantongo now primarily focuses on her fraud on the court argument under Fed. R. Civ. P. 60(d)(3). This argument is made strictly against her former attorney and centers around allegations that Nantongo did not sign the Acceptance of Rule 68 Offer of Judgment that her former attorney filed with the Court.[2] Nantongo's former attorney, however, claims that Nantongo "signed or authorized all documents in this matter . . ." [D.E. 54, p. 5]. Nantongo hired a purported handwriting expert to dispute her signature, but that expert's conclusions are not final as the expert has requested to review additional documents to determine authenticity [D.E. 61-6, p. 3].

What is clear from Nantongo's moving papers and supplemental filing is that Nantongo knew in December 2024 that her wage and hour case settled and admits to receiving a check made payable to her from Nationwide in the amount of $28,000.00. Nantongo's former attorney states "Ms. Nantongo agreed to accept the offer of $28,000 to settle this action. This is not in dispute." [D.E. 54, p. 5]. Nantongo had full control over the $28,000.00 that was paid to her by Nationwide and was able to use those funds at her leisure; her former attorney also had the same use of the $12,000.00 that he received from Nationwide. Whether Nantongo misunderstood that her unfiled allegations of sexual harassment were resolved with the wage and hour case does not rise to the level of fraud on the court. Nantongo's issue is with her former attorney and the way they

---

[1] Fed. R. Civ. 60(b)(3) requires the fraud, misrepresentation, or misconduct to be by an opposing party.

[2] Nantongo also claims that she did not sign a Settlement Agreement that released claims she allegedly had for sexual harassment, but this issue is not properly before the court as Nantongo never filed a lawsuit in this court or any court alleging claims for sexual harassment. Nantongo's case here was strictly for alleged violations of the FLSA and NYLL.

communicated with each other. The standard for proving fraud on the court is very high and must be demonstrated by clear and convincing evidence. Nantongo's submissions do not come close.

## LEGAL ARGUMENT

### A. Fed. R. Civ. P. 60(d)(3) Standard

To warrant relief under Fed. R. Civ. P. 60(d)(3), a party must demonstrate fraud on the court that seriously affected the integrity of the normal process of adjudication. *Giurca v. Montefiore Health System, Inc.*, 2025 WL 2658786, at *2 (2d Cir. 2025) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988)). In doing so, the plaintiff must prove, by clear and convincing evidence, that the defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant were of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense. *Id.* at *2 (quoting *Mazzei v. The Money Store*, 62 F.4th 88, 93-94 (2d Cir. 2023)). Fraud on the court is distinct from fraud on an adverse party, and embraces only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases. *Id.* at *2 (quoting *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995)). Fraud involving injury to a single litigant generally will not meet the level of fraud on the court. *Gleason*, supra at 560.

### B. Plaintiff Has Not Proven Fraud on the Court by Clear and Convincing Evidence

Several recent Second Circuit cases have held that a plaintiff must demonstrate by clear and convincing evidence that a defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant were of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense. *See Giurca v. Montefiore Health System, Inc.*, 2025 WL 2658786, at *2 (2d Cir. 2025); *In re Enforcement of Philippine Forfeiture Judgment v.*

*All Assets of Arelma, S.A.*, 153 F.4th 142, 161 (2d Cir. 2025); *Mazzei v. The Money Store*, 62 F.4th 88, 93-94 (2d Cir. 2023).

Here, there is the unusual situation where the plaintiff is not making any allegations of wrongdoing against the defendant, Nationwide. Instead, Nantongo is making allegations of fraud against her former attorney, Fred V. Charles, Esq. Nantongo's current attorney, Tyrone A. Blackburn, Esq., was Fred V. Charles' co-counsel in this action and many other matters. Fred V. Charles, Esq. claims that both Nantongo and Tyrone A. Blackburn knew about the settlement and were aware that he never pursued any sexual harassment claims on Nantongo's behalf. It is clear from the submissions herein that both Mr. Charles and Mr. Blackburn have had a major falling out as they are accusing one another of all kinds of misconduct.

What the Plaintiff's side has failed to address in their submissions is that Nationwide paid out a total of $45,000.00 to resolve this action and Nantongo's unfiled claims of alleged sexual harassment.[3] Nantongo and Fred V. Charles had no issue with receiving this money and spending it at their leisure. Yet, Nantongo wants to reopen this case against Nationwide because of what Plaintiffs' papers have demonstrated to be some sort of miscommunication between attorney and client. Fed. R. Civ. P. 60(b)(3) only applies to fraud, misrepresentation, or misconduct by an opposing party. The current Second Circuit case law demonstrates that Fed. R. Civ. P. 60(d)(3) only applies to fraud on the court committed by an opposing party. In any event, Nantongo's submissions and the opposition papers of Fred V. Charles, Esq. do not establish fraud on the court by clear and convincing evidence. Thus, Plaintiff's motion should be denied in its entirety with prejudice.

---

[3] Opt-in Plaintiff Sharon Graham received a total of $5,000.00 as part of the settlement.