**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVIA NANTONGO on behalf of herself and all others similarly situated,<br><br>                   Plaintiff,<br><br>V.<br><br>NATIONWIDE MORTGAGE BANKERS INC.<br>                  Defendant. | CASE NO. 22-cv-04974<br>Civil Action<br><br>Affidavit of Tyrone A. Blackburn, Esq. in Further Support of Plaintiff's Motion to Vacate Clerk's Judgment and For Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) And 60(d)(3) |

I, TYRONE A. BLACKBURN, being duly sworn, deposes and says:

1. I am an attorney duly licensed to practice law in the State of New York and the State of New Jersey. I am the principal of T.A. Blackburn Law, PLLC, counsel of record for Plaintiff Olivia Nantongo ("Ms. Nantongo") in the above-captioned action.

2. I submit this affidavit in further support of Plaintiff's Motion to Vacate the December 17, 2024, Satisfaction of Judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), and in opposition to the oppositions filed by Defendant Nationwide Mortgage Bankers, Inc. (ECF No. 62) and Fred V. Charles, Esq. (ECF No. 63).

3. I have personal knowledge of the facts set forth herein.

4. Ms. Nantongo retained T.A. Blackburn Law, PLLC in or around January 2026 to investigate the status of her wage and hour claims, which had been pending in this action, and to inquire about the status of her sexual harassment claims, which she understood had not yet been filed.

5. Upon being retained, I reviewed the docket of the above-captioned matter. On December 6, 2024, a Notice of Acceptance with Offer of Judgment was filed (ECF No. 42).

6. On December 9, 2024, the Clerk's Judgment was entered (ECF No. 44). On December 17, 2024, a Satisfaction of Judgment was filed (ECF No. 46).

7. I discovered that the Notice of Acceptance purportedly bore Ms. Nantongo's electronic signature.

8. I promptly brought these documents to Ms. Nantongo's attention.

9. Ms. Nantongo unequivocally denied ever signing any acceptance of a Rule 68 offer of judgment.

10. She further informed me that she had never been shown, reviewed, or authorized any settlement document releasing her sexual harassment claims, and that she had received no consideration whatsoever for the release of those claims.

11. Based on Ms. Nantongo's denial, I retained a licensed forensic document examiner and handwriting expert to examine the signatures appearing on the settlement documents on file with the Court.

12. The forensic examiner reviewed the available electronic signature data and issued a preliminary report concluding that the electronic signatures purporting to bear Ms. Nantongo's name on the settlement documents are not authentic.

13. The forensic examiner has requested access to the original electronic signature metadata files to complete the full examination.

14. Those files are in the possession and control of Fred V. Charles, Esq.

15. To date, Fred Charles has failed to produce them. The expert's need for additional materials reflects the limits of what can be examined without access to source files in the opposing parties' control — it does not reflect any deficiency in Plaintiff's proof.

16. In preparing the present reply to submission, I independently verified each citation contained in the opposition brief filed by Fred V. Charles, Esq. (ECF No. 63) through Westlaw and LexisNexis.

17. At page 9 of his opposition, Mr. Charles cites "Linkco Inc. v. Naoyuki Akikusa, 357 Fed Appx. 180, 181 (2d Cir. 2010)" for the proposition that a movant under Rule 60(d)(3) must satisfy a three-part test requiring, among other things, that the movant show it has no other available or adequate remedy. I was unable to locate any Second Circuit decision by that citation.

18. A search of the Federal Reporter reveals that 357 F. App'x 179 corresponds to *United States v. Philley*, 357 F. App'x 179 (10th Cir. 2009), a Tenth Circuit criminal sentencing appeal with no civil procedure content and no bearing on any issue in this case. A true and correct copy of *United States v. Philley* is attached hereto as **Exhibit A**.

19. The citation to "Linkco Inc. v. Naoyuki Akikusa, 357 Fed Appx. 180, 181 (2d Cir. 2010)" does not exist. It is a fabricated case citation submitted to this Court by Mr. Charles in a filed opposition brief. This fabrication is further addressed in Plaintiff's separately filed Motion for Sanctions.

2

20. Nationwide's opposition brief (ECF No. 62, at 4 n.3) expressly acknowledges that of the $45,000 total settlement paid, a portion was paid to resolve "Nantongo's unfiled claims of alleged sexual harassment."

21. Ms. Nantongo received $28,000. She received no separate consideration for the release of her sexual harassment claims.

22. She was never informed that such claims were being released. She never negotiated their release, and she never authorized Mr. Charles to release them.

23. Pages 13 through 17 of Mr. Charles's opposition brief (ECF No. 63) consist almost entirely of personal attacks directed at undersigned counsel.

24. These allegations have no bearing on whether Ms. Nantongo's signature was forged, whether Mr. Charles had authority to release her sexual harassment claims, or whether the filing of a forged instrument constitutes fraud on the court. I address them here solely to correct the record.

25. **Allegation: That I contacted Ms. Nantongo and conspired with her to fabricate a false story.** (ECF No. 63 at 5). This is false. Ms. Nantongo contacted T.A. Blackburn Law, PLLC seeking legal assistance regarding her prior representation and the status of her claims. She was not solicited, recruited, or in any way induced to pursue this motion. The suggestion that Ms. Nantongo — an adult woman who suffered sexual harassment and received no consideration for the release of those claims — needed to be "convinced" by counsel to pursue redress is both factually incorrect and demeaning to Ms. Nantongo.

26. **Allegation: That I sent threatening text messages to Mr. Charles regarding malpractice insurance and litigation strategy.** (ECF No. 63; Charles Decl. Exs. B, F, G). The communications Mr. Charles describes were professional correspondence in the context of potential and pending legal disputes. Advising an opposing attorney that a malpractice claim may be forthcoming — when that attorney's client has been damaged by his conduct — is not a threat. It is notice. The text message "Laugh today, cry tomorrow," which Mr. Charles characterizes as a "chilling" "physical threat" (ECF No. 63 at 15), is a colloquial expression communicating that the legal consequences of Mr. Charles's conduct would materialize. It was not a physical threat of any kind.

27. **Allegation: That I fabricated allegations about Ralph Charles's employment with the EEOC.** (ECF No. 63; Charles Decl. Ex. D). The information I conveyed regarding Ralph

3

Charles's conduct was provided to me by individuals with direct knowledge of the circumstances. I communicated that information to Mr. Fred Charles as a professional courtesy, precisely because I was co-counsel with his office on multiple pending matters and did not want those matters or those clients to be exposed to conduct, I had been informed about. The decision to communicate those concerns to EEOC supervisory personnel was made in good faith based on the information available to me at the time.

28. **Allegation: That I improperly linked Ralph Charles's government email address to a Dropbox.** (ECF No. 63 at 14). This allegation is inaccurate. Any communications sent through shared digital platforms were made in the ordinary course of coordinating case files and records in matters in which Charles Law, P.C. was co-counsel. There was nothing improper about those communications.

29. **Allegation: That I have been sanctioned or admonished by multiple courts and referred to a grievance committee.** (ECF No. 63 at 15–16). Mr. Charles selectively cites judicial commentary from unrelated matters involving different facts and different parties. None of those matters resulted in a finding of professional misconduct by any bar disciplinary authority. More to the point: none of it answers whether Ms. Nantongo's signature was forged.

30. **Allegation: That I filed a letter of withdrawal from practice citing mental health struggles.** (ECF No. 63 at 17; Charles Decl. Ex. K). The referenced letter was filed in an unrelated matter in the District of New Jersey and has no bearing on Ms. Nantongo's claims, on the authenticity of the disputed signatures, or on any legal argument in this motion.

31. Each of the foregoing personal allegations is legally irrelevant to the questions before this Court.

32. They were included in Mr. Charles's opposition for one purpose: to deflect from the fact that he cannot provide a coherent legal answer to Ms. Nantongo's central claim. The Court is respectfully asked to disregard them entirely and decide this motion on its legal and factual merits.

33. Based on the foregoing, and for the reasons set forth in Plaintiff's Reply Memorandum of Law filed contemporaneously herewith, Plaintiff respectfully requests that the Court: (1) grant the motion to vacate the December 17, 2024 Satisfaction of Judgment pursuant to Rule 60(d)(3); (2) restore this matter to the active docket; (3) in the alternative, hold an evidentiary hearing to resolve disputed factual questions; (4) refer the matter of the forged documents to the

4

appropriate disciplinary authority; and (5) grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
April 22, 2026

Respectfully submitted,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
(347) 342-7432
tblackburn@tablackburnlaw.com
*Attorney for Plaintiff Olivia Nantongo*

5