Tyrone Blackburn, ESQ
Attorney NJS-ID # 232602020
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
*Attorney for Plaintiff,* Olivia Nantongo

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVIA NANTONGO on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>V.<br><br>NATIONWIDE MORTGAGE BANKERS INC.<br>        Defendant. | CASE NO. 22-cv-04974<br>Civil Action<br><br>Affidavit Of Tyrone A. Blackburn, Esq.<br>in Support of Plaintiff's Motion for Sanctions Against Fred V. Charles, Esq. and Charles Law, P.C. |

TYRONE A. BLACKBURN, ESQ., being duly sworn, deposes and says:

1.  I am an attorney duly admitted to practice law in the State of New York and before the United States District Court for the Eastern District of New York. I am the principal of T.A. Blackburn Law, PLLC, and counsel of record for Plaintiff Olivia Nantongo in the above-captioned matter. I submit this Affidavit in support of Plaintiff's Motion for Sanctions Against Fred V. Charles, Esq. and Charles Law, P.C. I have personal knowledge of the facts stated herein.

2.  Fred V. Charles, Esq. of Charles Law, P.C. served as prior counsel of record for Plaintiff Olivia Nantongo. In connection with the pending motions before this Court, Mr. Charles filed opposition papers at ECF No. 54 (filed February 7, 2026) and ECF No. 63 (filed April 17, 2026). Both submissions contain fabricated, non-existent, or materially misattributed legal citations, as detailed below.

<u>The First Fabricated Citation — ECF No. 54</u>

3.  In ECF No. 54, Mr. Charles cited <u>Mpala v. Segarra</u>, 715 Fed. Appx. 84-85 (2d Cir. 2018).

4.  Upon conducting independent legal research across Westlaw and LexisNexis, I confirmed that no case exists at 715 Fed. Appx. 84-85 with the caption <u>Mpala v. Segarra</u>. That volume and page citation does not correspond to any <u>Mpala v. Segarra</u> decision in any legal database.

5.  The actual case <u>Mpala v. Segarra</u> is reported at 718 Fed. Appx. 84 (2d Cir. 2018) — not 715 Fed. Appx. 84-85 as cited by Mr. Charles. A true and correct copy of <u>Mpala v. Segarra</u>, 718 Fed. Appx. 84 (2d Cir. 2018), as retrieved from Westlaw, is annexed hereto as **Exhibit A**.

6. The citation as written in ECF No. 54 — "715 Fed. Appx. 84-85" — does not exist. It is a fabrication.

<u>The Second Set of Fabricated and Misattributed Citations — ECF No. 63</u>

7. In ECF No. 63, Mr. Charles cited <u>LinkCo, Inc. v. Naoyuki Akikusa</u>, 357 Fed. Appx. 180 (2d Cir. 2010).

8. Upon independent research, I confirmed that the correct citation for <u>LinkCo, Inc. v. Naoyuki Akikusa</u> is 367 Fed. Appx. 180 (2d Cir. 2010) — not 357 Fed. Appx. 180 as stated in ECF No. 63. The volume number cited by Mr. Charles is incorrect. A true and correct copy of <u>LinkCo, Inc. v. Naoyuki Akikusa</u>, 367 Fed. Appx. 180 (2d Cir. 2010), as retrieved from Westlaw, is annexed hereto as **Exhibit B**.

9. In ECF No. 63, Mr. Charles also cited <u>United States v. Philley</u>, 357 Fed. Appx. 179, and attributed it to the Second Circuit.

10. Upon independent research, I confirmed that <u>United States v. Philley</u>, 357 Fed. Appx. 179 (2009) is a Tenth Circuit decision — not a Second Circuit decision. Mr. Charles's attribution of this case to the Second Circuit is false and materially misleading. A true and correct copy of <u>United States v. Philley</u>, 357 Fed. Appx. 179 (10th Cir. 2009), as retrieved from Westlaw, is annexed hereto as **Exhibit C**.

11. In ECF No. 63, Mr. Charles further cited <u>Johnson v. Turnbill</u>, 715 Fed. Appx. 84 (2d Cir. 2018), for a proposition that case does not support. Upon independent research, I confirmed that <u>Johnson v. Turnbill</u> is a Second Circuit summary order involving an excessive force claim based on the use of overtightened handcuffs on a pre-trial detainee — entirely unrelated to the legal arguments advanced in ECF No. 63. A true and correct copy of <u>Johnson v. Turnbill</u>, 715 Fed. Appx. 84 (2d Cir. 2018), as retrieved from Westlaw, is annexed hereto as **Exhibit D**.

12. The submission of fabricated and misattributed citations in ECF Nos. 54 and 63 required me to expend substantial time and resources independently verifying each citation cited by Mr. Charles in both filings, identifying each deficiency, and preparing the instant motion and supporting papers.

13. The time I expended investigating and responding to the fabricated and misattributed citations in ECF Nos. 54 and 63 was not less than 10 hours, at my standard hourly rate of $750.00 per hour, for a total of $7,500 in fees and costs attributable solely to addressing Mr. Charles's misconduct.

2

14. Annexed hereto as exhibits are true and correct copies of the following documents:

- **Exhibit A** — *Mpala v. Segarra*, 718 Fed. Appx. 84 (2d Cir. 2018) (actual reported decision; Mr. Charles cited "715 Fed. Appx. 84-85" in ECF No. 54).
- **Exhibit B** — *LinkCo, Inc. v. Naoyuki Akikusa*, 367 Fed. Appx. 180 (2d Cir. 2010) (actual reported decision; Mr. Charles cited "357 Fed. Appx. 180" in ECF No. 63).
- **Exhibit C** — *United States v. Philley*, 357 Fed. Appx. 179 (10th Cir. 2009) (Tenth Circuit decision; Mr. Charles misattributed to the Second Circuit in ECF No. 63).
- **Exhibit D** — *Johnson v. Turnbill*, 715 Fed. Appx. 84 (2d Cir. 2018) (actual decision; cited for an inapplicable proposition in ECF No. 63).

WHEREFORE, I respectfully request that the Court grant Plaintiff's Motion for Sanctions against Fred V. Charles, Esq. and Charles Law, P.C. in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 22, 2026

Respectfully submitted,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
Counsel for Plaintiff

3