UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

OLIVIA NANTONGO, on behalf of herself and  :
all others similarly situated,

                    :

                Plaintiff,    :          **REPORT AND**

        -against-       :      **RECOMMENDATION**

                    :

NATIONWIDE MORTGAGE BANKERS INC.,  :     22 Civ. 4974 (OEM) (VMS)

                    :

            Defendant.   :

---------------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

On August 23, 2022, Plaintiff Olivia Nantongo ("Plaintiff") commenced this putative

collective action against Defendant Nationwide Mortgage Bankers Inc. ("Defendant"), asserting

wage-and-hour violations under the Federal Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA"), and the New York Labor Law § 190 et seq. ("NYLL").  See ECF No. 1.  The parties

resolved these claims through a Rule 68 offer of judgment for $20,000.00 ("Offer of Judgment"),

which Plaintiff filed with the Court on December 6, 2024.  See ECF No. 42.  Three days later,

the Clerk of Court entered judgment in Plaintiff's favor for $20,000.00, see ECF No. 44, and on

December 17, 2024, Plaintiff acknowledged full satisfaction of the judgment, see ECF No. 46.[1]

More than a year later, on January 22, 2026, Plaintiff filed a motion to vacate the judgment

pursuant to Rule 60(b)(3).  See ECF No. 48.

In brief, Plaintiff, through attorney Tyrone Blackburn ("Attorney Blackburn"), contends

that her former attorney, Fred Charles ("Attorney Charles"), procured the December 9, 2024,

---

[1] Opt-in Plaintiff Sharon Graham ("Ms. Graham") also resolved her wage-and-hour claims
through a Rule 68 offer of judgment, see ECF No. 43; the Clerk entered judgment in Ms.
Graham's favor for $3,500.00, see ECF No. 45; and Ms. Graham filed a full satisfaction of
judgment, see ECF No. 47.  Ms. Graham has not made a motion to vacate the judgment.  See
generally Docket.  Accordingly, the Court only refers to Ms. Graham as necessary.

judgment "through fraud and misrepresentation," and that Plaintiff "did not authorize or sign the acceptance of the Rule 68 offer of judgment that was filed with this court."  ECF No. 48 at 1. Defendant and Attorney Charles each filed responses in opposition.  See ECF Nos. 52-53.  The Court held a telephonic conference, see 2/18/2026 Order, and the parties subsequently submitted supplemental briefing, see ECF Nos. 61-66.  In her supplemental submission, Plaintiff argues she is entitled to relief from the judgment under both Rules 60(b)(3) and 60(d)(3).  See ECF No. 61.

For the reasons stated herein, the Court respectfully recommends that the motion be denied, as set forth in this report and recommendation.

## I.    BACKGROUND

The Court assumes familiarity with the factual and procedural histories of this action and recounts below only what is essential to assessment of the instant motion.

### A.  Factual Background

The Court draws the background from the complaint, and it makes no findings as to its accuracy.  Plaintiff is a resident of Kings County, New York.  See ECF No. 1 ¶ 6.  Defendant is a mortgage company headquartered at 68 S. Service Road Suite #400, Melville, New York.  Id. ¶¶ 7-8.  Defendant provides financing options for customers purchasing homes, investing in properties or refinancing mortgages.  Id. ¶ 7.  Plaintiff worked in Defendant's Queens, New York office located at 106-06 Jamaica Avenue, Jamaica, New York ("the Queens Office").  Id. ¶ 9.

On December 8, 2020, the Branch Manager of the Queens Office, Youssef Youssef, hired Plaintiff to work as a business-development employee in that office.  Id. ¶¶ 11, 18.  Plaintiff's duties included making unsolicited calls to potential clients, coordinating recorded video meetings with the public, and setting meetings with professionals affiliated with the real estate industry such as accountants and real estate brokers.  Id. ¶ 23.  Management "promised Plaintiff

2

an hourly wage for all hours worked plus a commission ranging from 1% to 5% for each mortgage loan file that she assisted by her marketing efforts." Id. ¶ 24. Plaintiff did not receive wage statements outlining the terms of her compensation, and she did not receive "wages, compensation, or other remunerative benefit for work performed on behalf of Defendant." Id. ¶¶ 27-28. Plaintiff made several verbal and written demands for unpaid wages and commission. Id. ¶¶ 30, 32. On May 11, 2021, Plaintiff resigned from her employment "after working for six months with no compensation." Id. ¶¶ 19, 36.

Although Plaintiff's complaint only alleges wage-and-hour violations, she had filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC Charge") on January 21, 2022, which is attached to the complaint as Exhibit A. See ECF No. 1-1.[2] In the EEOC Charge, Plaintiff alleged that Defendant discriminated and retaliated against her based on sex. Id. Defendant responded to the EEOC Charge in a March 10, 2022, statement signed by Richard Steinberg, the chairman and CEO of Defendant, which is attached to the complaint as Exhibit B. See ECF No. 1-2. Plaintiff's complaint also alleges that, after Plaintiff filed the EEOC Charge, "Defendant mailed directly to Plaintiff a payment via a check in the amount of $4,560.00."[3] ECF No. 1 ¶ 33.

---

[2] Plaintiff's posture as to the discrimination claims is unclear. On the one hand, she disavows the settlement of such claims, which implies that such claims had been raised in this action, but on the other hand, she claims that the EEOC Charge is a forgery. See ECF No. 61 at 13 (alleging that Attorney Charles "certified a false notarial acknowledgement" by using "an electronically duplicated image rather than a genuine wet ink signature" for Plaintiff on the EEOC Charge). The complaint did not have any attachment as to Ms. Graham. See generally ECF No. 1.

[3] The record reflects that in May 2021, Plaintiff sent a text message to Defendant "to advise that she was owed compensation in this amount of $4,560.00." See ECF No. 1-2 at 6. Based on Plaintiff's representation, Defendant "issued payment directly to her in the amount of $4,560.00" on March 9, 2022. Id. at 6-7.

### B.  Procedural History

On August 23, 2022, Plaintiff, through Attorney Charles, commenced this putative collective action against Defendant alleging wage-and-hour violations under the FLSA and NYLL.  See ECF No. 1.  On September 19, 2022, Defendant answered the complaint.  See ECF No. 11.  On January 9, 2023, Attorney Blackburn filed a notice of appearance in this action on behalf of Plaintiff.  See ECF No. 12.  The Court docket indicates that Attorney Blackburn received notification of all the public filings on the docket beginning on this date.  On March 7, 2023, the undersigned referred this case to Court-annexed mediation.  See 3/7/2023 Order. Although the parties did not submit a mediation report on the docket, according to Attorney Charles, a three-hour FLSA mediation session was held on April 6, 2023, with Plaintiff present. See ECF No. 54 at 4-5.  Attorney Charles represents that, at this mediation, Plaintiff "confirmed a dollar amount range at which she would agree to settle her wage[-]and[-]hour claims."  See ECF No. 63 at 4.  Further, "[t]here were no sexual[-]harassment claims discussed because there were no sexual[-]harassment claims pending against [Defendant]."  Id. at 5.  On April 18, 2023, the Court docket noted a "Report of Mediation Unsettled."  See ECF No. 63 at 7.

On October 28, 2024, the Court continued the close of discovery to December 31, 2024. See 10/28/2024 Order.  On November 21, 2024, Plaintiff, Ms. Graham and Defendant entered a "Confidential Settlement Agreement and Release."[4]  See ECF No. 61-4.  On December 6, 2024,

---

[4] As Exhibit C to her supplemental submission, Plaintiff attaches a document she describes as a "Settlement Agreement purportedly signed by Olivia Nantongo, dated November 21, 2024."  See ECF No. 61-1 at 2; ECF No. 61-4.  The document is headed "CONFIDENTIAL SETTLEMENT AGREEEMENT AND RELEASE."  See ECF No. 61-4 at 2.  The copy of the agreement filed with the Court is largely redacted but lists the parties on the first page and shows Plaintiff and Ms. Graham's purported signatures on the last page.  Id. at 2, 9.  In her papers, Plaintiff says she "received an additional $8,000," on top of the $20,000 Offer of Judgment, from this "separate, undisclosed settlement agreement she never signed."  See ECF No. 61 at 6.

Plaintiff, through Attorney Charles, filed on the Court docket a notice of acceptance of Defendant's Offer of Judgment.  See ECF No. 42.  The Offer of Judgment states in relevant part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Nationwide Mortgage Bankers, Inc. ("Defendant") hereby offers to allow judgment in this action to be taken against it and in favor of Plaintiff, Olivia Nantongo ("Nantongo"), in the amount of Twenty-Thousand Dollars and Zero Cents ($20,000.00), which is inclusive of all unpaid wages, liquidated damages, statutory penalties, pre-judgment interest, and attorneys' fees and costs incurred by Nantongo in litigating her Fair Labor Standards Act and New York Labor Law claims to the date of this offer.

Id. at 1.  On the last page is the following statement: "I, Olivia Nantongo, hereby accept Defendant, Nationwide Mortgage Bankers, Inc.'s Rule 68 Offer of Judgment attached hereto," followed by a signature.  Id. at 5.

On December 9, 2024, the Clerk of Court entered judgment against Defendant and in favor of Plaintiff for $20,000.00, "inclusive of all unpaid wages, liquidated damages, statutory penalties, pre-judgment interest, and attorneys' fees and costs incurred by [Plaintiff] in litigating her Fair Labor Standards Act and New York Labor Law claims to the date of this offer."  See ECF No. 44.  This closed the case.

On December 17, 2024, Plaintiff, by a filing on the Court docket through Attorney Charles, acknowledged full satisfaction of the judgment entered on December 9, 2024.  See ECF No. 46.  According to Defendant, on December 23, 2024, Plaintiff endorsed and deposited a check in the amount of $28,000 from Defendant.  See ECF No. 53 at 3-4; ECF No. 53-1.  Plaintiff does not dispute this fact.  There were no further filings until January 2026.  See generally Docket.  On January 22, 2026, 410 days after the Clerk's entry of judgment, Plaintiff, through Attorney Blackburn, filed the instant motion seeking to vacate the judgment.  See ECF No. 48.

## II.    THE PARTIES' ARGUMENTS

### A.    Plaintiff's Motion And Supplemental Submission

Plaintiff's motion, filed by Attorney Blackburn, is entitled "Urgent Letter Advising the Court of Fraud Upon the Court and Requesting Immediate Judicial Intervention."  See ECF No. 48.  At the outset, Attorney Blackburn notes that although he filed a notice of appearance on January 9, 2023, he "was never the lead counsel and was not involved in any substantive aspect of the litigation."  Id. at 1-2.  He adds, "I had no knowledge of the settlement negotiations, settlement terms, payment amounts, or scope of claims being resolved.  I did not communicate with [Plaintiff] about her case at any point during the litigation."  Id. at 2.

In short, Plaintiff contends that the December 9, 2024, judgment was procured "through fraud and misrepresentation," and that Plaintiff "did not authorize or sign the acceptance of the Rule 68 offer of judgment that was filed with this court."  Id. at 1.  Plaintiff asserts that she learned her case had settled for $28,000.00 via a telephone call from Ralph Charles, Attorney Charles's brother and a non-lawyer.[5]  Id. at 4.  Ralph Charles then mailed her a check for this amount.  Id.  Plaintiff says that Attorney Charles did not personally communicate with Plaintiff about the settlement negotiations, settlement terms, legal fees or other important details.  Id.  On January 14, 2026, Plaintiff states that she contacted Attorney Charles to inquire about that status of her sexual-harassment case and learned "for the first time that the $28,000 settlement payment she had received resolved both her employment wage claims AND her sexual[-]harassment claims."  Id. at 2.  She then requested that Attorney Charles provide her with the complete case file.  Id. at 3.  After he failed to do so, Plaintiff created a group chat with Attorney Charles, Ralph Charles and Attorney Blackburn, wherein she again requested the case file.  Id.  In

---

[5] Plaintiff does not indicate when this telephone call occurred.

6

Plaintiff's filing, she reports that Attorney Blackburn then provided Plaintiff with all available court documents, and Plaintiff viewed the Offer of Judgment, acceptance of the offer, the Court's judgment and the satisfaction of judgment for the first time.  Id. at 4.

Attorney Blackburn contends that "[t]he evidence now available reveals material misrepresentations to this Court regarding the settlement[,]" including the following: (1) the Court was told Ms. Nantongo's settlement was for $20,000.00; however, she was actually paid $28,000.00; (2) the total settlement amount disclosed to the Court, including for Ms. Graham, was $23,500.00; however, Attorney Charles received an undisclosed $12,000.00 payment for attorneys' fees, and the total settlement amount was $45,000.00; and (3) the Court was told that only the FLSA and NYLL claims were resolved; however, the sexual-harassment claims were also resolved.  Id. at 6.  Plaintiff asserts that she never signed a settlement agreement or the Offer of Judgment, that she never spoke with Attorney Charles about accepting a settlement, that she never gave Attorney Charles authorization to settle her sexual-harassment claims and that her signature on the acceptance of the Offer of Judgment was a forgery.  Id.

Plaintiff asks the Court to "reinstate this case to the active docket and vacate the judgment entered on December 9, 2024 . . . on the ground that it was procured through fraud, forgery, and material misrepresentation under Federal Rule of Civil Procedure 60(b)(3)."  Id. at 8.  She further requests that the Court issue an order to show cause requiring Attorney Charles and Ralph Charles to be sanctioned and referred for professional discipline, that the Court refer this matter to the United States Attorney's Office for criminal investigation, and that the Court conduct an evidentiary hearing.  See id. at 8-10.

In a supplemental submission filed on March 18, 2026, Plaintiff primarily relies on Rule 60(d)(3) to request that the judgment be vacated based on fraud upon this Court.  See ECF No.

61 at 9-14.  Plaintiff attaches the written report and findings of a retained forensic document examiner to support her contention that multiple documents, including the acceptance of the Offer of Judgment, bear her forged signature.  See ECF No. 61-6.  Plaintiff argues the forensic evidence shows four "forensically identical" signatures across approximately three years, which demonstrates that "a single signature image was copied and imposed on each document."  ECF No. 61 at 7-8.  Plaintiff contends that "bearing a forged signature—a document filed directly with this Court, resulting in the entry of a clerk's judgment—is precisely the type of conduct that constitutes fraud upon the court."  Id. at 9.  In addition, Plaintiff argues the purported settlement agreement is void because Attorney Charles lacked authority to settle.  Id. at 10-11.

### B.  Defendant's Responses In Opposition

In opposition to the instant motion, Defendant argues that Plaintiff's motion "must be dismissed because it is untimely and does not make any allegations of fraud, misrepresentation, or misconduct against Nationwide, but instead makes those allegations against her own attorney."  ECF No. 53 at 2.  Defendant emphasizes the absolute one-year limitations period for claims encompassed by Rule 60(b)(3).  Id. at 3-4.  Defendant states that Plaintiff herself admits "she learned that her case had settled when Ralph Charles called her and told her the case had settled and later mailed her a check for $28,000.00."  Id. at 3 (citing ECF No. 49, Pl.'s Aff.).  Plaintiff subsequently "endorsed and deposited this check on December 23, 2024 . . . more than one year ago."  Id. at 3-4.  Defendant highlights that, even if Plaintiff believed the December 2024 settlement encompassed only her wage-and-hour claims and not her sexual-harassment claims, Plaintiff "never filed Title VII claims in this Court or any other court."  Id. at 4.  Defendant explains that Plaintiff's "FLSA and NYLL claims were resolved through a Fed. R.

8

Civ. P. 68 Offer of Judgment and her non-filed sexual[-]harassment claims were resolved through a settlement agreement," as is common practice with FLSA/NYLL claims. Id. at 3 n.2.

In response to Plaintiff's supplemental submission, Defendant asserts that "[w]hether [Plaintiff] misunderstood that her unfiled allegations of sexual harassment were resolved with the wage[-]and[-]hour case does not rise to the level of fraud on the court," which requires clear and convincing evidence that the conduct interfered with the integrity of the judicial process. ECF No. 62 at 2-3. Defendant points out the unusual posture of this motion—Plaintiff makes allegations of fraud against her former attorney, Attorney Charles, while her current attorney, Attorney Blackburn, was co-counsel in this action well before the entry of judgment. Id. at 4. Defendant argues that Plaintiff seeks to reopen this case based on a "miscommunication between attorney and client," which does not meet her burden under Rules 60(b)(3) or 60(d)(3). Id.

### C. Attorney Charles's Responses In Opposition

Attorney Charles opposes Plaintiff's motion, arguing it is untimely under Rule 60(b)(3) and "brought for the sole improper purpose of furthering an unhinged harassment campaign against me and Ralph Charles by Tyrone Blackburn." See ECF No. 54 at 1. Attorney Charles states that, as co-counsel on the case, Attorney Blackburn "received notice via ECF of all filings in this action" since January 9, 2023. Id. at 2. Regarding Plaintiff's sexual-harassment claims, Attorney Charles explains he decided not to move forward with these claims "because I did not believe that her claims met the standard to be filed as claims in federal court." Id. at 4. He says that "Ms. Nantongo and Mr. Blackburn" were fully aware of this fact; further, the parties participated in a three-hour, court-ordered mediation on April 6, 2023, during which they discussed only the wage-and-hour claims. Id. at 4-5. Attorney Charles states that Plaintiff

9

agreed to accept the offer of $28,000 to settle this action and "now claims she was defrauded for sexual[-]harassment claims that accrued over four (4) years ago." Id. at 5.

In response to Plaintiff's supplemental submission, Attorney Charles reiterates that the motion is time-barred under Rule 60(b)(3), see ECF No. 63 at 8-9, and that Plaintiff has not provided clear and convincing evidence of fraud on the court, as required by Rule 60(d)(3), see id. at 9-10. Attorney Charles notes that after filing the instant motion, Plaintiff filed a separate, related action in this District, naming Attorney Charles, Ralph Charles and Charles Law, P.C. as defendants, which shows Plaintiff has other available remedies. Id. at 10. Attorney Charles also contends that Plaintiff fails to plead the elements for a claim of forgery under New York law, including a material misrepresentation or omission of fact and intent to defraud. Id. at 10-12. Finally, Attorney Charles asserts he had both actual and apparent authority to act on Plaintiff's behalf. Id. at 12-13.

## III.   APPLICABLE LAW

### A.  Rule 68

Federal Rule of Civil Procedure 68 is a "cost-shifting rule intended to encourage settlement and avoid protracted litigation." Steiner v. Lewmar, Inc., 816 F.3d 26, 31 (2d Cir. 2016) (citing Marek v. Chesny, 473 U.S. 1, 5 (1985). Rule 68 provides in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). "Generally, court approval is not required where a Rule 68 offer of judgment resolves a Fair Labor Standards Act claim." Martinez v. JLM Decorating Inc., No. 20 Civ. 2969 (SN), 2025 WL 2123653, at *1 (S.D.N.Y. July 29, 2025) (citing (Mei Xing Yu v.

Hasaki Rest., Inc., 944 F.3d 395, 414 (2d Cir. 2019) (refusing to "write a judicial approval requirement into the FLSA, and thereby into Rule 68(a)")).

### B.  Rule 60(b)(3)

Federal Rule of Civil Procedure 60 sets forth "procedures by which a party may seek relief from a final judgment." Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Dem. Rep., 864 F.3d 172, 182 (2d Cir. 2017) (citation & quotations omitted).  Federal Rule of Civil Procedure 60(b), entitled "Grounds for Relief from a Final Judgment, Order, or Proceeding," provides that,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

As relevant here, Federal Rule of Civil Procedure 60(b)(3) permits courts to provide relief from a final judgment when "the conduct complained of," namely fraud, misrepresentation or misconduct, "prevented [the moving party] from fully and fairly presenting [their] case." Shanfa Li v. Chinatown Take-Out Inc., 812 F. App'x 49, 53 (2d Cir. 2020) (citation & quotations omitted).

Generally, "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989).  Deciding "whether to grant such

relief is addressed to the sound discretion of the district court," with "courts aim[ing] to strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Thai-Lao Lignite, 864 F.3d at 182 (citations & quotations omitted). The Second Circuit has repeatedly affirmed denials of Rule 60(b)(3) motions for failure to meet this rigorous standard. See, e.g., Res. Grp. Int'l Ltd. v. Chishti, No. 25-2163, 2026 WL 1480419, at *2-3 (2d Cir. May 27, 2026) (affirming district court's denial of Rule 60(b) motion where the movant failed to provide "clear and convincing evidence" of the alleged misconduct); Jeanty v. City of Utica, No. 23-369, 2024 WL 4429417, at *3 (2d Cir. Oct. 7, 2024) (holding that because the movant "did not present clear and convincing evidence of fraud that would have prevented him from fully and fairly presenting his case, the district court properly denied his motion to vacate under Rule 60(b)(3)"); Castro v. Bank of New York Mellon as tr. for certificate holders of CWalt Inc., Alt. Loan Tr. 2006-0A11 mortgage pass through certificates, series 2006-OA11, 852 F. App'x 25, 30 (2d Cir. 2021) (affirming district court's denial of Rule 60(b)(3) motion because movant "point[ed] to no specific instances of fraud or misconduct that prevented him from fully and fairly presenting his case") (internal quotations omitted).

As to the timeframe for filing such a motion, and "[i]n service of the latter interest," namely preserving the finality of judgments, "Rule 60(c) requires that a motion for relief under Rule 60(b) be made 'within a reasonable time.'" Thai-Lao Lignite, 864 F.3d at 182 (quoting Fed. R. Civ. P. 60(c)). In determining whether a motion was filed within a reasonable time, courts consider "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." Thai-Lao Lignite, 864 F.3d at 182 (citation & quotations omitted). Further, Rule 60(c)(1) requires that a Rule 60(b) motion filed pursuant to subsections (1) to (3) be filed "no more than a year after the

12

entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see

BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025) ("A party seeking relief based on the

grounds covered by paragraphs (1) through (3)—i.e., mistake or excusable neglect, new

evidence, or fraud—faces a 1-year limitations period."). This one-year time bar is "absolute."

Wang v. Int'l Bus. Machines Corp., 839 F. App'x 643, 646 (2d Cir. 2021) (quoting Martha

Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc., 466 F.3d

97, 100 (2d Cir. 2006).

On a Rule 60(b) motion, "[t]he burden is on the moving party to demonstrate that it is

entitled to relief, and courts '[g]enerally . . . require that the evidence in support of the motion to

vacate a final judgment be highly convincing.'" Thai-Lao Lignite, 864 F.3d at 182 (quoting

Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). Where, as here, the judgment

in question was the result of "an agreed-upon disposition instead of seeking a resolution on the

merits, . . . the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial,

lost, and failed to appeal." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986). Given the strong

interest in the finality of judgments, relief "is generally not favored and is properly granted only

upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247

F.3d 370, 391 (2d Cir. 2001); Nemaizer, 793 F.2d at 61 ("Properly applied Rule 60(b) strikes a

balance between serving the ends of justice and preserving the finality of judgments.")

### C.  Rule 60(d)(3)

Federal Rule of Civil Procedure 60(d)(3) provides that "[Rule 60] does not limit a court's

power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The Second

Circuit has explained that "fraud on the court[,]" as distinguished from fraud by an opposing

party, is fraud that "seriously affects the integrity of the normal process of adjudication." Space

13

Hunters, Inc. v. United States, 500 F. App'x 76, 78 (2d Cir. 2012) (quoting Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988)) (internal quotations omitted).  Fraud on the court is limited to "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases."  Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (citation & quotations omitted).

Further, "to sustain an independent action for fraud on the court, a [movant] must prove, by clear and convincing evidence, that the [other party] interfered with the judicial system's ability to adjudicate impartially and that the acts of the [other party] must have been of such a nature as to have prevented the [movant] from fully and fairly presenting a case or defense."  Mazzei v. The Money Store, 62 F.4th 88, 93-94 (2d Cir. 2023).  The Second Circuit has cautioned that the type of fraud contemplated by Rule 60(d)(3) is "narrower in scope than that which is sufficient for relief by timely motion under Rule 60(b)(3) for fraud on an adverse party."  King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002) (cleaned up) (quoting Gleason, 860 F.2d at 558).  A party "cannot salvage its [untimely Rule 60(b)(3)] claim by invoking Rule 60(d)(3)."  Marco Destin, Inc. v. Levy, 690 F. Supp. 3d 182, 194 (S.D.N.Y. 2023), aff'd, 111 F.4th 214 (2d Cir. 2024), cert. denied, 145 S. Ct. 1313 (2025); see Bruzzese v. Garland, No. 13 Civ. 5733 (AMD) (ST), 2024 WL 5347130, at *4 (E.D.N.Y. Nov. 20, 2024), aff'd sub nom. Bruzzese v. Bondi, No. 25-146, 2026 WL 669545 (2d Cir. Mar. 10, 2026)  ("The plaintiff cannot use Rule 60(d)(3) to avoid the one-year limitation period applicable to Rule 60(b)(3) motions").

14

## IV.   ANALYSIS

The Court respectfully recommends that the motion be denied as to both Rules 60(b)(3) and 60(d)(3), and that any request for other relief be denied as well.

### A.  Rule 60(b)(3)

The Court finds that Plaintiff fails to establish the necessary elements for relief under Rule 60(b)(3).  As elaborated herein, the Court first finds that Plaintiff failed to apply for relief within the one-year limitations period, then finds that Plaintiff has not established by clear and convincing evidence that an opposing party committed fraud that prevented Plaintiff from fully and fairly presenting her case.  These findings, based on Plaintiff's own submissions and the public docket, taken together, make clear that Plaintiff comes up short of the showing necessary to obtain relief under Rule 60(b)(3).

### 1.  Plaintiff's Rule 60(b)(3) Motion Is Untimely

As discussed above, motions filed pursuant to Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  This one-year limitations period is "absolute."  Wang, 839 F. App'x at 646.  Here, the Clerk of Court entered the judgment on December 9, 2024.  See ECF No. 44.  Accordingly, Plaintiff had 365 days or until December 9, 2025, to file a Rule 60(b)(3) motion.  See Fed. R. Civ. P. 60(c)(1) (setting forth a one-year limitations period for motions brought pursuant to Rule 60(b) section (1) to (3)).  Plaintiff filed the instant motion, which she initially characterized as being brought pursuant to only Rule 60(b)(3), on January 22, 2026.  See ECF No. 48 at 8; ECF No. 48-1 at 1.  Because Plaintiff filed her motion more than one year after the entry of judgment, it is untimely.

15

In her Reply,[6] Plaintiff contends, without support and in clear opposition to the plain text of the rule, that "the one-year period should be measured from when [Plaintiff] discovered the fraud—not from the date judgment was entered." See ECF No. 56 at 4.  In her supplemental submission, Plaintiff argues the one-year limitations period "is subject to equitable tolling where, as here, the fraud was inherently concealed from the aggrieved party." See ECF No. 61 at 11.  It seems that, recognizing that the race to challenge the December 9, 2024, judgment has been lost, Plaintiff seeks to move the starting line.  The effort must fail.  Second Circuit courts have consistently found Rule 60(b)(1) to (3) motions filed more than one year after the entry of judgment to be untimely.  See, e.g., Tatintsian v. Vorotyntsev, No. 16 Civ. 7203 (GHW), 2026 WL 852570, at *4 (S.D.N.Y. Mar. 27, 2026) (finding a Rule 60(b)(3) motion filed five months after the one-year deadline to be untimely); Sanderson v. Leg Apparel LLC, No. 19 Civ. 8423 (GHW), 2025 WL 2997325, at *8 (S.D.N.Y. Oct. 23, 2025), appeal dismissed, No. 25-2761, 2026 WL 1196133 (2d Cir. Apr. 8, 2026) (finding the same for a Rule 60(b)(1) or (3) motion); Windward Bora LLC v. Rampersad, No. 19 Civ. 5803 (JS) (AYS), 2023 WL 5533152, at *6 (E.D.N.Y. Aug. 28, 2023) (finding a Rule 60(b)(1) motion filed 196 days after the one-year filing deadline to be untimely); Singh v. Meadow Hill Mobile Inc., No. 20 Civ. 3853 (CS), 2023 WL 3996867, at *8-9 (S.D.N.Y. June 14, 2023) (finding a motion filed approximately 450 days after entry of judgment to be untimely under Rules 60(b)(1) and 60(b)(3)).  Thus, Plaintiff's attempted end-run around Rule 60(b)(3)'s timeliness requirement must fail.

Moreover, the limitations period cannot be equitably tolled.  Rule 60(c), which creates the one-year filing requirement applicable to Rule 60(b)(3), is best construed as a mandatory

---

[6] The Second Circuit has held that "an issue raised for the first time only in a reply brief has been waived." Meyer v. Seidel, 89 F.4th 117, 128 (2d Cir. 2023).  Nevertheless, the Court addresses Plaintiff's arguments for completeness.

claim-processing rule.  See Tatintsian, 2026 WL 852570, at *4.  "Mandatory claim-processing rules 'regulate the timing of motions or claims brought before the court.'"  McIntosh v. United States, 601 U.S. 330, 337 (2024) (quoting Dolan v. United States, 560 U.S. 605, 610 (2010)).  In general, "filing deadlines" are the "quintessential claim-processing rules."  Sebelius v. Auburn Regional Medical Center, 568 U.S. 145, 154 (2013) (citation & quotations omitted).  The Supreme Court has explained that "[w]hether a rule precludes equitable tolling turns not on its jurisdictional character but rather on whether its text leaves room for such flexibility."  Nutraceutical Corp. v. Lambert, 586 U.S. 188, 188 (2019).  Here, the text of Rule 60(c) states that, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  This supports the conclusion that Rule 60(b)(3)'s one-year limitations period is mandatory and not subject to equitable tolling.  Even if tolling were available in principle, Plaintiff has not offered any evidence that the alleged fraud was concealed—rather, the filings were on the docket, and Plaintiff received and cashed the $28,000 check.  See generally ECF Nos. 42, 44, 46; see ECF No. ECF No. 53 at 3-4.

Thus, because Plaintiff did not request relief under Rule 60(b)(3) within one year of the entry of judgment, her motion is untimely and must be denied.

**2.  Plaintiff Does Not Satisfy Rule 60(b)(3)'s Evidentiary Requirements**

Even if Plaintiff's motion were timely, it would fail on the merits.  By its terms, Rule 60(b)(3) provides relief for "fraud . . . , misrepresentation, or misconduct by an opposing party."  See Fed. R. Civ. P. 60(b)(3) (emphasis added).  "[A] party claiming fraud under Rule 60(b)(3) must base its claim solely on fraud committed against them as an adverse party."  See Baliga v. Link Motion, Inc., No. 18 Civ. 11642 (VM), 2025 WL 1436589, at *3 (S.D.N.Y. May 19, 2025).

17

The Second Circuit has consistently held that a Rule 60(b)(3) motion "cannot be granted absent clear and convincing evidence of material misrepresentations." See Green v. Phillips, 374 F. App'x 86, 88 (2d Cir. 2010) (quoting Fleming, 865 F.2d at 478, 484) (quotations omitted). Here, Plaintiff fails to provide "clear and convincing evidence" of fraud by the opposing party, Defendant Nationwide Mortgage Bankers Inc. Instead, Plaintiff makes allegations of fraud against her former attorney, Attorney Charles, who was co-counsel in this action with her current attorney, Attorney Blackburn. It is evident from the parties' submissions that Attorney Charles and Attorney Blackburn have had a major falling out, as they accuse one another of misconduct. See generally ECF Nos. 48, 53, 54, 61-63. It is also evident that, despite having ample opportunity to be heard on the instant motion—including through the motion itself [ECF No. 48], an affidavit by Plaintiff [ECF No. 49], a reply brief [ECF No. 56], a supplemental motion [ECF No. 61], a second reply brief [ECF No. 65] and an affidavit by Attorney Blackburn [ECF No. 66], as well as oral argument [ECF No. 58]—Plaintiff has not demonstrated fraud or misrepresentations by the opposing party.

The Court also finds that Plaintiff cannot establish that she was prevented from fully and fairly presenting her case, as required for Rule 60(b)(3) relief. See Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar, 298 F. App'x 43, 44 (2d Cir. 2008) ("[T]o prevail, 'a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'") (quoting State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004)). "[E]ven if [the movant's] adversary misrepresents certain relevant information or fails to disclose such information, a party who itself has access to such information cannot establish fraud under Rule 60(b)(3) because it cannot establish that its opponent's misrepresentation or failure to disclose prevented it from fully and fairly presenting its case." In

18

re Old Carco LLC, 423 B.R. 40, 50 (Bankr. S.D.N.Y. 2010), aff'd, No. 10 Civ. 2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sep't 14, 2010), aff'd sub nom. Mauro Motors Inc. v. Old Carco LLC, 420 F. App'x 89 (2d Cir. 2011).  Plaintiff argues in conclusory fashion that Attorney Charles procured the judgment through fraud and misrepresentation, and that Plaintiff did not authorize or sign acceptance of the Offer of Judgment.  See generally ECF No. 48.  Nonetheless, Plaintiff does not explain how she was prevented from fully and fairly presenting her case when Attorney Blackburn, who has appeared as attorney since January 2023, had equal access to the Offer of Judgment and all other filings on the public docket.  See Wu v. Lehman Bros. Holdings Inc., No. 20 Civ. 5823 (RA), 2022 WL 3646207, at *2 (S.D.N.Y. Aug. 24, 2022) (finding "selective quotation of documents that are available in full on the public docket is far afield from the type of conduct that would constitute fraud"); Up State Tower Co., LLC v. Town of Southport, 468 F. Supp. 3d 583, 595 (W.D.N.Y. 2020) (denying Rule 60(b)(3) motion where "Plaintiffs have offered no explanation as to how this publicly available information was 'concealed' from them, why they were prevented from bringing it to the Court's attention prior to the issuance of the [decision and order], or why Defendants were obligated to do so when Plaintiffs also had access to the information").  As noted above, the public docket contains all of the relevant information as to the Rule 68 Offer of Judgment and the satisfaction of judgment, and notice of all of these filings were sent to Attorney Blackburn from January 9, 2023, onward. See supra pp. 4-5.

Notably, Plaintiff "endorsed and deposited [the $28,000.00] check on December 23, 2024," see ECF No. 53 at 3.  She does not allege that she contacted Attorney Charles again to inquire about her case until January 14, 2026.  See ECF No. 54 at 5.  Plaintiff does not explain why she could not, with due diligence, have discovered the alleged fraud and misrepresentation

19

earlier. She does not appear to have rejected or returned the funds, which covered the $20,000 mentioned in the Rule 68 Offer of Judgment, plus an additional $8,000. See ECF No. 64 ¶ 16.

In sum, Plaintiff has not demonstrated by clear and convincing evidence that Defendant interfered with her ability to fully and fairly prepare her case. Thus, she is not entitled to the extraordinary relief provided by Rule 60(b)(3).

## B. Rule 60(d)(3)

In a seeming effort to circumvent the one-year bar under Rule 60(b)(3), Plaintiff's supplemental submission invokes Rule 60(d)(3). See ECF No. 61. As noted above, the Second Circuit has frowned on such efforts to avoid the time bar. See, e.g., In re Lawrence, 293 F.3d 615, 622 n.5 (2d Cir. 2002) ("[T]he savings clause generally cannot be used to preserve an ordinary Rule 60(b)(3) fraud claim which could have been asserted in a timely manner"); Marco Destin, Inc., 690 F. Supp. 3d at 194 (noting that if a "party inexcusably fails to file a timely [Rule 60(b)(3)] claim for relief within the one-year limitations period, it cannot salvage its claim by invoking Rule 60(d)(3)"). As the basis for her entitlement to relief under this provision, Plaintiff proposes a narrative of misconduct perpetrated by Attorney Charles and Ralph Charles resulting in "fraud on the court." See ECF No. 6 at 9-13. For the reasons discussed herein, the Court finds that Plaintiff's arguments are unavailing.

As noted above, Rule 60(d)(3) allows a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Such fraud must "seriously affect[] the integrity of the normal process of adjudication," see Space Hunters, Inc., 500 F. App'x at 78, and it must be proven by clear and convincing evidence, see Mazzei, 62 F.4th at 93-94. Although the fraud contemplated by Rule 60(d)(3) need not be by an opposing party, the Second Circuit has cautioned that it is "narrower in scope than that which is sufficient for relief by timely motion under Rule 60(b)(3)

20

for fraud on an adverse party." King, 287 F.3d at 95.  Here, the alleged misconduct that Plaintiff complains about—i.e., Attorney Charles purportedly resolving Plaintiff's case without authority and forging Plaintiff's signature on several documents—did not interfere with the Court's ability to perform its "impartial task of adjudging cases."  See Hadges, 48 F.3d at 1325.  In fact, the Court did not perform any judicial decision-making in this case because the parties executed a Rule 68 Offer of Judgment, and the Clerk of Court merely entered the judgment as required by the Rule.  See Fed. R. Civ. P. 68(a).  Thus, Plaintiff's allegations, even if true, did not affect the integrity of the judicial process because the parties resolved the case without the Court's involvement.  See Giurca v. Montefiore Health Sys., Inc., No. 18 Civ. 11505 (ER) (BCM), 2023 WL 9102694, at *12 (S.D.N.Y. Dec. 21, 2023), report & recommendation adopted, No. 18 Civ. 11505 (ER) (BCM), 2024 WL 1193574 (S.D.N.Y. Mar. 20, 2024), aff'd, No. 24-858, 2025 WL 2658786 (2d Cir. Sep't 17, 2025) (denying Rule 60(d)(3) motion where plaintiff "did not lose this case at trial, or on a motion for summary judgment, or as a result of any other merits adjudication"); Rowe Ent. v. William Morris Agency Inc., No. 98 Civ. 8272 (RPP), 2012 WL 5464611, at *16 (S.D.N.Y. Nov. 8, 2012) (denying a Rule 60(d)(3) claim where "[n]o decision by this Court was involved, and thus no decision by this Court was influenced at all by the conduct" of the individuals who had purportedly committed fraud).  Plaintiff has not shown that any alleged misconduct was so significant that "the judicial machinery [could not] perform in the usual manner its impartial task of adjudging cases."  Hadges, 48 F.3d at 1325.

From a procedural perspective, "[i]t is roundly agreed in the courts that Rule 68 was intended to encourage settlements and avoid protracted litigation."  § 3001 History and Purpose of Rule, 12 Fed. Prac. & Proc. Civ. § 3001 (3d ed.)  This is precisely what occurred here. Attorney Charles filed notice of Plaintiff's acceptance of the Offer of Judgment on December 6,

2024, as the parties approached the December 31, 2024, close of fact discovery, thereby avoiding further protracted litigation.  See 10/28/2024 Order; ECF No. 42.

Plaintiff alleges fraud involving injury to only herself as a single litigant, rather than a fraud upon the Court.  Such allegations do not reach the extraordinary level of fraud necessary to warrant relief under Rule 60(d)(3).  See, e.g., Geo-Grp. Commc'ns, Inc. v. Chopra, No. 15 Civ. 1756 (KPF), 2023 WL 6235160, at *18 (S.D.N.Y. Sept. 26, 2023) (noting "misconduct during discovery, without more, does not rise to the extreme level of misconduct that Rule 60(d)(3) exists to remedy"); LinkCo, Inc. v. Akikusa, 615 F. Supp. 2d 130, 135 (S.D.N.Y. 2009), aff'd sub nom. LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180 (2d Cir. 2010) ("bribing a judge, tampering with a jury, and hiring an attorney for the purpose of influencing a judge are examples of fraud upon the court[,]" but "nondisclosure during pretrial discovery," "after-discovered evidence of alleged perjury by a witness," and the existence of "other fabricated evidence" are insufficient) (citations omitted).

Plaintiff fails to meet the requisite clear and convincing standard.  Her pleadings consist of largely conclusory allegations contending, among other things, that she would not have agreed to the Offer of Judgment had she known her sexual-harassment claims were also resolved by the judgment.  See generally ECF Nos. 48 & 61.  As noted above, the instant case only ever involved FLSA and NYLL claims; the complaint does not include any sexual-harassment claims, only two EEOC attachments.  See ECF No. 1.  Even if Plaintiff sincerely misunderstood that her unfiled sexual-harassment allegations were part of the instant case, Plaintiff does not explain why her own misunderstanding constitutes "fraud on the court."  Plaintiff does not provide a justification for why Attorney Blackburn, who was privy to all the same filings and information on the public

docket as Attorney Charles, did not respond to the alleged fraud in real time or even simply to the alleged improper omission of the sexual-harassment claims from the complaint.

Plaintiff has not provided sufficient evidence to support a claim for fraud, and certainly not enough to meet the clear and convincing standard. "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Pauwels v. Deloitte LLP, 83 F.4th 171, 189-190 (2d Cir. 2023) (quoting Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 402 (2d Cir. 2015) (internal quotations omitted).[7] Plaintiff cannot show Attorney Charles knowingly made "a material misrepresentation or omission of fact." Attorney Charles notes that "electronic signatures are common and [were] used for Ms. Nantongo's convenience, and [were] authorized by Ms. Nantongo." See ECF No. 63 at 5. As to the alleged fraudulent signatures, although Plaintiff attaches the report of a retained handwriting expert, the expert herself noted that her conclusions are not final. See ECF No. 61-6 at 4 ("If these are electronic signatures, I would need to see the first-generation electronic version of each document separately to read the deep metadata to determine authenticity"). Such unsubstantiated allegations do not satisfy Rule 60(d)(3)'s strict evidentiary requirement.

Defendant states that the parties resolved Plaintiff's non-filed sexual-harassment claims through a settlement agreement. See ECF No. 53 at 3 n.2. Plaintiff acknowledges receiving "an additional $8,000," through this "separate, undisclosed settlement agreement[,]" although she contends she never signed it. See ECF No. 61 at 6. Plaintiff cashed the $28,000 check, and there is no indication she has since rejected the funds in whole or part. See ECF No. 53 at 3-4. See

---

[7] The Court looks to New York law for ease of reference, as the parties have not discussed any choice of law.

Soto v. Cnty. of Westchester, No. 08 Civ. 5066 (AJN), 2018 WL 527977, at *4 (S.D.N.Y. Jan. 22, 2018) (denying Rule 60(d)(3) motion where the plaintiff offered only "conclusory allegations[] alleging that he never authorized [his attorney] to accept a settlement and never received any funds").  Unlike the Soto case in which the Rule 60 motion was denied, Plaintiff does not claim she did not receive funds.

Likewise, Plaintiff cannot show that Attorney Charles acted with "intent to defraud," especially considering it appears he acted with both actual and apparent settlement authority. "To overcome the general presumption that an attorney-of-record has authority to settle, 'any party challenging an attorney's authority . . . bears the burden of proving by affirmative evidence that the attorney lacked authority.'" Hillair Cap. Invs., LP v. Smith Sys. Transp., Inc., 640 F. App'x 49, 52 (2d Cir. 2016) (quoting In re Artha Mgmt., Inc., 91 F.3d 326, 329 (2d Cir.1996)) (emphasis in original).  Plaintiff waited thirteen months after the entry of judgment before attempting to challenge Attorney Charles's authority, and she does not point to any material evidence in support.  At minimum, the Court finds Attorney Charles acted with apparent authority based on Attorney Charles and Plaintiff's participation in a three-hour mediation, Attorney Charles's representation that Plaintiff "confirmed a dollar amount range at which she would agree to settle her wage[-]and[-]hour claims," and Plaintiff's cashing of the check of an amount greater than the Offer of Judgment.  See ECF No. 53 at 3-4; ECF No. 53-1; ECF No. 63 at 4, 8.

Finally, it bears repeating that Attorney Blackburn has received all notices of electronic filing in this case since filing a notice of appearance on January 9, 2023.  See ECF No. 12.  As such, he had notice of all filings related to the Rule 68 Offer of Judgment.  See ECF Nos. 42-47. When these filings were made on the public docket, Attorney Blackburn did not object.  Id.

24

Although Attorney Blackburn disavows notice of the settlement and Offer of Judgment, Attorney Blackburn received notices of electronic filing that he was obliged to review under the local rules. See Civ. Loc. Rule 5.2 ("Parties have an obligation to review the court's actual order, decree, or judgment (on ECF), which controls, and should not rely on the description on the docket or in the ECF Notice of Electronic Filing (NEF).")

Accordingly, the Court cannot find Plaintiff's post hoc reinterpretation of the record to be fraud.

For the foregoing reasons, Plaintiff has failed to meet her burden to establish she is entitled to relief under Rule 60(d)(3).

## V.    CONCLUSION

For the reasons stated above, the Court respectfully recommends that the District Court deny Plaintiff's motion to vacate the judgment, and that all other relief requested also be denied. This report and recommendation will be filed electronically. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day objection period. Failure to timely file objections will preclude further review of this report and recommendation by either the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).

Dated: Brooklyn, New York
      August 7, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge