**T.A. BLACKBURN LAW, PLLC**
1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Tel: (347) 342-7432 | tblackburn@tablackburnlaw.com

August 21, 2026

VIA ECF
Hon. Orelia E. Merchant
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

Re: *Nantongo v. Nationwide Mortgage Bankers Inc.*,
No. 22 Civ. 4974 (OEM) (VMS)

Plaintiff Olivia Nantongo Respectfully Submits These Objections to the August 7, 2026, Report and Recommendation (ECF No. 69) and Request for an Evidentiary Hearing Before the District Judge

Dear Judge Merchant:

Plaintiff Olivia Nantongo respectfully submits these objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) to the Report and Recommendation dated August 7, 2026 (the "R&R"). Plaintiff asks the Court to decline to adopt the R&R insofar as it recommends outright denial of her motion, to retain the motion for de novo determination, to order the limited preservation and production described below, and to conduct an evidentiary hearing before the District Judge. The central problem with the R&R is procedural as well as substantive: it recommends rejecting Plaintiff's allegations of unauthorized settlement and forgery for insufficient proof while the native electronic files, audit trails, settlement communications, and other evidence necessary to test those allegations remain exclusively within the possession or control of the persons whose conduct Plaintiff challenges. Rule 72(b)(3) expressly authorizes the District Judge to "receive further evidence."

Plaintiff therefore does not ask the Court to resolve the ultimate Rule 60 issues on the present record; she asks that the record first be completed. Plaintiff does not seek a remand to the Magistrate Judge. Your Honor presides over both this action and the related action against former counsel, and a single fact-finding proceeding before the District Judge is the most efficient course.

1. Cashing a check is not informed consent or ratification.

The R&R rests substantially on Plaintiff's December 2024 endorsement of a $28,000 check, treating that act as evidence of settlement authority, ratification, and absence of concealment. But receipt of settlement proceeds and knowing ratification of the particular agreement now asserted against Plaintiff are distinct questions. Ratification requires knowledge of the material facts and terms allegedly ratified. Plaintiff does not dispute receiving funds. Her position is that, before accepting those funds, she was never shown the Rule 68 Offer of Judgment, the purported notice of acceptance bearing her disputed signature, the Confidential Settlement Agreement and Release, or the negotiations and counteroffers, and was never told that the payment would extinguish separate and unfiled sexual-harassment claims.

She obtained those materials only after the Magistrate Judge directed production of her client file. The R&R itself records Plaintiff's assertion that she learned for the first time on January 14, 2026, that the $28,000 payment purportedly resolved both her employment wage claims AND her sexual harassment claims. Negotiating a check that Plaintiff understood to concern the concluded wage litigation does not, without proof of knowledge of the undisclosed release terms, establish knowing ratification of a broader agreement extinguishing claims she did not know were being released.

The R&R's reliance on *Soto v. County of Westchester*, No. 08-CV-5066 (AJN), 2018 WL 527977 (S.D.N.Y. Jan. 22, 2018), inverts the case. *Soto* denied Rule 60(b) relief on timeliness grounds—the plaintiff waited approximately five years after settlement to seek vacatur—and separately denied Rule 60(d)(3) relief because the plaintiff offered only conclusory allegations and no evidence corroborating his claim of forgery or unauthorized settlement. *Id*.at *2–*3. The check-receipt point on which the R&R relies was not the Soto holding. What *Soto* expressly recognized, however, is that where an attorney, acting as an officer of the court, truly forges a client's signature on a settlement agreement, the client "could raise a plausible argument that [the attorney's] actions constitute fraud on the court" under Rule 60(d)(3). *Id*.at *3.

That holding supports Plaintiff, not the R&R. Plaintiff has already submitted forensic evidence identifying four signatures across approximately three years as forensically identical, and the examiner has explained that first-generation electronic files are necessary to complete the metadata analysis. Unlike the movant in *Soto*, Plaintiff has not asked the Court to credit an unsupported accusation of forgery; she has produced preliminary forensic evidence and identified the specific native evidence necessary to determine whether that accusation is true. The evidentiary gap that defeated the Soto plaintiff is the very gap this Court can close by directing the limited preservation and production described below.

Plaintiff's conduct after obtaining actual knowledge likewise cannot be evaluated without determining what she learned, when she learned it, and what she did thereafter. Plaintiff's position is that she did not knowingly accept consideration in exchange for releasing her sexual harassment claims and did not knowingly authorize the settlement documents now relied upon against her. The relevant ratification inquiry therefore begins with actual knowledge of the material terms—not with the earlier receipt of a check whose asserted legal significance had not been disclosed to her. The chronology following Plaintiff's discovery of the operative documents is itself a factual matter appropriate for determination at the requested hearing.

2. <u>The R&R improperly converts the undersigned's non-substantive role and automated ECF notices into proof of Plaintiff's actual knowledge</u>.

The R&R reasons that Plaintiff cannot show she was prevented from fully and fairly presenting her case because the undersigned received ECF notices and therefore had access to the Offer of Judgment and other public filings when they were made. That reasoning attributes substantive knowledge to Plaintiff based upon the undersigned's docket access without accounting for the undersigned's actual role in the litigation. The January 9, 2023, notice of appearance was filed because Attorney Charles represented that a disability prevented him from making necessary in-person court appearances. The undersigned was not lead counsel, did not manage the substantive litigation, did not negotiate or review settlement terms, never met or spoke with defense counsel concerning settlement, never possessed Plaintiff's client file, did not advise Plaintiff concerning settlement, and had no communication with the mediator concerning resolution. Indeed, the R&R itself records that the undersigned was not lead counsel, was not

involved in the substantive litigation, and did not know about the settlement negotiations, settlement terms, payment amounts, or scope of claims purportedly resolved.

A Notice of Electronic Filing establishes that a document was docketed and that counsel received electronic notice of the filing. It does not, without more, establish what Plaintiff herself was told, whether she received or reviewed the operative documents, whether she authorized settlement, how her disputed signature was placed on the acceptance, or whether she knew the terms of the off-docket Confidential Settlement Agreement and Release. That agreement was never filed publicly in unredacted form. Whatever obligations ECF access may impose upon appearing counsel, counsel's access to public docket materials does not itself establish that the client possessed actual knowledge of nonpublic settlement documents or knowingly authorized the release reflected in them. The relevant inquiry for authority and ratification remains what Plaintiff knew, what she authorized, and when.

3. <u>The alleged forgery of the instrument that triggered mandatory entry of the Rule 68 judgment presents a cognizable fraud-on-the-Court issue requiring factual determination</u>.

Fraud upon the Court is confined to misconduct that "seriously affects the integrity of the normal process of adjudication," including fraud perpetrated by officers of the court such that "the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002), quoted in Soto, 2018 WL 527977, at *3. Plaintiff's allegation fits that framework if proven: the challenged document was not merely evidence offered to influence a judicial determination; it was the purported client authorization whose filing itself caused judgment to be entered.

The R&R concludes that the alleged forgery and unauthorized filing cannot constitute fraud upon the Court because no judge adjudicated the merits, the Clerk entered judgment pursuant to Rule 68, and the parties ostensibly resolved the action without judicial involvement. But that distinction does not answer Plaintiff's allegation. Rule 68(a) provides that, once an offer and written notice of acceptance are filed with proof of service, the clerk must then enter judgment. The Clerk acts pursuant to the Federal Rules as an officer of this Court, and entry of judgment is the judicial mechanism by which the purported acceptance became an enforceable federal judgment. The challenged acceptance therefore was not merely evidence submitted during an otherwise adversarial proceeding. It was the operative instrument that triggered mandatory entry of judgment and terminated the pending federal action; the separate Confidential Settlement Agreement and Release was then purportedly invoked to extinguish Plaintiff's additional, unfiled sexual harassment claims. Plaintiff alleges that she neither signed nor authorized that instrument. If proven, the alleged misconduct targeted the Court's own judgment machinery and deprived Plaintiff of any adversarial adjudication on whether she had agreed to terminate her claims.

*Giurca* and *Rowe Entertainment* did not involve the alleged forgery of the client's purported authorization that itself triggered entry of judgment, while *Link Co* involved fabricated evidence and discovery misconduct occurring within an existing adversarial process. Here, Plaintiff challenges the authenticity and authorization of the filing that caused the Clerk to enter judgment without an adjudication at all. *Soto* is affirmatively supportive of Plaintiff's fraud-on-the-Court theory. Judge Nathan held that an attorney is an officer of the court and that, if the attorney 'truly forged [the client's] signature on a settlement agreement . . . the Plaintiff could raise a plausible argument that [the attorney's] actions constitute fraud on the court' under *King v. First American Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). Soto, 2018 WL 527977, at *3. Rule 60(d)(3) relief was denied because the pro se plaintiff produced no evidence corroborating the alleged

forgery or unauthorized settlement. *Id*. Plaintiff has already produced forensic evidence; the remaining materials—native files, metadata, audit trails, and settlement communications—are the exact categories held exclusively by the persons whose conduct is challenged.

Plaintiff therefore does not ask this Court to infer fraud from ordinary litigation misconduct. She asks for the limited evidence necessary to determine whether the filing that invoked Rule 68's mandatory judgment mechanism was authentic and authorized. Rule 60(d)(3) should not be construed to exclude fraud directed at the Rule 68 mandatory judgment-entry process merely because the Clerk administers that process. *Soto* reinforces the viability of that argument without deciding the distinct Rule 68 issue presented here. It recognizes that an attorney acting as an officer of the court who truly forges a client's signature on settlement papers may present a plausible fraud-on-the-court claim under *King*. *Soto*, 2018 WL 527977, at *3. Here, the alleged forgery is even more directly tied to the Court's judgment process because the disputed acceptance was the filing that, under Rule 68(a), triggered mandatory entry of judgment. Whether that alleged conduct satisfies Rule 60(d)(3) should therefore be determined on a complete evidentiary record rather than rejected merely because the Clerk performed the mandatory act of entering judgment.

4. <u>The ultimate clear-and-convincing burden does not justify denial before Plaintiff can obtain the identified evidence necessary to test authenticity</u>.

The R&R faults Plaintiff's forensic examiner for explaining that she requires the first-generation electronic version of each disputed document to examine the native-file metadata and other embedded information bearing on authenticity. But that qualification reflects the limitations inherent in examining derivative copies; it does not negate the examiner's existing finding that four signatures appearing on documents spanning approximately three years are forensically identical. That finding supplies an evidentiary basis for further examination. Attorney Charles's competing assertion that Plaintiff authorized the use of electronic signatures presents the opposite factual account. The conflict cannot be resolved by treating either assertion as established; it is precisely the type of disputed issue that warrants examination of the native files, audit information, and testimony at an evidentiary hearing.

Plaintiff does not dispute that fraud upon the Court ultimately must be established by clear and convincing evidence. The issue is whether that ultimate determination should be made conclusively. At the same time, Plaintiff remains unable to examine the specific evidence necessary to test the authenticity and authorization of the challenged documents. The originals, native electronic files, metadata, audit trails, settlement communications, and related client-file materials are possessed or controlled by the persons whose conduct Plaintiff challenges. Yet the R&R recommends denial because Plaintiff has not already proven what those materials may establish, without first requiring their preservation or production and without conducting the evidentiary hearing Plaintiff requested. The clear-and-convincing standard governs Plaintiff's ultimate burden of proof; it does not require the Court to decide disputed authenticity questions on an evidentiary record that remains materially incomplete.

<u>Relief requested</u>

Plaintiff respectfully requests that the Court: (a) decline to adopt the R&R insofar as it recommends outright denial and retain the motion for de novo determination; (b) pursuant to Rule 72(b)(3), authorize limited evidentiary discovery necessary for de novo review and direct the production, through such process as the Court deems appropriate, of the narrowly identified materials set forth in the accompanying [Proposed] Order, including any wet-ink originals or, if

no originals exist, sworn custodian declarations addressing their absence; native electronic files containing complete available metadata and audit information; communications concerning negotiation, authorization, execution, and transmission of the Rule 68 acceptance and Confidential Settlement Agreement and Release; and the complete client file, together with an appropriate privilege log; and (c) following that limited production, conduct an evidentiary hearing before the District Judge concerning: (i) whether Plaintiff gave actual authority to settle the wage claims; (ii) whether Plaintiff separately authorized a global release of her sexual harassment claims; (iii) whether and when Plaintiff received or learned of the operative settlement documents and their material terms; (iv) the authenticity and manner of placement of the disputed signatures; (v) the representations made to Plaintiff concerning the $28,000 payment and the claims it purportedly resolved; and (vi) whether Plaintiff possessed knowledge of the material facts sufficient for any subsequent conduct to constitute ratification.

Plaintiff does not ask the Court to resolve the ultimate merits of her Rule 60 motion on the present objections. She asks only that the evidentiary record be completed before the Court rejects her allegations of forgery, lack of settlement authority, and concealment for failure to produce proof contained in files and records she has not been permitted to examine. Where the authenticity of the very instrument that triggered entry of judgment is genuinely disputed, limited production followed by an evidentiary hearing is the appropriate means of resolving the dispute on evidence rather than inference.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
Counsel for Plaintiff Olivia Nantongo
Enclosure: [Proposed] Order

cc: All counsel of record (via ECF)