**CHARLES LAW, P.C.**
**Attorneys at Law**

Member of the New York Bar

September 4, 2026

Via ECF
Hon. Orelia E. Merchant
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Nantongo. v. Nationwide Mott. Bankers, Inc.*, 1:22-cv-4974 (OEM)(VMS)
Defendants' Request to Deny Plaintiff's Objections as Untimely

Dear Judge Merchant:

I appear on behalf of myself, Charles Law, P.C., and Ralph Charles in the above-referenced action. This letter is to respectfully respond to Plaintiff's Objections ("Objections")(Dkt. No. 70) to U.S. Chief Magistrate Judge Vera M. Scanlon's Report and Recommendation (R&R"), dated August 7, 2026. (Dkt. No. 69). The Court should deny Plaintiff's Objections in their entirety because Judge Scanlon's well-reasoned R&R is clearly not in error in its factual findings and legal conclusions.

Plaintiff's Objections Are Untimely

Defendants respectfully request that the Court deny any further judicial review of this matter because Plaintiff failed to file her Objections within the 14-day deadline set by Fed. R. Civ. P. 72(b). Plaintiff failed to seek leave for an extension of time to file her Objections and has failed to state any reason for her neglect of the deadline. *Miller v. Brightstar Asia Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). Courts in this Circuit have denied further judicial review for missing the Fed. R. Civ. P. 72(b) deadline by even one (1) day where a party failed to state a reason for excusable neglect. *See Humphreys v. New York City Health*, No. 16-cv-9707 (VSB), 2023 U.S. Dist. LEXIS 5222, at *9 (S.D.N.Y. Jan. 11, 2023)(holding that plaintiff's objection to a magistrate's report and recommendation was untimely as it was filed one (1) day late); *see also Hispanic Counseling Ctr. v. Inc. Vill. of Hempstead*, 237 F. Supp. 2d 284 (E.D.N.Y. 2002)("It is well-settled that the "'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision... In his report, Judge Wall directed the defendants to file their objections with the Clerk of the Court by close of business on December 16, 2002. He also cautioned the defendants

that their failure to file objections within this period waives the right to further judicial review. Despite these clear instructions, the defendants did not comply with the deadline; instead, they filed their objections on December 17, 2002, one day late. As such, they have waived further judicial review of Judge Wall's decision."). Here, Judge Scanlon provided clear instructions and notice in the R&R and on the court's docket that failure to respond by August 21, 2026, would preclude further judicial review by the District Court or any appeals court. Instead of following Judge Scanlon's clear instructions, Plaintiff filed her Objections on August 22, 2026, outside of the 14-day limit.

> This report and recommendation will be filed electronically. Any written objections to this report and recommendation must be filed with the Clerk of the Court by 8/21/2026. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day objection period. Failure to timely file objections will preclude further review of this report and recommendation by either the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).

*See* Dkt. No. 69. Plaintiff's failure to seek leave from this Court or even attempt to offer any reasonable excuse for her late filing waives her right to any further judicial review of this matter. If the Court is inclined to review Plaintiff's Objections, the Court must review it under a clear error standard, as opposed to de novo review, because Plaintiff failed to timely file her Objections. *Humphreys*, 2023 U.S. Dist. LEXIS 5222, at *9 (holding that the Court would, at most, review an untimely objection under a clear error standard.).

Plaintiff Has No Path for Relief Under Rule 60(b)(3) or Rule 60(d)(3)

The R&R was clearly not erroneous that Plaintiff has no entitlement to relief under Rule 60(b)(3) or 60(d)(3). Any further judicial review of this matter would be against the interests of justice and prejudicial to the underlying defendant and to the other adverse parties in this action. Plaintiff has no path for relief under Fed. R. Civ. P. 60(b)(3) or 60(d)(3). Firstly, Plaintiff filed this motion to vacate pursuant to Fed. R. Civ. P. 60(b)(3) in January 2026, clearly past the strict one (1) year deadline to file such motions. After realizing her error, Plaintiff, in her Supplemental brief, invoked Fed. R. Civ. P. 60(d)(3) in order to avoid the Fed. R. Civ. P. 60(b)(3)'s strict one (1) year time limit. This is problematic for several reasons. First "a party cannot salvage its untimely Rule 60(b)(3) claim by invoking Rule 60(d)(3)." (R&R at 14)(*quoting Marco Destin, Inc. v. Levy,* 690 F. Supp. 3d 182, 194 (S.D.N.Y. 2023), *aff'd*, 111 F.4th 214 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 1313 (2025)(internal quotations omitted). Second, courts in this District have consistently held that

Rule 60(d)(3) does not apply to matters where a single litigant makes a claim for misconduct. *LinkCo, Inc. v. Naoyuki Akikusa*, 367 Fed. App'x 180, 182 (2d Cir. 2010)(holding that the district court did not abuse its discretion in not entertaining plaintiff's Rule 60(d) motion because it affected a single litigant.). Lastly, Rule 60(d)(3) cannot provide Plaintiff relief because Plaintiff has an alternative means for relief and has filed a separate related action, which includes nine (9) causes of action against me and my firm, entitled *Nantongo v. Charles et al*., No. 26-cv1769 (OEM)(VMS)(EDNY). And Plaintiff acknowledges this fact: "Your Honor presides over this action and the related action against former counsel…" )(Objections at 1). Therefore, Plaintiff's contention that she may be granted relief under Rule 60(d)(3) is self-defeating because she has acknowledged that she has alternative means of relief *See Campaniello Imports, Ltd. v. Saporiti Italia, S.p.A*, 117 F.3d 655 (2d Cir. 1997)(holding that a party seeking equitable relief under Rule 60(d)(3) must show she has no other adequate remedy at law.). For these reasons, the R&R was clearly not erroneous in finding that Plaintiff is not entitled to relief under Rule 60(b)(3) or Rule 60(d)(3).

Plaintiff's Objections must be denied because it fails to provide sufficiently specific objections to the R&R and lacks sufficient authoritative support for her contentions. *See Mario*, 313 F.3d at 775. Plaintiff provides merely general points of disagreement with the R&R and cites no specific portions of the R&R. For example, Plaintiff states, "The R&R rests substantially on Plaintiff's December 2024 endorsement of a $28,000 check, treating that act as evidence of settlement authority, ratification, and absence of concealment." (Objections at 1). However, Plaintiff fails to cite the specific portion of the R&R that states this proposition. Further, Plaintiff fails to provide legal authority to support her objection to this portion of the R&R. Plaintiff cites only two cases for support, and both cases work against her contentions. In her Objections, Plaintiff claims that the R&R improperly relies on *Soto v. City of Westchester*, No. 08-cv-5066 (AJN) 2018 WL 527977 (S.D.N.Y. Jan. 22, 2018). Plaintiff contends that the holding in *Soto* actually helps her argument. It does not. In *Soto*, the Court, as here, denied the plaintiff relief under Rules 60(b)(3) and 60(d)(3). Unlike here, the plaintiff in *Soto* alleged that he did not receive *any* funds from a settlement his attorney negotiated on his behalf. Indeed, in *Soto*, plaintiff's counsel was arrested for stealing millions of dollars in client funds from his own attorney trust account. Here, "Plaintiff does not dispute receiving funds." (Objections at 2). Therefore, the alleged conduct in *Soto* was much more egregious than the alleged misconduct here, and the court still denied relief to the plaintiff.

<u>Plaintiff Has No Entitlement to Evidentiary Hearing</u>

Further, Plaintiff is not entitled to an evidentiary hearing. As stated earlier, Plaintiff's untimely Objections waives her right to judicial review pursuant to Fed. R. Civ. P. 72(b). *See Mario v. P & C Food Mkts.*, 313 F.3d 758 (2d Cir. 2092("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Due to Plaintiff's untimeliness in filing her Objections, Plaintiff waived any right to evidentiary review under Fed. R. Civ. P. 72(b)(3). In any event, Judge Scanlon previously granted Plaintiff limited discovery *and* allowed Plaintiff to submit a handwriting expert's report. *See* U.S. Chief Magistrate Judge Vera M. Scanlon's Order, dated February 18, 2026. Judge Scanlon considered Plaintiff's evidence in the R&R, and reasonably concluded that Plaintiff's submissions failed to meet the clear and convincing evidence standard of Rule 60(d)(3), in addition to all of the other infirmities related to Plaintiff's motion to vacate.

Defendants respectfully request that the Court deny Plaintiff's Objections in its entirety as untimely and failing to state that the R&R was clearly erroneous in any aspect whatsoever and fails to state a right to any further evidentiary hearing—a right to relief under Rule 60(b)(3) or 60(d)(3).

Lastly, it must be noted that Plaintiff's current counsel is also Plaintiff's former co-counsel in this action where the conduct she complains of occurred. As the Court reminded Mr. Blackburn in its R&R, he was obligated to review all filings in this action. "Finally, it bears repeating that Attorney Blackburn has received all notices of electronic filing in this case since filing a notice of appearance on January 9, 2023… when these filings were made on the docket attorney Blackburn did not object…Although Attorney Blackburn disavows notice of the settlement and Offer of Judgment, Attorney Blackburn received notices of electronic filing that he was obliged to review under the local rules. See Civ. Loc. Rule 5.2." (R&R at 25). Therefore, any argument Plaintiff now makes that she was not aware of an Offer of Judgment and related filings on this Court's docket directly implicates her current counsel, who may not disclaim his own professional responsibility or ignore the rules of this Court."

Thank you for your consideration of this matter.

Respectfully submitted,

CHARLES LAW, P.C.

Fred V. Charles, Esq.
244 Fifth Ave., Suite #2717
New York, New York 10001-7604
Phone: (646) 494-2662
Fax: (800) 757-9630
Email: fcharles@charleslawpc.com