UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
OLIVIA NANTONGO and SHARON GRAHAM,

Plaintiffs,

-against-

NATIONWIDE MORTGAGE BANKERS INC,

Defendant.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-4974 (OEM) (VMS)

ORELIA E. MERCHANT, United States District Judge:

On August 23, 2022, Olivia Nantongo ("Plaintiff") commenced this employment action against Nationwide Mortgage Bakers Inc. ("Defendant"), on behalf of herself and all others similarly situated, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and New York state law. *See generally* Collective Action Complaint, Dkt. 1 ("Complaint" or "Compl."). On December 6, 2024, Plaintiff notified the Court that Defendant had made her an offer of judgment, which she accepted. *See generally* Rule 68 Offer of Judgment, Dkt. 42. Accordingly, on December 9, 2024, the Clerk of Court entered judgment in Plaintiff's favor. *See generally* Judgment, Dkt. 44. A little over a year later, Plaintiff moved to vacate that judgment, arguing that she had not, in fact, accepted the offer of judgment and that her lawyer, Fred Charles, had forged her signature.[1]

[1] Urgent Letter Advising the Court of Fraud Upon the Court and Requesting Immediate Judicial Intervention at 1, Dkt. 48 ("Motion to Vacate" or "Pl.'s Mot."); *see* Affidavit of Olivia Nantongo, Dkt. 49 ("Nantongo Aff."); Exhibit 1 to 4, Dkt. 50; Defendant's Memorandum of Law in Opposition to Plaintiff's Motion Pursuant to Fed. R. Civ. P. 60(b)(3) Vacating the Judgment Entered on December 9, 2024, Dkt. 53 ("Defendant's Opposition" or "Def.'s Opp'n"); Fred Charles's Letter to the Court (Feb. 6, 2026), Dkt. 54; Ralph Charles's Letter to the Court (Feb. 8, 2026), Dkt. 55; Plaintiff's Letter to the Court (Feb. 8, 2026), Dkt. 56 ("Reply"); Plaintiff's Supplemental Submission in Support of Motion to Vacate Clerk's Judgment and for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) and 60(d)(3), Dkt. 61 ("Pl.'s Suppl."); Defendant's Memorandum of Law in Response to Plaintiff's Supplemental Submission Seeking to Vacate the Judgement Entered on December 9, 2024, Dkt. 62 ("Def.'s Suppl. Opp'n"); Memorandum of Law in Opposition to Plaintiff Olivia Nantongo's F.R.C.P. 60(b)(3) and 60(d)(3) Motion to Vacate Satisfaction of Judgment, Dkt. 63 ("Charles Suppl. Opp'n"); Declaration of Fred V. Charles, Dkt. 64; Plaintiff's Reply Memorandum of Law in Further Support of Her Motion to Vacate the December 9, 2024, Satisfaction of Judgment and in Opposition

Pending before the Court is Chief Magistrate Judge Scanlon's Report and Recommendation ("R&R") on Plaintiff's Motion to Vacate, which recommends denying it in full. *See generally* Report and Recommendation, Dkt. 69. On August 11, 2026, Plaintiff timely filed objections to the R&R. *See generally* Plaintiff's Letter to the Court (Aug. 21, 2026), Dkt. 70 ("Plaintiff's Objections" or "Pl.'s Objs.").[2] For the following reasons, Plaintiff's Objections are overruled, and the R&R is adopted in full.

## BACKGROUND[3]

### A. Factual Background

In her Complaint, Plaintiff alleges that she worked as a non-exempt, full-time "business development employee" for Defendant, Compl. ¶¶ 18, 25, a "company that provides financing options for customers buying homes, investment properties or refinancing current mortgages," *id.* ¶ 7, from December 8, 2020, to May 11, 2021, *id.* ¶ 19. While there, Plaintiff contends that she made "unsolicited calls to potential clients using a script . . . and call list provided by Defendant . . . , coordinat[ed] recorded ZOOM meetings with the public, and set[] meetings with professionals affiliated with the real estate industry like accountants and real estate brokers." *Id.* ¶ 23. Plaintiff asserts that she "has never been a licensed mortgage loan officer with the ability to market mortgage products independently of [Defendant]," *id.* ¶ 22, but that "Youssef Youssef ('Youssef')," a "non-producing branch manager with the power to hire, fire and control the terms

---

to Defendant Nationwide Mortgage Bankers, Inc.'s and Fred V. Charles, Esq.'s Oppositions Thereto, Dkt. 65 ("Pl.'s Suppl. Reply"); Affidavit of Tyrone A. Blackburn, Esq. in Further Support of Plaintiff's Motion to Vacate Clerk's Judgment and for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) and 60(d)(3), Dkt. 66 ("Blackburn Aff.").

When citing the Motion to Vacate and Ralph Charles's letter, the Court refers to the page numbers contained in the automatically generated ECF headers.

[2] When citing Plaintiff's Objections, the Court refers to the page numbers contained in the automatically generated ECF header.

[3] The Court assumes the parties' familiarity with the factual and procedural history of this case as set forth in the R&R, *see* R&R at 2-5, and recites only information relevant to resolving the R&R and Plaintiff's Objections thereto.

of employment for all employees in the Queens Office," *id.* ¶ 11, in which Plaintiff worked, *id.* ¶ 9, and "Trevor Johnny ('Johnny'), a "manager and Youssef's business partner," *id.* ¶ 12, "promised [her] training under their tutelage as a prerequisite to eventually attaining a mortgage loan officer license," *id.* ¶ 22. "Johnny and Youssef" also allegedly "promised Plaintiff an hourly wage for all hours worked plus a commission ranging from 1% to 5% for each mortgage loan file that she assisted by her marketing efforts." *Id.* ¶ 24.

Nevertheless, Plaintiff contends that, during her period of employment, Defendant engaged in "illegal wage and employment practices that deprived Plaintiff, and all others similarly situated, of wages, compensation, and benefits" by "(a) failing to pay compensation to employees recruited to market their mortgage products; (b) failing to pay minimum wages under federal, state, and local laws to employees recruited to market Defendant's mortgage products to the general public; (c) mis-categorizing employees as independent contractors; and (d) failing to provide . . . employees' wage statements and notices required by state and local laws." *Id.* ¶ 2. Plaintiff alleges that she made "repeated," unsuccessful "demands to her manager and supervisor for payment" before resigning from her employment "after working for six months with no compensation" on May 11, 2021. *Id.* ¶ 36.

### B. Procedural Background

#### 1. U.S. Equal Employment Opportunity Commission Charge

Approximately nine months later, on or around "February 1, 2022, Plaintiff filed a charge of discrimination based on sex against Defendant at the U.S. Equal Employment Opportunity Commission ('EEOC')." *Id.* ¶ 14. After she did so, Plaintiff alleges that "Defendant mailed directly to Plaintiff a payment via a check in the amount of $4,560.00, even though Defendant knew Plaintiff was represented by counsel." *Id.* ¶ 33. Plaintiff contends that the payment "was

not accompanied by any wage statement, notice, or tax treatment explaining the nature of the payment," *id.* ¶ 34, and was intended "solely to influence the ongoing EEOC investigation" rather than "to resolve the issues of non-payment of earned compensation and sex discrimination," *id.* ¶ 35.

**2. District Court Action**

Approximately six months later, on August 23, 2022, Plaintiff, represented by her attorney, Fred Charles, commenced this action against Defendant by filing her Complaint. *See generally id*. The Complaint asserted four causes of action against Defendant: (1) violation of the FLSA, 29 U.S.C. § 206, for failure to pay a minimum wage; (2) violation of New York Labor Law § 652 and New York Codes, Rules, and Regulations § 146-2.7, for failure to pay a minimum wage; (3) violation of New York Labor Law § 191, for failure to timely pay wages; and (4) violation of New York Labor Law § 195, for failure to provide proper wage statements and notices. *Id.* ¶¶ 44-66. Notably, the Complaint contained no sexual harassment claim. *See id.*

On September 19, 2022, Defendant filed an answer. *See generally* Defendant's Answer to Plaintiff's Complaint, Dkt. 11.

On January 9, 2023, Tyrone Blackburn submitted a notice of appearance on behalf of Plaintiff. *See generally* Notice of Appearance, Dkt. 12. The docket indicates that Mr. Blackburn received electronic notifications of all public filings on the docket beginning on that date.

On March 7, 2023, Chief Magistrate Judge Scanlon referred the matter to court-annexed mediation. *See* Order, dated Mar. 7, 2023. Although the parties did not submit a report from that mediation, according to Fred Charles, Plaintiff was present at the mediation and confirmed a dollar range that she would agree to settle her claims. *See* Fred Charles's Letter to the Court at 4-5 (Feb. 6, 2026), Dkt. 54; Charles Suppl. Opp'n at 4-5.

The case thereafter proceeded to discovery and, in pertinent part,[4] resulted in an offer of judgment pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"). *See generally* Rule 68 Offer of Judgment, Dkt. 42. The offer extended Plaintiff $20,000.00 in exchange for the full and final resolution of her claims. *Id.* at 1-2 ("Pursuant to Rule 68 . . . , Defendant . . . hereby offers to allow judgment in this action to be taken against it and in favor of Plaintiff . . . in the amount of Twenty-Thousand Dollars and Zero Cents ($20,000.00), which is inclusive of all unpaid wages, liquidated damages, statutory penalties, pre-judgment interest, and attorneys' fees and costs incurred by Nantongo in litigating her Fair Labor Standards Act and New York Labor Law claims to the date of this offer . . . This Offer . . . is made by Defendant to fully and finally resolve all wage and hour claims, which were raised in Nantongo's Complaint, or which could have been raised by Nantongo . . . ."). On December 6, 2024, Plaintiff, through Fred Charles, notified the Court of her acceptance of the offer and, importantly, attached a formal acceptance, signed by her. *See id.* at 5 ("I, Olivia Nantongo, hereby accept Defendant, Nationwide Mortgage Bankers, Inc.'s Rule 68 Offer of Judgment attached hereto."). Accordingly, the Clerk of Court entered judgment in Plaintiff's favor for $20,000.00 on December 9, 2024, and closed the case. *See generally* Judgment, Dkt. 44.

On December 17, 2024, Plaintiff, again through Fred Charles, filed a satisfaction of judgment confirming that the settlement amount had been "wholly paid." Satisfaction of Judgment, Dkt. 46. Plaintiff does not dispute that she received a check for $28,000 from Defendant, Nantongo Aff. ¶ 6, which comprises the $20,000 offer amount, plus an additional $8,000, purportedly to resolve Plaintiff's non-filed sexual harassment claims through a separate,

[4] *Pro se* plaintiff Sharon Graham filed a consent to join the collective action on April 21, 2023. *See* Consent to Join Collective Action, Dkt. 14. Because Ms. Graham is not involved in Plaintiff's Motion to Vacate or the R&R, the Court does not address her role in this action or filings relating to her.

undisclosed settlement agreement, Pl.'s Suppl. at 6, or that she endorsed and deposited this check on December 23, 2024, *see* Def.'s Opp'n at 3-4; Def.'s Opp'n, Exhibit 1, Dkt. 53-1 (attaching a copy of the endorsed check).

There were no further filings on the docket until January 22, 2026, a little over a year later. At that time, Plaintiff filed her Motion to Vacate, through Mr. Blackburn, arguing for the first time that Fred Charles had procured the settlement through fraud. *See generally* Pl.'s Mot.; Nantongo Aff; Exhibit 1 to 4, Dkt. 50. Specifically, Plaintiff contends that she does not recall ever signing the offer of judgment, never talked to Fred Charles about the settlement, and did not authorize Fred Charles to settle her sexual harassment claims, which she claims were included in the overall settlement; instead, she asserts that Fred Charles forged her signature. Pl.'s Mot. at 6. That motion also contains allegations regarding Ralph Charles, Fred Charles's brother, a non-attorney who purportedly "acted as an intermediary" in Plaintiff's case "without proper authorization." *Id.* at 7-8. The motion seeks several forms of relief, including: to reinstate the case and vacate the judgment under Federal Rule of Civil Procedure 60(b)(3) ("Rule 60(b)(3)"); to compel Fred and Ralph Charles to produce their complete case file and all documents related to the settlement; to issue a preservation order; to hold an evidentiary hearing; to sanction Fred and Ralph Charles under Federal Rule of Civil Procedure 11; and to refer Fred and Ralph Charles to various prosecutorial and professional bodies for investigation. *Id.* at 8-10.

The following day, the Court directed Fred Charles and Ralph Charles to respond to Plaintiff's motion. *See* Order, dated Jan. 23, 2026. On February 6, 2026, Fred Charles filed a response, *see generally* Fred Charles's Letter to the Court (Feb. 6, 2026), Dkt. 54, and on February 8, 2026, Ralph Charles did the same, *see generally* Ralph Charles's Letter to the Court (Feb. 8, 2026), Dkt. 55. On February 6, 2026, Defendant filed an opposition as well, *see generally* Def.'s

Opp'n, and on February 8, 2026, Plaintiff filed a reply, seeking relief under Federal Rules of Civil Procedure 60(b)(6) ("Rule 60(b)(6)") and 60(d)(3) ("Rule 60(d)(3)"), as well as Rule 60(b)(3), *see generally* Reply at 5.

On February 9, 2026, the Court referred Plaintiff's Motion to Vacate to Chief Magistrate Judge Scanlon. *See* Order Referring Motion, dated Feb. 9, 2026.

On February 13, 2026, Plaintiff, through Mr. Blackburn, filed a related letter asking for "a narrow, time-sensitive production order," which would require Defendant and Fred and/or Ralph Charles to produce "all documents in their possession, custody, or control that bear Ms. Nantongo's signature and relate to this case." Request for Order Directing Production of Wet-Ink Signature Documents Before 2/18/26 Conference, Dkt. 57.

On February 18, 2026, Chief Magistrate Judge Scanlon held a conference on the Motion to Vacate. *See* Minute Entry, dated Feb. 18, 2026; Order, dated Feb. 18, 2026; Transcript of Civil Cause for Telephone Conference Before the Honorable Vera M. Scanlon United States Magistrate Judge, Dkt. 58. At that conference, Chief Magistrate Judge Scanlon heard arguments on Plaintiff's Motion to Vacate and related request to compel discovery. *See generally* Transcript of Civil Cause for Telephone Conference Before the Honorable Vera M. Scanlon United States Magistrate Judge, Dkt. 58. On Plaintiff's motion to compel, Chief Magistrate Judge Scanlon granted Plaintiff her requested discovery with regards to Fred Charles but denied it with respect to Defendant. Order, dated Feb. 18, 2026. On Plaintiff's Motion to Vacate, Chief Magistrate Judge Scanlon permitted Plaintiff to file a supplement and Defendant and Fred Charles to file oppositions to that supplement. *See id.* Notably, Chief Magistrate Judge Scanlon advised Plaintiff of the need for "clear and convincing evidence" for any alleged "fraud on the Court" and stated that no reply would be "permitted unless requested by the Court." *Id.*; *see also* Order, dated Mar. 17, 2026

(granting Plaintiff's request for an extension of time to file her supplement and, in doing so, repeating that "[n]o reply [would be] permitted unless requested by the Court").

On March 18, 2026, Plaintiff filed her supplement, seeking to vacate the judgment pursuant to Rules 60(b)(3) and 60(d)(3). *See generally* Pl.'s Suppl. at 9-14. On April 17, 2026, Defendant and Fred Charles filed their oppositions. *See generally* Def.'s Suppl. Opp'n; Charles Suppl. Opp'n; Declaration of Fred V. Charles, Dkt. 64. Despite Chief Magistrate Judge Scanlon's admonition to the contrary, Plaintiff additionally filed a reply. *See generally* Pl.'s Suppl. Reply; Blackburn Aff.

On August 7, 2026, Chief Magistrate Judge Scanlon issued the R&R, recommending denial of Plaintiff's Motion to Vacate. *See* R&R at 5-10. Regarding Plaintiff's arguments pursuant to Rule 60(b)(3), in particular, the R&R concludes that the motion should be denied because it is untimely, but even if it were timely, the R&R finds, in the alternative, that it does not satisfy Rule 60(b)(3) by clear-and-convincing evidence because Plaintiff alleges fraud by her own attorney, as opposed to her adversary, and because Plaintiff does not establish that she was prevented from fully and fairly presenting her case. *Id.* at 15-20. Regarding Plaintiff's arguments pursuant to Rule 60(d)(3), in particular, the R&R concludes that Plaintiff's motion fails on that ground as well, both because Rule 60(d)(3) may not be used to circumvent the one-year bar under Rule 60(b)(3) and, even if that were not the case, Plaintiff fails to satisfy the requirements of Rule 60(d)(3) because Plaintiff solely alleges fraud on herself, as opposed to fraud on the court, and does not meet the clear-and-convincing standard required for such relief. *Id.* at 20-25.

Objections to the R&R were due by August 21, 2026. *See* FED. R. CIV. P. 72(b). Plaintiff filed her objections, through Mr. Blackburn, approximately one hour late, on August 22, 2026. *See* Pl.'s Objs. To date, Defendant and Fred Charles have not filed any objections; however, they

did each file responses to Plaintiff's objections on September 3 and 4, 2026, respectively. *See* Defendant's Response to Plaintiff's Objections to the Report and Recommendation of Hon. Magistrate Judge Vera M. Scanlon, Dkt. 71 ("Def.'s Resp. to Pl.'s Objs."); Defendants' Request to Deny Plaintiff's Objections as Untimely, Dkt. 72 ("Charles Resp. to Pl.'s Objs." or "Charles Response to Plaintiff's Objections").[5]

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3); *accord Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025). "If a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error." *Nambiar*, 158 F.4th at 359 (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 amendment).

A proper objection must be timely and specific. *Id.* In other words, it must be filed within 14 days of a magistrate judge's report and recommendation, FED. R. CIV. P. 72(b)(2), and must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. . . . Merely referring the court to previously filed papers or arguments does not constitute an adequate objection," *Nambiar*, 158 F.4th at 359 (first quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); and then quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). Moreover, "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.*

[5] When citing to the Charles Response to Plaintiff's Objections, the Court refers to the page numbers contained in the automatically generated ECF header.

## DISCUSSION

"Plaintiff asks the Court to decline to adopt the R&R insofar as it recommends outright denial of her motion, to retain the motion for de novo determination, to order . . . limited preservation and production [of evidence], and to conduct an evidentiary hearing." Plaintiff's Objs. at 1. To the extent that she raises objections to the R&R, Plaintiff challenges the R&R on four bases.[6] The first two tacitly attack the R&R's conclusion that Plaintiff does not establish by clear-and-convincing evidence that she was prevented from fully and fairly presenting her case, as required under Rule 60(b)(3), and the second two challenge the R&R's conclusion that Plaintiff has not established by clear-and-convincing evidence a fraud on the court, as required under Rule 60(d)(3). The Court reviews Plaintiff's objections to the R&R de novo, addressing each objection in turn.

### A. Plaintiff's Objections to the R&R's Rule 60(b)(3) Findings Are Overruled.

In her Motion to Vacate, Plaintiff requests, among other things, "that the Court reinstate this case to the active docket and vacate the judgment . . . on the ground that it was procured through fraud, forgery, and material misrepresentation under [Rule 60(b)(3)]." Mot. to Vacate at 8. In that letter motion, she does not seek relief under Rule 60(d)(3). *See id.* at 8-9.

---

[6] Mr. Blackburn filed Plaintiff's Objections at 1:11 a.m. on August 22, 2026, and has provided no explanation for his delay. The Second Circuit has long acknowledged that failure to timely object to a Magistrate Judge's Report and Recommendation may operate as a forfeiture of further judicial review. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citing *Mario v. P & C Food Mkts. Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). Nevertheless, Mr. Blackburn's untimeliness was minimal and, in its discretion, the Court will consider Plaintiff's Objections. *See, e.g.*, *Young v. Lugo*, 18-CV-4216(JS)(JMW), 2026 WL 1662274, at *6 (E.D.N.Y. June 9, 2026) (choosing to consider, in its discretion, objections filed "shortly after midnight" on the date following the court's deadline).

Defendant and Fred and Ralph Charles urge the Court not to consider Plaintiff's untimely objections, *see* Def.'s Resp. to Pl.'s Objs. at 3-4; Charles Resp. to Pl.'s Objs. at 1-2, but their arguments are unpersuasive as neither party grapples with the minimal delay present in this case or the Court's discretion to consider the objections.

Fred and Ralph Charles similarly argue that Plaintiff's Objections are not sufficiently specific, *see* Charles Resp. to Pl.'s Objs. at 3, however, the Court can discern from the filings what Plaintiff's Objections are. *Nambiar*, 158 F.4th at 359. Even if it could not, Plaintiff's Objections nevertheless fail for the reasons discussed below.

In opposition, Defendant argues that the Motion to Vacate is untimely and notes that Plaintiff has not made any allegations of fraud, misrepresentation, or misconduct by Defendant. Def.'s Opp'n at 3-4. Fred Charles similarly asserts that the Motion to Vacate is untimely and contests Plaintiff's version of events, asserting additional facts regarding the action and alleged misconduct by Mr. Blackburn. Fred Charles's Letter to the Court (Feb. 6, 2026), Dkt. 54. For his part, Ralph Charles does similarly, also disputing Plaintiff's "revisionist history" and putting forward more information regarding Mr. Blackburn's knowledge of the case. Ralph Charles's Letter to the Court at 1 (Feb. 8, 2026), Dkt. 55.

In reply, Plaintiff argues that the Motion to Vacate is not time-barred, contending that the limitations period runs from the discovery of the fraud and, alternatively, for the first time, that Rule 60(d)(3) provides an additional basis for the Court to set aside the judgment for fraud on the court. Reply at 3-4. Plaintiff also argues alternatively, for the first time, that the Court should set aside the judgment under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"), for "any other reason that justifies relief." *Id.* at 5 (quoting FED. R. CIV. P. 60(b)(6)).[7] Plaintiff asserts that electronic notifications do not constitute knowledge of fraud. *Id.* at 6.

[7] After filing her Reply, Plaintiff did not raise her alternative Rule 60(b)(6) argument again and, instead, focused exclusively on her arguments under Rules 60(b)(3) and 60(d)(3). *See* Pl.'s Suppl. at 1, 6-14; Pl.'s Suppl. Reply at 4-14; Pl.'s Objs. at 1-5. As a result, Defendant and Fred Charles did not respond to this argument, and the R&R did not analyze it. *See* Def.'s Suppl. Opp'n at 2-4; Charles Suppl. Opp'n at 8-18; R&R at 10-25.

Arguments raised in reply need not be considered by the Court. *Cf. Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005); *see, e.g.*, *Sanderson v. Leg Apparel LLC*, 1:19-cv-8423-GHW, 2025 WL 2997325, at *5 n.2 (S.D.N.Y. Oct. 23, 2025) (noting that "[c]ourts have repeatedly held that arguments raised for the first time in reply briefs are waived" and that "the waiver doctrine is an adequate independent basis to reject the arguments presented by [the plaintiff for the first time] in his reply"). Nevertheless, even if the Court were to consider it, Plaintiff's desired relief fails at the outset because the Second Circuit has explained that Rule 60(b)(6) applies only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule and there are extraordinary circumstances justifying relief." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016). Here, Plaintiff's desired relief is addressed under Rule 60(b)(3), which Plaintiff concedes by seeking relief under that section. *See, e.g.*, *Geo-Grp. Commc'ns, Inc. v. Chopra*, 15 Civ. 1756 (KPF), 2023 WL 6235160, at *17 (S.D.N.Y. Sep. 26, 2023) (determining that the plaintiff was not entitled to relief under Rule 60(b)(6) where its "allegations of misconduct" and "proffers of newly-obtained evidence supporting its case [were] squarely within the ambit of Rules 60(b)(2) and (b)(3), foreclosing [the plaintiff's] motion under the catch-all provision of Rule 60(b)(6)"). Thus, Rule 60(b)(6) is inapplicable.

Plaintiff's supplement, and Defendant and Fred Charles's oppositions thereto, expand upon these same arguments, however, Plaintiff spends more time focusing on her Rule 60(d)(3), as opposed to her Rule 60(b)(3), argument. *See* Pl.'s Suppl. at 6-14; Def.'s Suppl. Opp'n at 3-4; Charles Suppl. Opp'n at 8-18; Pl.'s Suppl. Reply at 4-14.

Regarding Plaintiff's arguments pursuant to Rule 60(b)(3), the R&R concludes that the motion should be denied because it is untimely. *See* R&R at 15-17. Even if it were timely, the R&R finds, in the alternative, that it does not satisfy Rule 60(b)(3) by clear-and-convincing evidence because Plaintiff alleges fraud by her own attorney, as opposed to her adversary, and because Plaintiff does not establish that she was prevented from fully and fairly presenting her case. *Id.* at 15-20. Specifically, the R&R finds that Plaintiff merely asserts, "in conclusory fashion," that Fred Charles "procured the judgment through fraud and misrepresentation, and that Plaintiff did not authorize or sign acceptance of the Offer of Judgment." *Id.* at 19. But "Plaintiff does not explain how she was prevented from fully and fairly presenting her case when Attorney Blackburn, who has appeared as attorney since January 2023, had equal access to the Offer of Judgment and all other filings on the public docket." *Id.* Further, the R&R notes that Plaintiff does not contest the facts that she deposited the settlement check on December 23, 2024, and did not contact Fred Charles again until January 14, 2026. *Id.* The R&R finds that "Plaintiff does not explain why she could not, with due diligence, have discovered the alleged fraud and misrepresentation earlier." *Id.* at 19-20.

In Plaintiff's Objections, she contends that "cashing a check is not informed consent or ratification," Pl.'s Objs. at 1 (citation modified), and that Mr. Blackburn took only a "non-substantive role" in the case prior to judgment, such that "automated ECF notices" do not constitute "proof of Plaintiff's actual knowledge" of the settlement, *id.* at 2-3.

In opposition to Plaintiff's Objections, Defendant, Fred Charles, and Ralph Charles all highlight that Plaintiff's Rule 60(b)(3) arguments are time-barred and argue that the R&R's finding on this point should be reviewed for clear error. *See* Def.'s Resp. to Pl.'s Objs. at 4-6; Charles Resp. to Pl.'s Objs. at 1-2. Defendant further asserts that Plaintiff fails to meet the clear-and-convincing evidence standard required for relief under Rule 60(b)(3). *See* Def.'s Resp. to Pl.'s Objs. at 6-8.

**1. Plaintiff's Rule 60(b)(3) Motion Is Untimely.**

The parties do not object to the R&R's finding that Plaintiff's Motion to Vacate is untimely under Rule 60(b)(3). R&R at 15-17; *see* Pl.'s Objs; Def.'s Resp. to Pl.'s Objs.; Charles Resp. to Pl.'s Objs. Thus, the Court reviews this finding for clear error. FED. R. CIV. P. 72(b) advisory committee's note to the 1983 amendment; *accord Nambiar*, 158 F.4th at 358-59. Finding no clear error as to the R&R's finding that the Motion to Vacate is untimely, the Court adopts it in full. *See* FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (per curiam) (affirming the denial of a Rule 60(b)(3) motion as time-barred).

This conclusion disposes of Plaintiff's Motion to Vacate under Rule 60(b)(3) in its entirety. *See* FED. R. CIV. P. 60(c)(1); *King*, 287 F.3d at 94. *See generally* 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2860 (3d ed. 2026).

**2. Plaintiff Does Not Satisfy Rule 60(b)(3)'s Evidentiary Requirements.**

Even assuming *arguendo* that the Motion to Vacate was timely, it would still fail because Plaintiff does not satisfy Rule 60(b)(3)'s evidentiary requirements. Rule 60(b)(3) solely pertains to fraud committed by an opposing party, as opposed to a party's own lawyer. R&R at 17-18; *see*

FED. R. CIV. P. 60(b)(3) (empowering a court to vacate a judgment where there is "fraud . . . , misrepresentation, or misconduct *by an opposing party*." (emphasis added)); *see, e.g.*, *Cordero v. United States*, 09 Civ. 4388(SAS) & 01 CR 74(SAS), 2012 WL 5431005, at *7 (S.D.N.Y. Nov. 5, 2012) (denying relief under Rule 60(b)(3) where, among other reasons, the movant alleged misconduct by his own attorney, rather than an opposing party). *See generally* 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2860 (3d ed. 2026). Notably, the parties do not contest this finding either, *see* Pl.'s Objs; Def.'s Resp. to Pl.'s Objs.; Charles Resp. to Pl.'s Objs., and, having reviewed it for clear error, FED. R. CIV. P. 72(b) advisory committee's note to the 1983 amendment; *accord Nambiar*, 158 F.4th at 358-59, the Court adopts this finding in full.

Further, applying a *de novo* standard of review to Plaintiff's two objections, the Court adopts the R&R's conclusion. As the Second Circuit has "repeatedly emphasized, 'final judgments should not be lightly reopened,' so relief under Rule 60(b) is available only in 'exceptional circumstances.'" *Adidas Am., Inc. v. Thom Browne, Inc.*, 174 F.4th 325, 333 (2d Cir. 2026) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "To prevail under Rule 60(b)(3), a party must prove the opposing party's misconduct by clear and convincing evidence. It must also show that the misconduct interfered with its ability to present its case fully and fairly." *Id.* at 332 (first citing *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004)). Where a movant concedes that it already possessed material that the other party supposedly concealed, it "cannot claim that it was prevented from fully presenting its case." *State St. Bank & Tr. Co.*, 374 F.3d at 176.

Plaintiff's assertions do not establish by clear-and-convincing evidence that Plaintiff was prevented from fully and fairly presenting her case because she and Mr. Blackburn already had

access to the materials that revealed the alleged fraud. As the R&R observes, Plaintiff does not explain how her ability to present her case was interfered with when Mr. Blackburn had full access to the docket since January 9, 2023, nearly two years prior to entry of judgment on December 9, 2024, and when Plaintiff endorsed and deposited the settlement check on December 23, 2024. Plaintiff does not dispute that she received the money and makes no representation that she returned it. *See* Def.'s Opp'n at 3-4; Def.'s Opp'n, Exhibit 1, Dkt. 53-1; Nantongo Aff. ¶¶ 6-8. Rather, Plaintiff's Objections merely contend, in the absence of legal support, that Plaintiff's cashing of the check and Mr. Blackburn's limited involvement do not amount to an awareness of what was happening in the action. Pl.'s Objs. at 1-3. Such arguments are unavailing. But even if Plaintiff had satisfied this element, relief under Rule 60(b)(3) would nevertheless be denied as time barred and beyond the scope of Rule 60(b)(3) due to lack of allegations pertaining to an opposing party.[8]

Accordingly, the Court adopts the R&R's recommendation that Plaintiff's Rule 60(b)(3) motion should be denied.

**B. Plaintiff's Objections to the R&R's Rule 60(d)(3) Findings Are Overruled.**

Next, the Court turns to Plaintiff's Rule 60(d)(3) objections. As indicated above, Plaintiff does not raise Rule 60(d)(3) in her original Motion to Vacate, *see generally* Pl.'s Mot., but instead raises this alternative argument for the first time in her Reply, where she asserts that the Court has "inherent power under Rule 60(d)(3) to set aside a judgment procured by fraud on the Court, and that power has no time limitation."[9] Reply at 3 (citation modified). Plaintiff contends that Fred

[8] In making her objections, Plaintiff challenges the R&R's citation to *Soto v. County of Westchester*, 08 Civ. 5066 (AJN), 2018 WL 527977, at *4 (S.D.N.Y. Jan. 22, 2018). *See* Pl.'s Objs. at 2. Plaintiff argues that the R&R's reliance on it "inverts the case." However, the R&R referred to *Soto* in its discussion of Plaintiff's arguments under Rule 60(d)(3), not Rule 60(b)(3). *See* R&R at 23-24. Thus, the Court addresses *Soto* below.

[9] As Defendant correctly points out, the R&R was not obligated to consider Plaintiff's Rule 60(d)(3) argument as it was raised for the first time in her Reply. *Compare* Pl.'s Mot., *with* Reply. *See* Def.'s Resp. to Pl.'s Objs. at 9.

Charles "forged her signature on settlement documents and filed those documents on this court's docket"—conduct which "constitutes . . . paradigmatic fraud on the court." *Id.* In her supplement, Plaintiff expands on this argument, contending that forensic evidence proves the forgery and that Fred Charles lacked the authority to settle the case. Pl.'s Suppl. at 6-10.

In opposition to Plaintiff's supplement, Defendant and Fred Charles both argue that Plaintiff does not establish fraud on the court by clear-and-convincing evidence, as required under Rule 60(d)(3). Def.'s Suppl. Opp'n at 3-4; Charles Suppl. Opp'n at 9-12. Defendant highlights the unusual posture of this case, arguing that, like Rule 60(b)(3), Rule 60(d)(3) "only applies to fraud on the court committed by an opposing party." Def.'s Suppl. Opp'n at 4. Fred Charles further explains that Plaintiff does not establish any element of fraud on the court under Rule 60(d)(3): "she cannot argue that she has no other available remedies because, after filing this motion, [Plaintiff] filed a separate related action . . . in this District entitled *Nantongo v. Charles Law, P.C. et al.*, 26-cv-1769 (EDNY) (OEM)"; her "new gripes may have been resolved if not for her own neglect"; and she cannot establish the elements of fraud. Charles Suppl. Opp'n at 10. Further, Fred Charles asserts that he acted with authority on her behalf. *Id.* at 12-13.

In her supplemental reply, Plaintiff asserts that Rule 60(d)(3) "encompasses fraud by an officer of the court – including Plaintiff's own former counsel." Pl.'s Suppl. Reply at 6 (citation modified). Plaintiff additionally contends that the "undisputed forensic evidence satisfies the clear and convincing standard," *id.* at 8 (citation modified), and that Fred Charles lacked the authority to settle Plaintiff's sexual harassment claims, *id.* at 9-12.

The R&R recommends denying Plaintiff's Rule 60(d)(3) arguments. First, it observes that "[i]n a seeming effort to circumvent the one-year bar under Rule 60(b)(3), Plaintiff's supplemental

However, the Court retains the discretion to consider them and does so here. *Cf. Ruggiero*, 424 F.3d at 252; *see, e.g.*, *Sanderson*, 2025 WL 2997325, at *5 n.2.

submission invokes Rule 60(d)(3)," however, "the Second Circuit has frowned on such efforts to avoid the time bar." R&R at 20. Nevertheless, the R&R concludes that, while Rule 60(d)(3) is not limited to opposing parties, like Rule 60(b)(3), Plaintiff fails to satisfy the requirements of Rule 60(d)(3) because Plaintiff solely alleges fraud on herself, as opposed to fraud on the court: "Plaintiff's allegations, even if true, did not affect the integrity of the judicial process because the parties resolved the case without the Court's involvement. . . . Plaintiff has not shown that any alleged misconduct was so significant that 'the judicial machinery [could not] perform in the usual manner its impartial task of adjudging cases." *Id.* at 21 (alteration in original) (quoting *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995)). Moreover, the R&R concludes that Plaintiff fails to meet the clear-and-convincing standard because "[h]er pleadings consist of largely conclusory allegations," *id.* at 22, which do not "provide[] sufficient evidence to support a claim for fraud, and certainly not enough to meet the clear and convincing standard," *id.* at 23. In doing so, the R&R acknowledges that "the fraud contemplated by Rule 60(d)(3) need not be by an opposing party," *id.* at 20, and specifically discusses, among other things, how Plaintiff's forensic expert states that her findings are not final and how Fred Charles raises in his papers that electronic signatures are common and were authorized by Plaintiff. *Id.* at 23.

In Plaintiff's Objections, she asserts that the alleged forgery was, in fact, fraud on the court because it "was the operative instrument that triggered mandatory entry of judgment and terminated the pending federal action." Pl.'s Objs. at 3. Plaintiff adds that the "ultimate clear-and-convincing burden does not justify denial before Plaintiff can obtain the identified evidence necessary to test authenticity." *Id.* at 4 (citation modified). Plaintiff contends that her forensic expert's work was limited by the fact that she did not have access to the native-file metadata but argues nevertheless that that limitation "does not negate the examiner's existing finding that four

signatures appearing on documents spanning approximately three years are forensically identical." *Id.* She reiterates her request for an evidentiary hearing and asks for further discovery. *Id.*

In response to Plaintiff's Objections, Defendant notes that "the Magistrate Judge was under no obligation to consider Plaintiff's arguments under Rule 60(d)(3), as Plaintiff raised those arguments for the first time in her Reply." Def.'s Resp. to Pl.'s Objs. at 9. Defendant also asserts that Plaintiff "essentially acknowledges that the evidence presented in support of her Motion to Vacate does not meet the clear and convincing standard" and contends that "Courts considering relief under Rule 60(d)(3) are not required to conduct an evidentiary hearing and may, in their discretion, resolve the motion on the papers." *Id.* at 10. Here, Defendant observes, Chief Magistrate Judge Scanlon permitted Plaintiff supplemental filings and held a conference at which oral arguments were heard: "Plaintiff has identified no additional evidence or testimony that she would have presented at an evidentiary hearing that was not already before the Court." *Id.* at 11.

Fred Charles largely echoes Defendant, adding that "Rule 60(d)(3) cannot provide Plaintiff relief because Plaintiff has an alternative means for relief and has filed a separate related action" and that "Rule 60(d)(3) does not apply to matters where a single litigant makes a claim for misconduct." Charles Resp. to Pl.'s Objs. at 3.

Plaintiff does not contest the R&R's characterization of her belated invocation of Rule 60(d)(3) as an impermissible end run around the one-year filing window of Rule 60(b)(3). *See* R&R at 20 (citing *In re Lawrence*, 293 F.3d 615, 622 n.5 (2d Cir. 2002)); Pl.'s Objs. Thus, the Court reviews this finding for clear error. FED. R. CIV. P. 72(b) advisory committee's note to the 1983 amendment; *accord Nambiar*, 158 F.4th at 358-59. Finding no clear error as to the R&R's finding, the Court adopts it in full. *See In re Lawrence*, 293 F.3d 615, 622 n.5 (2d Cir. 2002) (It is well settled that "the savings clause generally cannot be used to preserve an ordinary Rule

60(b)(3) fraud claim which could have been asserted in a timely manner."); *see also Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972) (per curiam) ("And it is settled that an appellant cannot circumvent the one year limitation by invoking the residual clause . . . .").[10]

Applying the *de novo* standard of review to Plaintiff's two objections, the Court adopts the R&R's conclusion. Rule 60(d)(3) provides that a court may "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). To show "fraud on the court," a party "must prove, by clear and convincing evidence," both interference "with the judicial system's ability to adjudicate impartially and that the acts" were of "such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." *Marco Destin, Inc. v. Levy*, 111 F.4th 214, 219-20 (2d Cir. 2024) (quoting *Mazzei v. The Money Store*, 62 F.4th 88, 93-94 (2d Cir. 2023)); *see King*, 287 F.3d at 95.

As with Rule 60(b)(3), Plaintiff has not shown under Rule 60(d)(3) that she has been prevented from fully and fairly presenting her case. The "same principles" regarding full and fair presentation discussed above in the context of Rule 60(b)(3) "apply when a movant seeks to set aside a judgment on the basis of fraud on the court." *State St. Bank & Tr. Co.*, 374 F.3d at 176. Where a movant concedes that it already possessed material that the other party supposedly concealed, it "cannot claim that it was prevented from fully presenting its case." *Id.* at 176; *see also Mazzei*, 62 F.4th at 94 (declining to find that a plaintiff had been prevented from fully and fairly presenting his case where evidence that was allegedly concealed was available in other sources that the plaintiff failed to explore through "the required diligence"). As discussed above,

[10] The Court notes that Rule 60 was amended on April 30, 2007, and became effective on December 1, 2007. *See* FED. R. CIV. P. 60. Although not substantive in nature, that amendment did stylistically rearrange the savings clause such that its former citation at Rule 60(b) was moved to Rule 60(d)(3). *See* FED. R. CIV. P. 60 advisory committee's note to 2007 amendment. *Compare* FED. R. CIV. P. 60(b) (2006), *with* FED. R. CIV. P. 60(d)(3) (2026). *See generally* 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2851 (3d ed. 2026).

Plaintiff's Objections merely contend, in a conclusory fashion and in the absence of legal support, that Plaintiff's cashing of the check and Mr. Blackburn's limited involvement do not amount to an awareness of what was happening in the action. Pl.'s Objs. at 1-3. Plaintiff does not explain how her ability to present her case was interfered with when Mr. Blackburn had full access to the docket since January 9, 2023, nearly two years prior to entry of judgment on December 9, 2024, and when Plaintiff endorsed and deposited the settlement check on December 23, 2024. Plaintiff's failure to exercise her required diligence does not amount to an inability to fully and fairly present her case. Furthermore, as noted in the R&R, to the extent that Plaintiff asserts that "she would not have agreed to the Offer of Judgment had she known her sexual-harassment claims were also resolved by the judgment[,] . . . Plaintiff does not explain why her own misunderstanding constitutes 'fraud on the court.'" R&R at 22 (first citing Pl.'s Mot.; and then citing Pl.'s Suppl.).

Moreover, Plaintiff's allegations do not establish that the judicial system's ability to adjudicate impartially was affected. This case was resolved by a Rule 68 offer of judgment. R&R at 21-22. The Second Circuit has observed that "mandatory and absolute" nature of Rule 68, such that the "district court's role in entering a Rule 68(a) judgment [is] 'ministerial rather than discretionary.'" *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 400 (2d Cir. 2019) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1278-79 (6th Cir. 1991)). No assessment of the parties' respective rights was therefore made; fraud cannot be said to have been upon the Court, as opposed to upon Plaintiff. *Cf., e.g.*, *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (The Ninth Circuit declined to find fraud on the court where Plaintiff alleged that her lawyer forged her co-counsel's signature on a Rule 68 offer and poorly advised her. Among other things, the court observed that "[w]hile [the plaintiff was] left with a Rule 68 judgment with which she [was] unhappy, the integrity of the judicial process ha[d] not been impaired." The Ninth Circuit

"f[ound] it significant that vacating the judgment would in fact '"punish parties who are in no way responsible for the "fraud."'" (quoting *Alexander v. Robertson*, 882 F.2d 421, 425 (9th Cir. 1989))).

Plaintiff's arguments to the contrary are unavailing. Plaintiff focuses on the fact that "once an offer and written notice of acceptance are filed with proof of service, the clerk must then enter judgment." Pl.'s Objs. at 3. She contends that "the alleged misconduct targeted the Court's own judgment machinery." *Id.* However, Plaintiff cites no legal authority supporting her position. *Id.* While it is true that *Giurca v. Montefiore Health System, Inc.*, 18-CV-11505 (ER) (BCM), 2023 WL 9102694, (S.D.N.Y. Dec. 21, 2023); *Rowe Entertainment v. William Morris Agency Inc.*, 98 CV 8272(RPP), 2012 WL 5464611 (S.D.N.Y. Nov. 8, 2012); and *LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130 (S.D.N.Y. 2009), did not involve Rule 68 offers of judgment, *see* Pl.'s Objs. at 3, they do lend support for the proposition that fraud on the court is not perpetrated where the court has taken no action on the merits of the parties' claims. *See Giurca*, 2023 WL 9102694, at *12 (involving a stipulation of dismissal); *Rowe*, 2012 WL 5464611, at *16 (involving, among other things, a challenge to a settlement agreement); *LinkCo*, 615 F. Supp. 2d at 132 (involving a challenge to a settlement agreement).

While the Court agrees that *King v. First American Investigations, Inc.*, 287 F.3d 91, and *Soto v. County of Westchester*, 2018 WL 527977, both acknowledge that fraud upon the court encompasses misconduct by attorneys, as officers of the court, *see also Kupferman v. Consol. Rsch. & Mfg. Corp.*, 459 F.2d 1072, 1079 (2d Cir. 1972) (acknowledging a lawyer's status as an "officer" of the court, which "demands integrity and honest dealing with the court"), that an attorney is accused of fraud upon the court does not automatically end the inquiry. In *King*, the court determined that no fraud upon the court had been shown because the plaintiff did "no more

than complain that the defendants disputed his version of the law and facts." 287 F.3d at 95-96. And *Soto* similarly observed that the plaintiff's "conclusory allegations" did not meet the clear-and-convincing evidence standard. 2018 WL 527977 at *4.

Further, the Second Circuit's recent statements of the applicable standard for fraud on the court acknowledge the necessity of a showing that the plaintiff was prevented from fully and fairly presenting her case. *Mazzei*, 62 F.4th at 94. Here, as stated above, Plaintiff has not met this burden because she has not shown that her ability to fully and fairly present her case was impaired. Even with Plaintiff's forensic evidence, Plaintiff cannot show by clear-and-convincing evidence that Fred Charles fraudulently forged her signature because Fred Charles has plausibly represented that "electronic signatures are common and [were] used for Ms. Nantongo's convenience, and [were] authorized by Ms. Nantongo." Charles Suppl. Opp'n at 5.

Moreover, courts presume that an attorney-of-record who enters into a settlement agreement on behalf of a client has the authority to do so. *In re Artha Mgmt., Inc.*, 91 F.3d 326, 329 (2d Cir. 1996). To overcome this presumption, "any party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving by affirmative evidence that the attorney lacked authority"—a burden that is "not insubstantial." *Id.* (quoting *United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993)). But Plaintiff has not carried this burden: she waited over a year to raise any concern about Fred Charles's representation, and she cashed a settlement check that she has not returned to date. Fred Charles additionally represents that, at this matter's mediation, Plaintiff was present and confirmed a dollar range that she would agree to settle her claims. *See* Fred Charles's Letter to the Court at 4-5 (Feb. 6, 2026), Dkt. 54; Charles Suppl. Opp'n at 4-5. At a minimum, Fred Charles had the apparent authority to settle. While Plaintiff is seemingly now, over a year later, dissatisfied with the judgment she received, the

"important interest in finality," which underlies Rule 60(d)(3), "is not well served when a losing party can, except in the most exceptional and egregious cases, fail to take advantage of these opportunities and revisit a matter that courts and the parties have understood to have ended." *Mazzei*, 62 F.4th at 95; *see, e.g.*, *Hillair Cap. Invs., LP v. Smith Sys. Transp., Inc.*, 640 F. App'x 49, 52-53 (2d Cir. 2016) (finding a client's delay in raising its lawyer's authority to be "fatal" to its claim that its lawyer lacked apparent authority).

Conceding that she does not meet the clear-and-convincing evidence standard warranted for relief under Rule 60(d)(3), Plaintiff lastly argues, in the absence of legal authority, that the "ultimate clear-and-convincing burden does not justify denial before Plaintiff can obtain the identified evidence necessary to test authenticity." Pl.'s Objs. at 4. However, this argument, too, fails. Chief Magistrate Judge Scanlon provided Plaintiff with every opportunity to obtain any necessary evidence and to make every potential argument: she granted Plaintiff leave to file a supplement; she granted Plaintiff discovery as to Fred Charles; and she held an oral argument on Plaintiff's Motion to Vacate. *See* Minute Entry, dated Feb. 18, 2026; Order, dated Feb. 18, 2026; Transcript of Civil Cause for Telephone Conference Before the Honorable Vera M. Scanlon United States Magistrate Judge, Dkt. 58. In the R&R, Chief Magistrate Judge Scanlon, in her discretion, also considered arguments that were raised by Plaintiff for the first time on reply. *See* R&R at 20-25. Further, at oral argument on the motion, Chief Magistrate Judge Scanlon advised Plaintiff that she carried the burden of showing by clear-and-convincing evidence fraud on the court. *See* Minute Entry, dated Feb. 18, 2026. Plaintiff may not now credibly claim material incompleteness of the record.

Accordingly, the Court adopts the R&R's recommendation that Plaintiff's Rule 60(d)(3) motion be denied because Plaintiff has failed to meet her burden that she is entitled to relief.

### C. The Remainder of the R&R Is Adopted in Full.

The parties have not objected to any of the R&R's other findings. Therefore, the Court reviews the R&R's additional findings for clear error, FED. R. CIV. P. 72(b) advisory committee's note to the 1983 amendment; *accord Nambiar*, 158 F.4th at 358-59, and, finding no clear error, adopts them in full.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections are overruled, and the Court adopts the R&R in full. Plaintiff's Motion to Vacate is denied.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

September 16, 2026
Brooklyn, New York