**CHARLES LAW, P.C.**
Attorneys at Law

Member of the New York Bar

September 18, 2026

Via ECF
Hon. Vera M. Scanlon
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Nantongo et al. v. Nationwide Mortgage Bankers, 1:22-cv-4974 (OEM)(VMS)
Response to Motion for Sanctions

Dear Judge Scanlon:

This letter is in response to Plaintiff's request for sanctions against me at Dkt. Nos. 67, 68. Plaintiff's motion for sanctions, filed without leave of this Court, is yet another frivolous and bizarre filing by Plaintiff's counsel Tyrone Blackburn. Respectfully, this Court cannot ignore Plaintiff's ongoing fictional claims.

Mr. Blackburn, through his own personal affidavit, ("Blackburn Aff." Dkt. No. 68), contends that I fabricated or materially misattributed four (4) cited cases in total in two separate filings at Dkt. Nos. 54, 63. However, Plaintiff's Memorandum of Law ("Pl. Mem." Dkt. No. 67-2), in contradiction of Mr. Blackburn's Affidavit, contends that I fabricated two (2) cases, not four (4). After reviewing Mr. Blackburn's submissions, I immediately recognized that Blackburn's allegations of fabricated case law as false because I do not use A.I. to draft submissions to court. The truth is that Mr. Blackburn used an A.I. chatbot to manufacture obviously false accusations of fabrication. f Mr. Blackburn had bothered to actually read my submissions, or even his own submissions, he would have recognized that two (2) of the allegedly fabricated cases appear nowhere in my documents. Even worse, Mr. Blackburn submitted a sworn statement to this Court that he spent " not less than 10 hours" to verify four non-fabricated cases.

Mr. Blackburn contends that his "not less than ten (10) hours" of verifying my citations revealed the following fabricated case law:

Mpala v. Segarra, 718 Fed. App'x 84 (2d Cir. 2018);
LinkCo Inc. v. Naoyuki Akikusa, 367 Fed. App'x 180 (2d Cir. 2010);
Johnson v. Turnbill, 715 Fed. App'x 84 (2d Cir. 2018); and,
United States v. Philley, 357 Fed. App'x 179 (10th Cir. 2009).

For the first two (2) citations, Mr. Blackburn's A.I. chatbot detected two typographical errors, one at Dkt. No. 54 at 2 and the other at Dkt. No. 63 at 9. At Dkt. No. 54, I inadvertently used "715" instead of "718"" as the case reporter, and at Dkt. No. 63, I used "357" instead of "367." These are two (2) admitted typographical errors that do not amount to fabrication of cited case law.

For clarification of what it means to fabricate, and for Mr. Blackburn's benefit, I provide Merriam-Webster's Dictionary definition of fabricate: "[T]o make up for the purpose of deception." Merriam-Webster's Dictionary, https://www.merriam-webster.com/dictionary/fabricate (last visited Sept. 17, 2026). The first two (2) cases are not fabricated because Mr. Blackburn attached both opinions to his Affidavit (they do exist). And, this Court cited LinkCo in its Report and Recommendation to the District Court, dated August 7, 2026. See Report and Recommendation at 22 (Dkt. No. 69). As for Mpala, Mr. Blackburn conceded that I cited it for the proposition of timeliness pursuant to Fed. R. Civ. P. 60(b) and not for a proposition that exists in an alternate case. "Moreover, even the real Mpala decision at 718 F. App'x 84 does not support Mr. Charles's argument. Mpala addressed a Rule 60(b)(1) motion based on an alleged miscommunication between the plaintiff and his prior attorney — not a Rule 60(d)(3) fraud on the court claim. Ms. Nantongo's motion is brought under Rule 60(d)(3), which carries no time bar whatsoever." Pl. Mem. at 5.[1] In other words, Mr. Blackburn argues—a albeit incorrectly—that I used the "real" Mpala for a proposition distinguishable from the case at bar, but, at the same time, argues that "The three-digit transposition of the volume number displaced the citation from the real Mpala decision to Johnson v. Turnbill, 715 F. App'x 84 (2d Cir. 2018) — a summary order addressing a § 1983 excessive-force handcuffing claim by a pretrial detainee at Rikers Island, which has no connection to Rule 60(b), timeliness, or post-judgment relief of any kind." Id. Again, Mr. Blackburn contradicts his own arguments in a manner that strongly suggests that work of A.I. hallucinations.

For the second pair of cases, Mr. Blackburn contends that, "In ECF No. 63, Mr. Charles also cited <u>United States v. Philley</u>, 357 Fed. Appx. 179, and attributed it to the Second Circuit. Upon independent research, I confirmed that United States v. Philley, 357 Fed. Appx. 179 (2009) is a Tenth Circuit decision — not a Second Circuit decision. Mr. Charles's attribution of this case to the Second Circuit is false and materially misleading." Blackburn Aff. ¶¶9, 10. And, "In ECF No. 63, Mr. Charles further cited Johnson v. Turnbill, 715 Fed. Appx. 84 (2d Cir.2018), for a proposition that case does not support. Upon independent research, I confirmed that Johnson v. Turnbill is a Second Circuit summary order involving an excessive force claim based on the use of overtightened handcuffs on a pre-trial detainee — entirely unrelated to the legal arguments

---

[1] In yet another oddity, Mr. Blackburn argues that my citation to *Mpala* was improper because Ms. Nantongo "brought her motion under Rule 60(d), " and *Mpala* analyzes untimeliness under Rule 60(b)(3). However, as this Court has noted, Ms. Nantongo *did not* originally bring her motion under Rule 60(d)(3) until she filed a Supplemental Brief, months after I cited *Mpala*.

advanced in ECF No. 63." Blackburn Aff. ¶11. I did not cite or attribute United States v. Philley to the Second Circuit, nor did I cite Johnson v. Turnbill for any proposition, because neither of the two (2) cases appear anywhere in my documents. The illogical nature of Mr. Blackburn's submissions strongly suggests A.I. hallucinations are the cause of the errors.

In his memorandum to the Court, Mr. Blackburn acknowledges that he used "Westlaw's 'Analyze an Opponent's Work' citation verification tool" to verify case law citations. Pl. Mem. at 5. This admission makes it even more confounding that Mr. Blackburn claims to have spent "not less than ten hours" verifying citations. Further, Mr. Blackburn's use of A.I. does not relieve him of his ethical obligations to verify citations, especially considering his prior transgressions. See Park v. Kim, 91 F.4th 610, 616 (2d Cir. 2024)("if a lawyer chooses to employ technology in representing a client, the lawyer continues to be bound by Federal Rule of Civil Procedure 11.").

Submitting briefs replete with A.I. hallucinations and then falsely accusing opposing counsel of the same A.I. transgressions is not new for Mr. Blackburn. Just over two (2) months ago, Mr. Blackburn was referred to the Southern District's Committee on Grievances for similar misconduct. In Dixon v. Cartagena, U.S. Magistrate Judge Jennifer E. Willis issued a scathing opinion addressing Mr. Blackburn's conduct and his use of A.I.:

> Blackburn's repeated inclusion of fabricated quotes in his filings demonstrates a pattern of complete disregard for his ethical obligations to make accurate representations to the Court. He has been sanctioned repeatedly for his reliance on AI without verifying the quotations and citations before filing his submissions.

Dixon v. Cartagena, No. 25-cv-5144 (JLR)(JW), 2026 U.S. Dist. LEXIS 152716, at *10 (S.D.N.Y. July 10, 2026)(emphasis added). See also Jakes v. Youngblood, No. 24-cv-1608 (WS), 2025 U.S. Dist. LEXIS 160856, at *2-3 (W.D. Pa. June 25, 2025)("The Court thoroughly reviewed Jakes' response brief (ECF No. 45) and did not find any fabricated quotations or misrepresented case law. Only Youngblood, through attorney Blackburn, submitted a brief replete with non-existent quotations and repeated misrepresentations of actual case law. Even more outrageously, a review of Youngblood's reply brief [*3] demonstrates that it too includes fabricated quotes and misrepresents case law. In other words, when accused of a serious ethical violation, attorney Blackburn chose to double down. This is very troubling. The Court views Blackburn's conduct as a clear ethical violation of the highest order.").

One point of agreement that I share with Plaintiff is the gravity of submitting false and unverified material to a court of law, especially in a sworn affidavit. As Mr. Blackburn put it, "This motion arises from a pattern of conduct that strikes at the foundational integrity of the judicial process: the submission to this Court of fabricated legal citations…" Pl. Mem. at 4. Mr. Blackburn

further states, "The submission of fabricated citations to a federal court is not a technical irregularity. It is a breach of the duty of candor owed to this tribunal, an unreasonable multiplication of proceedings within the meaning of 28 U.S.C. § 1927, and an abuse of the judicial process that warrants the exercise of this Court's inherent sanctioning authority." Here, Mr. Blackburn aptly describes the gravity of his A.I. transgressions, and how the Court may approach the necessary sanctions against Plaintiff and Mr. Blackburn. Mr. Blackburn failed to make a reasonable inquiry into the accuracy of his filings to this Court and acted in bad faith by falsely asserting that amount of time expended for "independent research." See Park, 91 F.4th at 615-616 ("[Counsel's] brief presents a false statement of law to this Court, and it appears that [counsel] made no inquiry, much less the reasonable inquiry required by Rule 11 and long-standing precedent, into the validity of the arguments she presented. We therefore REFER [counsel] to the Court's Grievance Panel…".

Mr. Blackburn may not argue that he was not forewarned of sanctions for frivolous filings. In this action, the Court previously warned the parties to adhere to our ethical obligations as counsel, or face sanctions with the Court. "All representations to the Court must be supported by sufficient factual and legal contentions in compliance with Fed. R. Civ. P. 11 and otherwise comply with all applicable rules governing submissions to the Court and attorney conduct. Failure to comply may result in sanctions." See Order, dated Feb. 18, 2026. Despite this Court's warning, Mr. Blackburn still chose to engage in sanctionable misconduct.

I respectfully request that the Court impose proper sanctions against Mr. Blackburn for his bad faith filings to this Court and refer him to the Eastern District of New York Committee on Grievances for further investigation. Finally, I respectfully request, in advance, that this Court strike any further unauthorized replies from Mr. Blackburn, as he has already willfully ignored prior Court orders not to submit further replies.

Thank you for your consideration of this matter.

Respectfully submitted,

CHARLES LAW, P.C.

Fred V. Charles, Esq.
244 Fifth Ave., Suite #2717
New York, New York 10001-7604
Phone: (646) 494-2662
Fax: (800) 757-9630
Email: fcharles@charleslawpc.com

Fred V. Charles, Esq.