UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVIA NANTONGO, on behalf of herself and all others similarly situated, Plaintiff, -against- NATIONWIDE MORTGAGE BANKERS INC., Defendant. | **ORDER** 22 Civ. 4974 (OEM) (VMS) |

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Plaintiff Olivia Nantongo's ("Plaintiff") motion for sanctions against her former attorney, Fred Charles ("Attorney Charles"). See ECF No. 67. Plaintiff, through attorney Tyrone Blackburn ("Attorney Blackburn"), seeks sanctions against Attorney Charles for using two allegedly fabricated citations in his filings at ECF Nos. 54 and 63. Id. Plaintiff makes this sanction motion pursuant to the Court's inherent authority, 28 U.S.C. § 1927 ("Section 1927"), and Federal Rule of Civil Procedure ("Rule") 11. See ECF No. 67. For the reasons stated below, Plaintiff's motion is denied as entirely lacking in merit.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural histories of this action and recounts below only what is essential to assessment of the instant motion.

### A. District Court Proceedings

On August 23, 2022, Plaintiff, through Attorney Charles, commenced this putative collective action against Defendant alleging wage-and-hour violations under the Federal Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law § 190 et seq. ("NYLL"). See ECF No. 1. On September 19, 2022, Defendant answered the complaint. See

ECF No. 11. On January 9, 2023, Attorney Blackburn filed a notice of appearance in this action on behalf of Plaintiff. See ECF No. 12. The case thereafter proceeded to discovery and resulted in a Rule 68 offer of judgment, which Plaintiff accepted on December 6, 2024. See ECF No. 42. On December 9, 2024, the Clerk of Court entered judgment against Defendant and in favor of Plaintiff for $20,000.00. See ECF No. 44. This closed the case. On December 17, 2024, Plaintiff, by a filing on the Court docket through Attorney Charles, acknowledged full satisfaction of the judgment. See ECF No. 46.

On January 22, 2026, more than one year after the Clerk's entry of judgment, Plaintiff, through Attorney Blackburn, filed a motion seeking to vacate the judgment. See ECF No. 48. On February 7, 2026, and April 17, 2026, Attorney Charles filed responses in opposition to Plaintiff's motion to vacate. See ECF Nos. 54 & 63. The undersigned issued a report and recommendation ("R&R"), which recommended denying Plaintiff's motion in full. See ECF No. 69. Plaintiff timely objected to the R&R. See ECF No. 70. On September 16, 2026, the District Court overruled Plaintiff's objections and adopted the R&R in full. See ECF No. 73.

**B. Sanctions Motion**

Plaintiff, by and through Attorney Blackburn, now moves for monetary sanctions against Attorney Charles pursuant to the Court's inherent authority, Section 1927, and Rule 11. See ECF No. 67. Plaintiff alleges that Attorney Charles relied on "fabricated or materially misattributed citations" in his oppositions to the motion to vacate judgment, which were filed at ECF Nos. 54 and 63. See ECF No. 67-1 at 1-2. Plaintiff seeks monetary sanctions "in an amount sufficient to deter future misconduct and to compensate Plaintiff for the reasonable attorney's fees and costs incurred in identifying and responding to the fabricated and misattributed citations." ECF No. 67 at 1. Plaintiff requests the following additional relief: (1)

striking all arguments in ECF Nos. 54 and 63 that are supported exclusively by fabricated legal authority; (2) directing Attorney Charles to file a sworn declaration regarding his AI usage; (3) directing Attorney Charles to certify that all legal citations have been independently verified in all future filings for two years; and (4) referring this matter to the Grievance Committee for investigation of Attorney Charles's conduct. Id. at 1-2.

Plaintiff alleges Attorney Charles's first fabrication was a citation to "Mpala v. Segarra, 715 Fed. Appx. 84, 85 (2d Cir. 2018)" in his opposition submitted at ECF No. 54.[1] See ECF No. 67-2 at 5. Plaintiff acknowledges a genuine Mpala decision is reported at "718 F. App'x 84." Id. Plaintiff argues the Mpala decision does not support Attorney Charles's argument because it "addressed a Rule 60(b)(1) motion based on an alleged miscommunication between the plaintiff and his prior attorney—not a Rule 60(d)(3) fraud on the court claim." Id. Plaintiff alleges Attorney Charles's second fabrication was a citation to "Linkco Inc., v. Naoyuki Akikusa, 357 Fed Appx. 180, 181 (2d Cir. 2010)" in his opposition submitted at ECF No. 63.[2] Id. at 6. Plaintiff acknowledges a genuine LinkCo decision is reported at "367 F. App'x 180." Id. Plaintiff argues that the three-part test that Attorney Charles attributed to LinkCo applies to a Rule 60(d)(1) independent action, rather than a Rule 60(d)(3) fraud-on-the-court claim. Id. at 6-7. Plaintiff contends the Court should find bad faith because Attorney Charles used "two separate fabricated citations across two independent submissions filed ten weeks apart, each citing a real reporter location belonging to an unrelated decision, and each assigning to that

[1] The case reported at 715 F. App'x 84 is Johnson v. Turnbill, 715 F. App'x 84 (2d Cir. 2018). This summary order involves a pre-trial detainee at Riker's Island's excessive force claims brought pursuant 42 U.S.C. § 1983. Id.

[2] The case reported at 357 F. App'x 180 is United States v. Philley, 357 F. App'x 179 (10th Cir. 2009). This decision by the Tenth Circuit addressed the sentencing of a defendant who pled guilty to possession of an unregistered firearm. Id.

location a legal proposition that the actual decision does not contain." Id. at 10. In an accompanying affidavit, Attorney Blackburn says he expended at least ten hours "investigating and responding to the fabricated and misattributed citations in ECF Nos. 54 and 63," for a total of $7,500 in fees and costs "attributable solely to addressing Mr. Charles's misconduct." See ECF No. 68 at 2.

Attorney Charles opposes the sanctions motion and argues that it is a "frivolous and bizarre filing" and evidence of "Plaintiff's ongoing fictional claims." See ECF No. 74 at 1. Attorney Charles maintains that the cases were not fabricated, counsel merely made typographical errors: "At Dkt. No. 54, I inadvertently used '715' instead of '718' as the case reporter, and at Dkt. No. 63, I used '357' instead of '367.' These are two (2) admitted typographical errors that do not amount to fabrication of cited case law." Id. at 2. Attorney Charles emphasizes that Attorney Blackburn acknowledged using Westlaw's "Analyze an Opponent's Work" citation verification tool but simultaneously purports to have spent "not less than ten hours" verifying citations. Id. at 3. Counsel draws attention to Attorney Blackburn's own history of "[s]ubmitting briefs replete with A.I. hallucinations and then falsely accusing opposing counsel of the same A.I. transgressions." Id. Attorney Charles contends that Mr. Blackburn "failed to make a reasonable inquiry into the accuracy of [Attorney Charles's] filings and acted in bad faith by falsely asserting that amount of time expended for 'independent research.'" Id. at 4 (citing Park v. Kim, 91 F. 4th 610, 615-16 (2d Cir. 2024)). Based on the foregoing, Attorney Charles asks the Court to impose sanctions against Attorney Blackburn for his bad-faith filings and to refer him to the Eastern District of New York Committee on Grievances for further investigation. Id.

## II. LEGAL STANDARDS

Prior to imposing sanctions, "due process requires that the party to be sanctioned . . . receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges." Rothman v. Complete Packing & Shipping Supplies, Inc., No. 22 Civ. 2821 (OEM) (ST), 2024 WL 4350433, at *3 (E.D.N.Y. Sep't 30, 2024) (internal quotations & citations omitted) (collecting cases). Plaintiff seeks sanctions pursuant to the Court's inherent authority, Section 1927, and Rule 11.

### A. The Court's Inherent Authority And Section 1927

"A federal court may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Rossbach v. Montefiore Med. Ctr., 81 F.4th 124, 141 (2d Cir 2023) (citation & quotation marks omitted). Section 1927 states that an attorney "who so multiplies the proceedings unreasonably and vexatiously may be required by the court" to pay fees and costs "reasonably incurred because of such conduct." See 28 U.S.C. § 1927. To impose sanctions under either framework, the Court must find that clear evidence proves that the conduct complained of (1) was entirely without color and (2) was motivated by improper purposes. See Huebner v. Midland Credit Mgmt., Ind., 897 F.3d 42, 55 (2d Cir. 2018); Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009) (stating that "inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes," where the former is conduct that "lacks any legal or factual basis"; the latter "requires

a specific finding that an attorney acted in bad faith"; and where both "must be supported by a high degree of specificity in the factual findings" (citations omitted)).

An attorneys' fees sanction "must always be supported by a finding of bad faith." Rossbach, 81 F.4th at 143. Bad faith can be found pursuant to either a court's inherent power or Section 1927 "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose[.]" Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)) (emphasis in original). "Because the standards for imposing [Section] 1927 and inherent authority sanctions are the same, the Court evaluates them together." Jones v. Combs, 759 F. Supp. 3d 534, 540 (S.D.N.Y. 2024).

**B. Rule 11**

Rule 11(b) provides that an attorney who "present[s] to the court a pleading, written motion, or other paper . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Rule further provides that an attorney certifies "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A pleading "violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." Manhattan Enter. Grp., LLC v. Higgins, No. 18 Civ. 6396 (VSB), 2019 WL 4601524, at *2 (S.D.N.Y. Sep't 22, 2019) (quotations & citation omitted), aff'd, 816 F. App'x 512 (2d Cir. 2020). When a court "determines that Rule 11(b) has been violated," it may, "impose an

appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed R. Civ. P. 11(c)(1). Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "Rule 11 sanctions should be granted with caution and applied only when 'a particular allegation is utterly lacking in support.'" Higgins, 2019 WL 4601524, at *2 (quoting In re Highgates Equities, Ltd., 279 F.3d 148, 154 (2d Cir. 2002)).

## III. DISCUSSION

Applying the legal principles outlined above, the Court finds sanctions are not warranted. Attorney Charles acknowledges two typographical errors in his filings at ECF Nos. 54 and 63: (1) using "715" instead of "718" as the case reporter when citing Mpala v. Segarra, 718 F. App'x 84 (2d Cir. 2018); and (2) using "357" instead of "367" when citing LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180 (2d Cir. 2010). See ECF No. 74 at 2. The Court accepts Attorney Charles's explanation that he made two inadvertent mistakes when entering the case reporter information for the Mpala and LinkCo cases. The two typographical errors did not prevent the Court from easily locating the genuine Mpala and LinkCo[3] cases. These cases—and the inadvertently cited Johnson and Philley cases—did not affect this Court's consideration of Plaintiff's motion to vacate judgment. Moreover, there is no evidence that Attorney Charles attempted to make up cases for the purpose of deceiving opposing counsel or the Court. See

[3] Although Attorney Charles misstated the reporter number of the LinkCo case in his argument section, he correctly cited the case in his "Table of Authorities." Compare ECF No. 63 at 3, with ECF No. 63 at 9.

Fabricate, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/fabricate (last visited Sep't 25, 2026) (defining "fabricate" as "to make up for the purpose of deception").

As to sanctions sought pursuant to Section 1927 and the Court's inherent authority, Plaintiff fails to show that Attorney Charles's conduct "was entirely without color" or "motivated by improper purposes." Huebner, 897 F.3d at 55. "Conduct is entirely without color when it lacks any legal or factual basis." Wolters Kluwe, 564 F.3d at 114. Attorney Charles's conduct—incorrectly citing two cases—does not meet this high standard. Plaintiff also fails to show that Attorney Charles's incorrect case citations were made for improper purposes or that he acted in "bad faith," a prerequisite for an attorneys' fee sanction under either framework. Rossbach, 81 F.4th at 143. As bad faith has not been found or established, the Court may not impose sanctions. See Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985).

Plaintiff's arguments for sanctions pursuant to Rule 11 likewise fail. Plaintiff argues that Attorney Charles failed to meet his obligations under Rule 11 because he included two "hallucinated citations that carry the superficial appearance of properly formatted legal authority but, upon verification, resolve to unrelated decisions from other circuits addressing wholly different areas of law." See ECF No. 67-2 at 9. The Court accepts Attorney Charles's representation that "I do not use A.I. to draft submissions to court," although AI usage alone would not violate Rule 11. See ECF No. 74 at 1. Although it is true that the incorrectly cited cases, Johnson and Philley, involve unrelated areas of law, the Court easily located the genuine Mpala and LinkCo cases. In any event, it did not rely on any of these four cases when deciding Plaintiff's motion to vacate judgment. Plaintiff fails to show that Attorney Charles made any arguments that were "frivolous, legally unreasonable, or factually without foundation." Higgins,

2019 WL 4601524, at *2. Rule 11 sanctions are to be "granted with caution and applied 'only when a particular allegation is utterly lacking in support.'" Id. (quoting In re Highgates Equities, Ltd., 279 at 154). No such circumstances exist here.

In conclusion, there is no good faith basis that Court can discern for this sanctions motion. Two exceedingly minor typographical errors do not justify this motion.

As to the argument that citations to Rule 60(b)(1) were not relevant, see ECF No. 67-2 at 5, this, too, lacks merit. The overall structure of Rule 60 was relevant to Plaintiff's motion to vacate judgment, and in fact, Plaintiff relied on Rule 60(b)(3) throughout her submissions. See, e.g., ECF Nos. 48, 61, 65. In addition, the fundamental point of Mpala could reasonably be viewed as instructive because Plaintiff's motion relied on claims of a lack of communication between her and Attorney Charles. As to arguments about the relevance of the three-part LinkCo test, see ECF No. 67-2 at 6-7, as a general overview of a Rule 60 test, it was not irrelevant to the motion at hand. In sum, an attorney's disagreement with the reasonable legal arguments made by another attorney does not give rise to any basis upon which to award sanctions.

The Court notes that Attorney Blackburn has been admonished in multiple jurisdictions for the very conduct of which he now accuses Attorney Charles. See, e.g., Dixon v. Cartagena, No. 25 Civ. 3552 (JLR) (JW), 2026 WL 1998599, at *2 (S.D.N.Y. July 10, 2026) (noting Attorney Blackburn "made baseless accusations against [opposing counsel] in attempt to deflect attention from himself"); Gardner v. Combs, 24 Civ. 7729 (LMG), 2025 WL 3632704, at *3 (D.N.J Dec. 15, 2025) (sanctioning Attorney Blackburn for citing to nonexistent cases created by AI hallucinations and failing to comply with court orders to provide information about the citation to the court); Jakes v. Youngblood, 24 Civ. 1608 (WSS), 2025 WL 2371007, at *1 (W.D. Pa. June 26, 2025) (sanctioning Attorney Blackburn for submitting briefs with "wholly

fabricated quotations" and misrepresentations of caselaw); Jones v. Combs, No. 24 Civ. 1457 (JPO), 2025 WL 896829, at *4 (S.D.N.Y. Mar. 24, 2025) (characterizing filings by Attorney Blackburn as "replete with inaccurate statements of law, conclusory accusations, and inappropriate ad hominem attacks on opposing counsel"). Attorney Blackburn's history of including inaccuracies and AI hallucinations in his own briefs, as well as making unfounded accusations against opposing counsel, demonstrates a pattern of disregard for his ethical and professional obligations. In bringing the instant motion, Attorney Blackburn doubles down on this behavior and burdens the Court with a borderline frivolous motion.

Although the Court is critical of Attorney Blackburn's conduct, the Court declines Attorney Charles's request to sanction Attorney Blackburn and refer him to the Committee on Grievances. See ECF No. 74 at 4. The sanctions request is insufficiently detailed to meet the standards for sanctions noted above. See supra Section II. In order to award sanctions, another round of notice and briefing would be required, which would expend Attorney Charles's and the Court's resources unnecessarily. Particularly because this is a closed case, the Court does not view this requested relief as productive.

Nonetheless, Attorney Blackburn is on notice that continuing and repeating this behavior in any other cases will likely result in the imposition of sanctions and referral to discipline. Given the pendency of another case involving the same attorneys, Attorney Blackburn is urged to proceed cautiously with regard to any allegations of improper conduct and as to any substantive submissions made to the Court. Attorney Blackburn is also reminded that counsel is expected to refrain from personal attacks on counsel or the parties in the representation of their clients. Counsel have a duty to abide by the Federal Rules and New York State Rules of Professional Conduct. The Court will not hesitate to enforce these obligations.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions is denied as being without merit.

Dated: Brooklyn, New York
September 30, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge